IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SANOFI PASTEUR INC., <br><br> Defendant. | CIVIL ACTION NO. 11-cv-07178-JLL <br><br> CLASS ACTION |

**[PROPOSED] PRETRIAL ORDER NO. 1 REGARDING
CONSOLIDATION AND CASE MANAGEMENT**

WHEREAS, Plaintiff Adriana M. Castro, MD., P.A., has filed a Complaint (the "Complaint") in the above-referenced action for alleged violations of the antitrust laws involving sales by Defendant Sanofi Pasteur, Inc. ("Defendant") of children's vaccines, pursuant to Sections 1 & 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2;

WHEREAS, Plaintiff seeks to proceed on behalf of proposed class of direct purchasers of the meningococcal vaccine Defendant sells under the brand name Menactra, from Defendant or its wholly owned subsidiary VaxServe, Inc.;

WHEREAS, this Order only applies to cases filed in or transferred to this Court, and nothing herein shall be construed as consent by a party to such filing or such transfer or as a waiver of party's right to request transfer of this or any other case; and

WHEREAS, both parties agree to the terms of this Order;

NOW, THEREFORE, THE COURT ORDERS:

## I. CONSOLIDATION OF LATER-FILED CASES

1. This Order shall govern and control the procedure for this litigation and any "tag along" class action cases which assert or purport to assert class action claims arising from or relating to the operative facts and allegations contained in the Complaint that are subsequently filed in or transferred to this Court. All such actions will be consolidated for all purposes until further order, pursuant to Fed. R. Civ. R. 42(a).

2. Plaintiff shall have until January 13, 2012 to file an Amended Complaint.

3. Defendant shall have until February 27, 2012 – 45 days after the date of filing of the Amended Complaint, if filed – to answer or otherwise file a responsive pleading to the Complaint or, if filed, to the Amended Complaint. Notwithstanding the above, if Defendant chooses, or is required, to respond to any other complaint filed by a direct purchaser, raising an

antitrust claim relating to Menactra, prior to the date of response in the above-captioned action, Defendant shall respond to the operative complaint in this case first.

4. The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which he, she or it has not been properly named, served, or joined, in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein, and Defendant's consent thereto, shall not constitute a waiver by any party of any claims in or defenses to any of the actions, including defenses based on personal jurisdiction.

5. When an action which properly belongs as part of the litigation is hereinafter filed in this Court or transferred to this Court, Plaintiff's Co-Lead Counsel (as defined in paragraph II.1 of this Order) shall serve a filed-endorsed copy of this Order upon attorneys for plaintiff(s) in the newly-filed or transferred cases, and file such notice and proof of service with this Court. Objections to consolidation or application of the other terms of this Order to such cases shall be promptly filed, with a copy served on counsel for Plaintiff.

## II.   ORGANIZATION OF COUNSEL

1. The Court designates the following to act as Co-Lead Counsel on behalf of Plaintiff and the proposed class in this case, with the responsibilities hereinafter described:

> **GRANT & EISENHOFER, P.A**
> Jay Eisenhofer
> Linda P. Nussbaum
> John D. Radice
> 485 Lexington Avenue
> New York, NY 10017
> Tel: (646) 722-8504
> Fax: (646) 722-8501
>
> **BERGER & MONTAGUE, P.C.**
> Eric L. Cramer
> David F. Sorensen

3

Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

2. Co-Lead Counsel, working together in a coordinated fashion, shall have sole authority over the following matters on behalf of Plaintiff and the proposed class in this case: (a) convening meetings of plaintiff's counsel; (b) initiation, response, scheduling, briefing, and argument of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) making such work assignments among themselves and other counsel as they may deem appropriate; (e) collecting time and expense reports from all plaintiff's counsel on a periodic basis; (f) the retention of experts; (g) designation of which attorneys shall appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations with defendant; (i) the allocation of fees, if any are awarded by the Court; and (j) other matters concerning the prosecution of the case.

3. The Court designates the following to act as Liaison Counsel on behalf of Plaintiff and the proposed class in this case, with the responsibilities hereinafter described:

**Cohn Lifland Pearlman Herrmann & Knopf LLP**
Peter S. Pearlman
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Tel: 201-845-9600
Fax: 201-845-9423

4. Liaison counsel shall assist Co-Lead Counsel with local practice and procedures, shall be available for appearances before the Court, and shall coordinate communications between Co-Lead Counsel and the Court.

5. No motion shall be initiated or filed on behalf of any Plaintiff except through Co-Lead Counsel or their designees.

6. Time Records: All counsel for Plaintiff or the proposed class shall keep contemporaneous time records and shall periodically submit summaries or other records and expenses to Co-Lead Counsel or their designees.

**SO ORDERED this** \_\_\_\_ **day of** \_\_\_\_\_, 201\_\_:

_____
**UNITED STATES DISTRICT JUDGE**