COHN LIFLAND PEARLMAN
   HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  (201) 845-9600
Facsimile:  (201) 845-9423

*Attorneys for Plaintiff*

[Additional Counsel on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADRIANA M. CASTRO, M.D., P.A.,** on behalf of itself and all others similarly situated, | **CIVIL ACTION NO. 11-cv-07178-JLL** |
| **Plaintiff,** | **CLASS ACTION** |
| v. | |
| **SANOFI PASTEUR INC.,** | **Motion Date: February 6, 2012** |
| **Defendant.** | |

## DIRECT PURCHASER CLASS PLAINTIFF'S
## MEMORANDUM OF LAW SUPPORTING MOTION
## FOR ENTRY OF PROPOSED PRETRIAL ORDER NO. 1

## TABLE OF CONTENTS

                                                                                    Page

**I.**        **Introduction:  Procedural History**………………………………………………...1

**II.**       **Pretrial Order No. 1**………………………………………………………………..2

# TABLE OF AUTHORITIES

Page

*In re Chocolate Confectionary Antitrust Litigation,*
No. 1:08-md-1935 (CCC) (M.D.Pa.)...............................................................4

*CVS Pharmacy v. American Express Travel Related Services, et al.,*
No. 08-cv-2316 (NGG) (E.D.N.Y.).................................................................4

*In re DDAVP Direct Purchaser Antitrust Litigation,*
No. 1:05-cv-2237 (S.D.N.Y.) ........................................................................3

*Meijer, Inc., et al. v. Abbott Laboratories,*
No. 3:07-cv-5985 (CW) (N.D. Cal.)...............................................................4

*Meijer, Inc., et al. v. Astrazeneca Pharmaceuticals Lp, et al.,*
No. 06-cv-52 (GMS) (D. Del)........................................................................3

*In re Metoprolol Succinate Direct Purchaser Antitrust Litig.,*
No. 06-52 (D. Del.)........................................................................................6

*In re Neurontin Marketing and Sales Practices Litigation,*
Master File No. 04-10981 (PBS) (D. Mass.)...................................................4

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,*
No. 1:05-md-1720 (JG) (JO) (E.D.N.Y.).......................................................4

*In re: Photochromic Lens Antitrust Litigation,*
No. 8:10-md-02173-JDW-EAJ (M.D. Fla.)....................................................3

*In re Puerto Rican Cabotage Antitrust Litigation,*
No. 08-md-1960 (DRD) (D.P.R.)...................................................................3

*Rochester Drug Co-Operative, Inc., et al. v. Braintree Laboratories, Inc.,*
No. 07-cv-142-SLR (D. Del.)........................................................................3

*In re Wellbutrin XL Antitrust Litig.,*
No. 08-2431 (E.D. Pa.)..................................................................................6

# RULES

Fed. R. Civ. P. 23......................................................................................5

Fed. R. Civ. P. 23(g)...............................................................................1, 2

Fed. R. Civ. P. 23(g)(B)……………………………………………………………………...5

Fed. R. Civ. P. 23(g)(C) …………………………………………………………………..2

### **OTHER AUTHORITIES**

*Manual on Complex Litigation (Fourth)*……………………………………………………*passim*

Plaintiff Adriana M. Castro, M.D., P.A, respectfully moves for entry of the proposed Pretrial Order No. 1 pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and the *Manual on Complex Litigation (Fourth),* and for the reasons set forth herein.

Counsel for Plaintiff has met and conferred with counsel for Defendant Sanofi Pasteur Inc. ("Sanofi" or "Defendant"). Without adopting any of the statements herein (including, but not limited to, any statements concerning the merits of the allegations), or waiving any right to object to or otherwise challenge such statements in connection with any motion to dismiss, class certification, summary judgment or any other motion or proceeding, counsel for Defendant consents to the entry of proposed Pretrial Order No. 1. *See* Declaration of John D. Radice in Support of Motion for Proposed Pretrial Order No. 1 ("Radice Declaration") at ¶ 2.

