**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A. and SUGARTOWN PEDIATRICS, LLC, on behalf of themselves and all others similarly situated, | Civil Action No.: 11-7178 (JLL) |
| Plaintiffs, | **MEMORANDUM AND ORDER** |
| v. | |
| SANOFI PASTEUR, INC., | |
| Defendant. | |

On January 20, 2012, Plaintiffs Adriana M. Castro, M.D., P.A. ("Ms. Castro") and

Sugartown Pediatrics, LLC ("Sugartown") filed the operative Amended Complaint against

Defendant Sanofi Pasteur, Inc. [Docket Entry No. 28]. Prior to filing an Answer, Sanofi Pasteur

filed a counterclaim against "the Class Representatives and each opt-in member or non-opt-out

member of any class that may be certified in this action" (collectively, "Counterclaim-

Defendants"). [Docket Entry No. 54]. Presently before the Court is Counterclaim Defendants'

Motion to Strike Counterclaim-Plaintiff Sanofi Pasteur's Stand-Alone Counterclaim as

procedurally defective, or, in the alternative, to Dismiss the Counterclaim for failure to state a

claim pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Entry No. 74]. The Court has considered the

Parties' submissions in support of and in opposition to the instant motion and decides the motion

on the papers pursuant to Fed. R. Civ. P. 78, and for the reasons that follow, grants Counterclaim

Defendant's Motion to Strike Sanofi Pasteur's Counterclaim.

## I.  BACKGROUND

Since the factual allegations in Sanofi Pasteur's counterclaim are not relevant to this

decision, the Court foregoes discussion of the allegations made in said counterclaim.  Instead, the

relevant discussion centers on the procedural posture of this case.

On January 20, 2012, Ms. Castro and Sugartown filed their putative class action

Amended Complaint against Sanofi Pasteur. [Docket Entry No. 28].  Prior to answering, Sanofi

Pasteur filed a counterclaim against the Class Representatives of Plaintiff's putative class as well

as each opt-in member or non-opt-out member of any class that may be certified in the action.

[Docket Entry No. 54].  On April 13, 2012, Counterclaim-Defendants filed a Motion to Strike

and/or Dismiss the Counterclaim.[1]  Sanofi Pasteur filed its response on May 28, 2012. [Docket

Entry No. 98].  Counterclaim-Defendants filed a reply on June 28, 2012. [Docket Entry No. 98].

## II.  DISCUSSION

Reading Fed. R. Civ. P 7(a) in conjunction with Fed. R. Civ. P. 13, the Court finds that

the Federal Rules forbid parties from raising a counterclaim as a separate pleading outside of a

recognized pleading.  Rule 13 sets forth the procedure for filing both mandatory and permissive

counterclaims.  See Fed. R. Civ. P. 13(a)("A pleading must state as a counterclaim . . .")

(emphasis added); Fed. R. Civ. P. 13(b)("A pleading may state as a counterclaim . . .")(emphasis

added); see also Fed. R. Civ. P. 13(g)("A pleading may state as a crossclaim . . .")(emphasis

added).  Since counterclaims raised pursuant to Rule 13 must be stated in a pleading, and Fed. R.

Civ. P. 15 only allows stand-alone counterclaims where that counterclaim is proffered as an

---

[1]Sanofi Pasteur filed a Motion to Dismiss the Amended Complaint on February 27, 2012.
[Docket Entry No. 50].  The Court does not address this Motion to Dismiss in the instant
Memorandum and Order.

2

amendment to an answer or other pleading under Rule 7, it is clear from the Federal Rules of Civil Procedure that parties who wish to raise a counterclaim must do so either in a pleading or as an amendment to a pleading. What constitutes a "pleading" for the purposes of the Federal Rules of Civil Procedure are enumerated in an exhaustive list in Fed. R. Civ. P. 7(a), which provides:

> Pleadings. Only these pleadings are allowed:
>
> (1) a complaint;
>
> (2) an answer to a complaint;
>
> (3) an answer to a counterclaim designated as a counterclaim;
>
> (4) an answer to a crossclaim;
>
> (5) a third-party complaint; and
>
> (7) if the court orders one, a reply to an answer."

Fed. R. Civ. P. 7(a). Rule 7(a) does not designate counterclaims as pleadings. Therefore, to state a counterclaim consistently with Rule 7(a) and Rule 13, a party must file a counterclaim as <u>part</u> of a recognized pleading, i.e., an answer, or as an amendment to such pleading. <u>See Bernstein v. IDT Corp.</u>, 582 F. Supp. 1079, 1089 (D. Del. 1984)(holding that counterclaims and cross-claims filed independently of an answer were not pleadings and therefore were subject to dismissal); <u>Allied Med. Assocs. v. State Farm Mut. Auto Ins. Co.</u>, 2009 U.S. Dist. LEXIS 26447 (E.D. Pa. Mar. 26, 2009); <u>N. Valley Communs., LLC v. Qwest Communs. Co., LLC</u>, 2012 U.S. Dist. LEXIS 19676, * 5 (D. S.D. Feb. 16, 2012)("Because a counterclaim is not a stand alone pleading, it must be stated within a pleading."); <u>Primerica Life Ins. Co. v. Davila</u>, 2011 U.S. Dist. LEXIS 19744, * 7 (E.D. Cal. Feb. 17, 2011)("Counterclaims are not separate pleadings, but are

3

instead items that are asserted as part of another pleading, such as an answer."); Biller v. Toyota
Motor Corp., 2010 WL 300349, * 1 (C.D. Cal. Jan. 4, 2010)("Defendant moves for leave to file a
freestanding counterclaim. . . . This is improper under Fed. R. Civ. P. 7 and 13"); RLJCS Enters.
v. Prof'l Benefit Trust, Inc., 2004 U.S. Dist. LEXIS 17769, * 16 (N.D. Ill. Sept. 2,
2004)("[T]hese Rules do not appear to contemplate the filing of a counterclaim independent of
an answer."); see also Langer v. Monarch Life Ins. Co., 966 F.2d 786, 811 (3d Cir.
1992)(reasoning that "Federal Rules of Civil Procedure 12(b) and 13(g) require that cross-claims
be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's
answer").  Since Sanofi Pasteur's Counterclaim is not itself a pleading, part of a pleading or an
amendment to a pleading, it is a procedural nullity and the Court will dismiss it accordingly.

### III.  CONCLUSION

For the reasons stated herein, it is accordingly

On this _10_ day of July, 2012,

**ORDERED** that Counterclaim-Defendants' Motion [Docket Entry No.74] is
**GRANTED**; and it is further

**ORDERED** that Counterclaim-Plaintiff's Counterclaim [Docket Entry No. 54] is
**DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge

4