## I.    <u>Introduction:  Procedural History</u>

On December 9, 2011, Plaintiff filed an antitrust Complaint on behalf of itself and a proposed class of direct purchasers of the pediatric meningococcal vaccine Menactra from Sanofi. The Complaint challenges under the antitrust laws an allegedly anticompetitive scheme by Sanofi to enhance and maintain Sanofi's monopoly power in the U.S. market for meningococcal vaccines in violation of United States antitrust laws. The Complaint alleges that Sanofi has maintained its dominance in the market for meningococcal vaccines (like Menactra) through an anticompetitive and exclusionary scheme involving a web of anticompetitive contracts with multiple physician buying groups across the United States. The Complaint alleges further that those contracts were designed to impair, and have in fact impaired, Sanofi's domestic vaccine competition and have impeded the ability of physicians and hospitals to buy vaccines from Sanofi's competitors because these contracts require purchasers to incur substantial price penalties if they buy even small quantities of any pediatric vaccines from Sanofi's competitors.

Plaintiff alleges that through this scheme Sanofi unlawfully monopolized the market for meningococcal vaccines in the United States through anticompetitive agreements in violation of Sections 1 & 2 of the Sherman Act. 15 U.S.C. §§ 1 & 2. The Complaint seeks treble damages on behalf of a proposed class of direct purchasers of Menactra from Sanofi, who were allegedly overcharged due to Sanofi's unlawful conduct.

## II.    Pretrial Order No. 1

Pursuant to the Federal Rule of Civil Procedure 23(g) and the *Manual on Complex Litigation (Fourth)* (the "*Manual*") proposed Pretrial Order No. 1 provides for the coordination of any related later-filed direct purchaser class actions and the establishment of an organizational structure of Plaintiffs' counsel. By establishing a method by which to deal with related actions and designating a certain and efficient organization of Plaintiff's counsel, entry of this Order will facilitate the orderly advancement of the litigation and result in a substantial time savings for the parties and the Court. Pretrial Order No. 1 thus comports with the *Manual's* recommendations for the management of complex litigation. *See Manual* §§ 10.123, 10.22, 10.221.

Pretrial Order No. 1 also complies with the criteria for appointment of Interim Class Counsel set out in Federal Rule of Civil Procedure 23(g). The firms designated as Co-Lead Counsel in proposed Pretrial Order No. 1 – Grant & Eisenhofer, P.A. ("G&E") and Berger & Montague, P.C. ("B&M") - satisfy the applicable criteria for serving as interim Class Counsel.[1] Proposed interim Co-Lead Counsel have worked to identify and investigate the potential claims; are experienced in handling class action, complex, and antitrust litigation; possess in-depth

---

[1] Information about these firms, and their experience in class action antitrust litigation, is available in the G&E and B&M firm resumes attached as Exhibits 1 and 2 to the Radice Declaration. Further information is available on the firms' websites: www.gelaw.com and www.bergermontague.com.

knowledge of the applicable law; and have adequate resources to commit to representing the proposed class. *See* Fed. R. Civ. P. 23(g)(C).

G&E and B&M are two of the preeminent antitrust class action firms in the United States, with experience and success working in a wide range of complex antitrust. Attorneys at G&E and B&M have decades of experience litigating some of the nation's most complicated antitrust cases and recovering billions of dollars in damages for class members.

G&E is a powerhouse national litigation boutique with more than seventy attorneys. G&E concentrates on antitrust, financial fraud and corporate governance, and other complex class and commercial actions. G&E's substantial expertise in pharmaceutical antitrust and bundling cases is uniquely suited for this case. The firm was named to the National Law Journal's Plaintiffs' Hot List nearly every year since the List's inception and, in 2008, the Firm was named to the National Law Journal's Plaintiffs' Hall of Fame. G&E is also listed as one of America's Leading Business Lawyers by Chambers and Partners.

In the last five years alone, G&E has recovered over $12 billion dollars for its clients. G&E has been lead counsel in some of the largest class action recoveries in U.S. history, including: $3.2 billion settlement from Tyco International Ltd.; $895 million from United Healthcare; $450 million Pan-European settlement from Royal Dutch Shell; $448 million settlement from Global Crossing Ltd.; $420 million from Digex; $400 million recovery from Marsh & McLennan; and $400 million from Refco. In 2008 and 2009, RiskMetrics Group recognized G&E for winning the highest average investor recovery in securities class actions.

G&E currently is lead counsel in numerous direct purchaser antitrust class actions, including *In re: Photochromic Lens Antitrust Litigation*, No. 8:10-md-02173-JDW-EAJ (M.D. Fla.); *In re Puerto Rican Cabotage Antitrust Litigation*, No. 08-md-1960 (DRD) (D.P.R.);

3

*Rochester Drug Co-Operative, Inc., et al. v. Braintree Laboratories, Inc.*, No. 07-cv-142-SLR (D. Del.); *Meijer, Inc., et al. v. Astrazeneca Pharmaceuticals Lp, et al.*, No. 06-cv-52 (GMS) (D. Del), *In re DDAVP Direct Purchaser Antitrust Litigation*, No. 1:05-cv-2237 (S.D.N.Y.), as well as in the recently-concluded antitrust bundling case *Norvir Antitrust Litigation* in which the class secured a settlement of $52 million three days into trial while coordinated plaintiffs continued to try the case and received a defense verdict on the antitrust claims, *see Meijer, Inc., et al. v. Abbott Laboratories*, No. 3:07-cv-5985 (CW) (N.D. Cal.).  G&E also represents large corporate entities in individual direct purchaser antitrust actions in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (JG) (JO) (E.D.N.Y.); *In re Chocolate Confectionary Antitrust Litigation*, No. 1:08-md-1935 (CCC) (M.D.Pa.); and *CVS Pharmacy v. American Express Travel Related Services, et al.*, No. 08-cv-2316 (NGG) (E.D.N.Y.).

The G&E attorneys primarily responsible for this litigation will be Linda P. Nussbaum and John D. Radice.  Ms. Nussbaum has served as sole or co-lead counsel in many significant antitrust class actions which have resulted in substantial recoveries, many in the realm of hundreds of millions of dollars.[2]  Ms. Nussbaum was recently named Litigator of the Week by the AmLaw Litigation Daily for her role in the landmark trial in which her client, Kaiser Foundation Health Plan, successfully demonstrated that Pfizer's fraudulent marketing of

---

[2] *See, e.g., In re Microcrystalline Cellulose Antitrust Litig.*, No. 01-CV-111 (E.D. Pa.) (co-lead counsel); *Oncology & Radiation Associates, P.A. v. Bristol Myers Squibb Co., et al.*, No. 01-cv-02313 (D.D.C.) (sole lead counsel); *North Shore Hematology-Oncology Associates, P.C. v. Bristol-Meyers Squibb Co.*, No. 04-cv-00248 (D.D.C.) (sole lead counsel); *In re Children's Ibuprofen Oral Suspension Antitrust Litig.*, No. 04-mc-0535 (D.D.C.) (sole lead counsel); *In re Relafen Antitrust Litig.*, No. 01-cv-12239 (D. Mass.) (co-lead counsel); *In re Plastics Additives Antitrust Litig.*, No. 03-cv-2038 (E.D. Pa.) (co-lead counsel); *In re Remeron Antitrust Litig.*, No. 03-cv-00085 (D.N.J.) (co-lead counsel); *Meijer, et al. v. Warner Chilcott Holdings Company, III, Ltd., et al.*, No. 05-cv-2195 (CKK) (D.D.C.) (lead counsel committee); and *In re Lorazepam & Clorazepate Antitrust Litig.*, No. 99-cv-00276 (D.D.C.) (co-lead counsel), where Chief Judge Hogan commented, "Obviously, the skill of the attorneys, and I'm not going to spend the time reviewing it, I'm familiar with counsel, and they, as I said, are among the best antitrust litigators in the country."

Neurontin caused it to suffer injury totaling $142 million, post-trebling.  Following that five-week trial, District Judge Patti Saris commented that "[this was] a fabulous trial[.] . . . [I]t's the kind of thing that you become a judge to sit on." *See In re Neurontin Marketing and Sales Practices Litigation*, Master File No. 04-10981 (PBS) (D. Mass.).  Ms. Nussbaum is a member of the Advisory Board of the American Antitrust Institute and frequently lectures about various aspects of antitrust law.  Ms. Nussbaum has authored numerous articles, alone and together with Mr. Radice, including "The Evolving Challenges of Class Certification" presented at the American Antitrust Institute's Third Annual Symposium on Private Antitrust Enforcement on December 8, 2009; "Daubert 15 Years Later: How Have Economists Fared?" presented at the ABA Section of Antitrust Law Spring Meeting in March 2009; and "Where Do We go Now? The Hatch-Waxman Act 25 Years Later: Successes, Failures and Prescriptions for the Future," published in the Rutgers Law Journal.  Mr. Radice, a former clerk at the Fifth Circuit Court of Appeals who has been selected for inclusion in Super Lawyers–Rising Stars Edition 2011, has litigated numerous complex antitrust class actions and has particular expertise with the economic analyses key to such cases.

B&M has practiced complex and class action litigation from its Center City Philadelphia office for over 40 years.  Since its founding in 1970, Berger & Montague has litigated many of the most significant civil antitrust cases alleging price fixing and monopoly abuse, including, for example, *Bogosian v. Gulf Oil Corp.*, *In re Corrugated Container Antitrust Litigation*, *In re Currency Conversion Fee Antitrust Litigation*, and *In re Infant Formula Antitrust Litigation*. Over the past decade, Berger & Montague has also played a principal role in obtaining over $1 billion dollars in settlements from drug companies alleged to have impeded the entry of

generics and artificially inflated drug prices.   Berger & Montague is routinely appointed by federal courts to serve in leadership roles in complex antitrust class action cases.

For example, Berger & Montague has been appointed by federal courts as lead or co-lead counsel in some of the most significant and complex antitrust cases currently pending or recently settled on behalf of businesses and consumers, including:

- *In re Payment Card & Merchant Discount Litigation* (alleging that merchants have been overcharged billions of dollars per year by Visa and MasterCard due to their anticompetitive conduct);

- *Ross v. Bank of America* (alleging that the largest credit card-issuing banks conspired to implement and impose arbitration clauses and thereby block access to the courts to consumers in cardholder agreements);

- *Meijer, Inc. v. Abbott Labs.* (recently settled class action for $52 million, after 4 days of trial, that had alleged that Abbott Labs. engaged in monopoly bundling to impair its rivals and enable it to earn hundreds of millions in ill-gotten profits on HIV drugs Norvir and Kaletra);

- *In re Wellbutrin XL Antitrust Litig.*, No. 08-2431 (E.D. Pa.) (representing a proposed class of direct purchasers of GlaxoSmithKline's Wellbutrin XL alleging sham patent infringement litigation under § 2 of the Sherman Act);

- *In re Metoprolol Succinate Direct Purchaser Antitrust Litig.*, No. 06-52 (D. Del.) (recently settled class action for $20 million that had alleged exclusionary conduct toward less expensive generic versions to defendants' drug Toprol)

The firm and its lawyers (including shareholders Eric L. Cramer and David F. Sorensen) are regularly recognized by Chambers & Partners, The Legal 500, Martindale-Hubbell, America's Best Lawyers, Lawdragon.com, and The National Law Journal for outstanding work in antitrust litigation. Chambers & Partners has noted with reference to the antitrust practice that the firm is "the top choice for plaintiff antitrust representation, particularly in complex class actions" and that it "stand[s] out by virtue of its first-class trial skills." Indeed, for seven straight years, Berger & Montague has been selected by Chambers and Partners' USA's *America's*

*Leading Lawyers for Business* (*available at* www.chambersandpartners.com) as one of Pennsylvania's top antitrust firms. Chambers USA has noted that Berger & Montague "specializes in plaintiffs' antitrust class actions, and is noted for its exceptional work in pharmaceutical and financial disputes." Furthermore, Chambers USA quotes Berger and Montague's clients as saying that "the lawyers are superb at preparing briefs and arguments, and they command the respect of the courts because they are always so well prepared." Furthermore, the *National Law Journal* has selected Berger & Montague in eight out of the last nine years (2003-05, 2007-11) to its "Hot List" of top plaintiffs' oriented litigation firms in the United States with a history of high achievement and significant, groundbreaking cases. Normally 15 or fewer firms are chosen for this honor.

Eric L. Cramer has repeatedly been selected by Chambers USA *America's Leading Lawyers for Business* as one of Pennsylvania's top antitrust lawyers; has been deemed a "Super Lawyer" by Philadelphia Magazine; was highlighted in 2011 as one of the top lawyers in the country by *the Legal 500* in the field of complex antitrust litigation; and, was selected as a "*Rising Star*" and "antitrust ace" by *Lawdragon.com*. Mr. Cramer has focused his practice on complex litigation in the antitrust arena, including prosecuting antitrust class actions in the pharmaceutical and medical device industries. In the last several years, Mr. Cramer has been co-lead counsel in more than a dozen antitrust class actions in the pharmaceutical arena, amassing settlements for clients and class members from pharmaceutical industry defendants for a combined total of nearly $1 billion. He is also co-lead counsel or playing a leadership role in multiple current and recently settled complex antitrust cases in courts around the country. For instance, Mr. Cramer was co-lead counsel and on the trial team of the *Meijer v. Abbott Labs.* case (described above), which settled last year for $52 million after four days of a jury trial.

Mr. Cramer is also co-lead counsel in an antitrust class action in which he represents a proposed class of thousands of independent truck stops around the country against, among other defendants, the issuer of a trucker fleet credit card. *See Marchbanks Truck Service, Inc. v. Comdata Network, Inc.*, 07-1078 (E.D. Pa.).

Mr. Cramer has also made his mark in antitrust scholarship.  Among other writings, Mr. Cramer recently co-authored *Antitrust, Class Certification, and the Politics of Procedure*, 17 George Mason Law Review 4 (2010) (http://ssrn.com/abstract=1578459), which was recently affirmatively cited by the Court of Appeals for the Third Circuit in *Behrend v. Comcast Corp.*, No. 10-2865, Slip Op. at 36 n.10 (3d Cir. Aug. 23, 2011).  Mr. Cramer also co-wrote *Of Vulnerable Monopolists?: Questionable Innovation in the Standard for Class Certification in Antitrust Cases*, 41 Rutgers L.J. 355 (Fall/Winter 2009) (http://ssrn.com/abstract=1542143); co-authored a Chapter of *American Antitrust Institute's Private International Enforcement Handbook* (2010), entitled *"Who May Pursue a Private Claim?"*; contributed to a chapter of the American Bar Association's *Pharmaceutical Industry Handbook* (July 2009), entitled *"Assessing Market Power in the Prescription Pharmaceutical Industry"*; and co-authored an article entitled *The Superiority of Direct Proof of Monopoly Power and Anticompetitive Effects in Antitrust Cases Involving Delayed Entry of Generic Drugs*, 39 U.S.F. Law Rev. 81 (Fall 2004).  Mr. Cramer is also a frequent author of amicus briefs to appellate courts in important precedent setting cases for the American Antitrust Institute.

Finally, Mr. Cramer is a *summa cum laude* graduate of Princeton University (1989), where he was elected to Phi Beta Kappa. He graduated *cum laude* from Harvard Law School with a J.D. in 1993.  He is a Senior Fellow of the American Antitrust Institute, a member of the Advisory Board of the Institute of Consumer & Antitrust Studies at Loyola University Chicago

School of Law, and President of COSAL, the largest industry advocacy group of the plaintiffs'
antitrust bar. He is also a member of the Boards of Public Justice (formerly known as Trial
Lawyers for Public Justice) and the Center for Literacy (a Philadelphia area non-profit in the area
of adult literacy).

David F. Sorensen has been named a "Super Lawyer" every year since 2005 by
Philadelphia Magazine, and in 2009, was part of the trial team that won the "Trial Lawyer of the
Year" award from Public Justice Foundation, for its work on *Cook v. Rockwell Int'l Corp.*, which
resulted in a jury verdict of $554 million after a four-month trial for a class of homeowners
whose property had been contaminated with plutonium released from the former Rocky Flats
nuclear weapons plant. The verdict was vacated on appeal, and appellate proceedings are
continuing.

In antitrust cases, Mr. Sorensen has played leading roles in a number of antitrust cases
representing direct purchasers of prescription drugs who have been overcharged as a result of
anticompetitive conduct of drug manufacturers. As co-lead counsel in *In re DDAVP Direct
Purchaser Antitrust Litigation*, Mr. Sorensen recently obtained a $20.25 million class settlement
after winning a precedent-setting victory upholding the ability of direct purchasers to recover
overcharges resulting from misuse of an allegedly fraudulently obtained patent. *See In re
DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677 (2d Cir. 2009), *cert. denied sub
nom Ferring B.V. v. Meijer, Inc.*, 130 S. Ct. 3505 (U.S. June 28, 2010). Also this year, having
previously argued and won class certification in *In re Nifedipine Antitrust Litigation*, 246 F.R.D.
365 (D.C. D.C. 2007), 23(f) Petition denied, 2009 U.S. App. Lexis 3643 (D.C. Cir. Feb. 23,
2009), Mr. Sorensen helped secure a $35 million settlement on behalf of direct purchasers. He
also obtained class certification and was appointed co-lead class counsel in *In Re Wellbutrin XL*

9

*Antitrust Litigation,* No. 2:08-cv-02431, 2011 WL 3563385 (E.D. Pa. Aug. 1, 2011), and is serving on the plaintiffs' executive committee in *King Drug Co. v. Cephalon, Inc.,* (E.D. Pa.), in which a brand drug company executed agreements with four generic competitors to keep them off the market. Mr. Sorensen previously argued and defeated defendants' motion to dismiss in the case. *See* 2010 WL 1221793 (E.D. Pa. March 29, 2010). Mr. Sorensen also played leading roles in, among other cases, *In re Terazosin Hydrochloride Antitrust Litigation*, MDL 1317 (S.D. Fla.) (settled for $75 million); and *In re Remeron Antitrust Litigation* (D.N.J.) (settled for $75 million).

In other antitrust class actions, Mr. Sorensen was appointed co-lead class counsel in *Johnson v. AzHHA* (D. Arizona), and obtained a $22.5 million cash settlement on behalf of a class of temporary nursing personnel harmed by a price-fixing agreement by hospitals and their association.

Mr. Sorensen graduated from Duke University (B.A. *magna cum laude* 1983) and from Yale University (J.D. 1989). He was Law Clerk to the Hon. Norma L. Shapiro (E.D. Pa.), in 1990-1991. He is admitted to practice law in the Commonwealth of Pennsylvania, the United States Supreme Court, and numerous federal Courts of Appeal. He is a member of the executive committee of COSAL, and co-author of *Chimerical Class Conflicts in Federal Antitrust Litigation: The Fox Guarding the Chicken House in Valley Drug,* 39 U.S.F. Law Review 141 (Fall 2004).

There can be no doubt that G&E and B&M are able to represent the Class fairly and adequately. *See* Fed. R. Civ. P. 23(g)(B). Accordingly, appointment of interim Co-Lead Counsel and the assignment of responsibilities to Co-Lead Counsel as set forth in Pretrial Order No. 1 are consistent with Federal Rule of Civil Procedure 23, as well as with the *Manual's*

recommendations regarding establishment of an organizational structure for counsel and ultimate goal of achieving "efficiency and economy" in the litigation. *See Manual* § 10.221.

Proposed Pretrial Order No. 1 also designates Cohn Lifland Pearlman Herrmann & Knopf LLP as the Liaison Counsel for the direct purchaser class action. *See Manual* § 10.221. The firm has a significant presence in New Jersey and is particularly known for its representation of class plaintiffs, often as local or liaison counsel. The appointment of Cohn Lifland Pearlman Herrmann & Knopf LLP as Liaison Counsel will increase the efficiency of the litigation and is consistent with the *Manual's* ultimate goal of achieving "efficiency and economy" in the litigation. *See Manual* § 10.221,

Counsel for Plaintiff have met and conferred with counsel for Defendant, and all parties support entry of proposed Pretrial Order No. 1.

Thus, for the reasons set forth herein, and in order to provide for the orderly and efficient conduct of this case and any related actions, including those subsequently filed, Plaintiff respectfully requests that the Court enter the proposed Pretrial Order No. 1.

Dated: December 27, 2011

Respectfully submitted,

/s/Peter S. Pearlman
Peter S. Pearlman
**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Tel: 201-845-9600
Fax: 201-845-9423

Linda P. Nussbaum
John D. Radice

**GRANT & EISENHOFER, P.A.**
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8504
Fax: (646) 722-8501
lnussbaum@gelaw.com
jradice@gelaw.com

Eric L. Cramer
David F. Sorensen
Daniel C. Simons
Zachary D. Caplan
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103
Tel: (215) 875-3000
Fax: (215) 875-4604
ecramer@bm.net

Kenneth Zylstra
Stephen Connolly
**FARUQI & FARUQI, LLP**
101 Greenwood Ave., Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Fax: (267) 670-2419

Joshua P. Davis
**LAW OFFICE OF JOSHUA P. DAVIS**
59 Montford Ave.
Mill Valley, CA 94931
Tel: (415) 422-6223
Fax: (415) 422-6433

Barry S. Taus
Brett Cebulash
**TAUS CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
Fax: (212) 931-0704
btaus@tcllaw.com
bcebulash@tcllaw.com

12

David Balto
**LAW OFFICES OF DAVID BALTO**
1350 I Street
Suite 850
Washington DC, 20005
Tel: (202) 789-5424
Fax: (202) 589-1819

Michael E. Criden
Kevin B. Love
**CRIDEN & LOVE, P.A.**
7301 S.W.57th Court, Suite 515
South Miami, FL 33143
Tel: (305) 357-9010
Fax: (305) 357-9050

*Attorneys for Plaintiff Adriana M. Castro,*
*M.D., P.A.,  and the proposed Class*

13