## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A., SUGARTOWN PEDIATRICS, LLC; and MARQUEZ and BENGOCHEA, M.D., P.A., on behalf of themselves and all others similarly situated, | Civil Action No.: 2:11-cv-07178 (JLL) (MAH) |
| Plaintiffs, | **SPECIAL DISCOVERY MASTER'S REPORT CONTAINING FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE SUFFICIENCY OF PLAINTIFFS' INTERROGATORY ANSWERS AND OBJECTIONS** |
| v. | |
| SANOFI PASTEUR, INC., | |
| Defendant. | |

## I.     ORDER APPOINTING SPECIAL DISCOVERY MASTER

On June 7, 2013, the Honorable Michael A. Hammer, U.S.M.J., pursuant to Fed. R. Civ. P. 53 and with the consent of the parties, appointed me as Special Master for the purpose of "considering the discovery issues raised" by the parties in their "Joint Status Report (ECF No. 159) and for such other matters the Court may refer to the Special Master".  The Order confers on the Special Master "the rights, powers, and duties provided in" Rule 53.  This Report contains my Findings of Fact and Conclusions of Law with respect to the sufficiency of Plaintiffs Adriana M. Castro, M.D., P.A., Sugartown Pediatrics, LLC, and Marquez and Bengochea, M.D.'s ("plaintiffs") April 30, 2013 answers and objections to Defendant, Sanofi Pasteur, Inc.'s ("Sanofi") revised first set of interrogatories.

The parties have not waived their right to appeal.

## II.     PLAINTIFFS' ALLEGED ANTICOMPETITIVE SCHEME

When deciding any discovery dispute, the claims that have been asserted in the lawsuit must be considered.  Thus, the "precise boundaries" of discovery "depend upon the context of each particular action." Eisai Inc. v. Sanofi-Aventis U.S., LLC, 2012 WL 1299379, at *6 (D.N.J. Apr. 16, 2012).   Below is a summary of plaintiffs' allegations concerning Sanofi's anticompetitive scheme.

Plaintiffs allege Sanofi has violated Sections 1 and 2 of the Sherman Act by engaging in an anticompetitive scheme to maintain its monopoly power in the meningococcal vaccine market, resulting in reduced competition and artificially inflated prices for pediatric meningitis vaccines.  They seek certification of a class consisting of persons or entities who purchased Menactra from Sanofi.

Judge Linares' August 6, 2012 Opinion denying Sanofi's Motion to Dismiss points out that Sanofi's alleged anticompetitive scheme has three components:  (1) a web of contracts with physician buying groups ("PBGs") that include anticompetitive terms, (2) the enforcement of those contracts in a way that blocks sales to competitors, and (3) cooperative deals with Merck & Co., Inc. ("Merck") to further restrict competition.

In the parties' June 17, 2013 Joint Status Report, plaintiffs described their allegations in greater detail as follows:

> In the Complaint, Plaintiffs – three pediatric physician practices – allege that Sanofi has monopoly power in all of the pediatric vaccine markets in which it competes, including a dominant share in the meningococcal vaccine market. . . . There are two competitors in the meningococcal vaccine market: Sanofi, who began selling a meningococcal vaccine called Menactra in 2005, and Novartis, who entered the market with its competing vaccine, Menveo, in February 2010.

Plaintiffs allege that Sanofi utilizes a web of anticompetitive "bundling" agreements offered through physician buying groups ("PBGs"), group purchasing organizations ("GPOs"), and health systems ("HSs") – to illegally maintain its monopoly power in the meningococcal vaccine market, in violation of sections 1 and 2 of the Sherman Act. In a nutshell, Sanofi's anticompetitive agreements require any purchaser who wishes to purchase any of Sanofi's pediatric vaccines to purchase substantially all of their pediatric vaccine needs from Sanofi or face stiff penalty prices for any product it buys from Sanofi, including of course any product in the pediatric vaccine markets in which Sanofi has monopoly power. . . .

Moreover, Plaintiffs allege that shortly before Novartis's entry into the meningococcal vaccine market in February 2010, Sanofi revamped its contracting scheme to extend its exclusionary bundling to the meningococcal market. Plaintiffs further allege that in early 2010, Sanofi began to drive stricter compliance with the market-share requirements in its bundling contracts, including increasing threats to buying groups and purchasers that they stood to incur steep penalties for buying competing products. Sanofi did this with the intent of using its bundling contracts to foreclose Novartis from fairly competing for market share so that it could maintain its monopoly power.

The upshot of this market-shared-based contracting scheme is that Novartis, whose meningococcal vaccine is its only pediatric vaccine product, has been impaired from fairly competing in the meningococcal vaccine market because any customer who wishes to buy Novartis's Menveo vaccine is subject to penalty prices on all purchases of Sanofi vaccines in other vaccine markets. As a result, Novartis's ability to compete for market share on the merits of price and quality of its product versus Sanofi's product was impaired, and Novartis's market penetration was successfully stunted.

Plaintiffs allege that because Novartis has been impaired in this way, Sanofi has been able to maintain its monopoly power, and thereby, to charge artificially-inflated prices to direct purchasers, including Plaintiffs and members of the proposed class (which includes all entities that purchase Menactra directly from Sanofi). . . .

(June 17, 2013 Joint Status Report, at 22-23) (internal citations omitted).  See also Pl. Resp. to

Rog. Nos. 1, 3, 5, 6, 7, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32.

### III.   PROCEDURAL HISTORY

#### A.   PLEADINGS AND MOTIONS TO DISMISS

Plaintiffs commenced this action on December 9, 2011 (ECF No. 1).  They filed a First Amended Complaint on January 20, 2012 (ECF No. 28).  On February 27, 2012, Sanofi filed a Motion to Dismiss the Amended Complaint (ECF No. 50).  Judge Linares denied Sanofi's Motion to Dismiss on August 6, 2012 (ECF No. 106).

Sanofi filed an Answer and Counterclaim on August 21, 2012 (ECF No. 111).  In its Counterclaim, Sanofi alleged that plaintiffs committed antitrust violations by "engag[ing] in unlawful collective action through their membership in [PBGs] by demanding discounts that depressed the price of the relevant vaccines, causing prices to fall below competitive levels" (See ¶ 4). Plaintiffs moved to dismiss Sanofi's Counterclaim on September 25, 2012 (ECF No. 118). Judge Linares dismissed Sanofi's Counterclaim on December 20, 2013 (ECF No. 135).[1] Sanofi's request for an interlocutory appeal was denied on April 9, 2013 (ECF No. 170).

#### B.   INITIAL DISCOVERY REQUESTS AND RESPONSES

On July 19, 2012, Judge Hammer issued his initial scheduling Order (ECF No. 104).  The Order, inter alia, provided that fact discovery would remain open through June 3, 2013, and that interrogatories and requests to admit ("RFA") were to be served by September 30, 2012 and responded to by December 15, 2012.

On October 1, 2012, Sanofi served an initial 24 interrogatories and 964 RFAs upon plaintiffs.  According to Sanofi, plaintiffs refused to provide sufficient responses to these requests and instead asserted a "blanket objection to every RFA and most of Sanofi's

---

[1] Plaintiff also moved to strike several of Sanofi's affirmative defenses.  Judge Linares granted plaintiffs' motion with respect to two of those defenses.

interrogatories" (June 17, 2013 Joint Status Report, at 3).   Plaintiffs advised Sanofi that the "sheer number" of Sanofi's discovery requests was "unduly burdensome" and "harassing,"  but that they would be willing to respond to a more "focused set" of discovery which, plaintiffs state, Sanofi refused to provide (Id. at 19). Ultimately, the matter was brought before Judge Hammer during a February 19, 2013 status conference.

The parties disagree as to exactly what occurred during the February 19 conference (the conference was not transcribed), but they are in agreement that Judge Hammer directed Sanofi to serve revised written discovery requests upon plaintiffs (June 17, 2013 Joint Status Report, at 4, 19).   Sanofi claims that Judge Hammer directed them to reduce the number of RFAs "below 400" and "break out" any discrete subparts in their interrogatories into separately numbered interrogatories (Id. at 4).   Plaintiffs claim that Judge Hammer made no specific rulings on the number of discovery requests that would be acceptable (Id. at 19).

## C.   REVISED DISCOVERY REQUESTS AND APPOINTMENT OF SPECIAL MASTER

On February 26, 2013, Sanofi served 33 revised interrogatories and 385 RFAs upon plaintiffs.  On April 30, 2013, 63 days after service upon plaintiffs of the revised interrogatories and RFAs, plaintiffs served responses to both of Sanofi's revised written discovery requests.  On May 3, 2013, the parties appeared for another status conference before Judge Hammer.  During this conference Sanofi identified alleged deficiencies in plaintiffs' responses to Sanofi's revised interrogatories and RFAs (June 17, 2013 Joint Status Report, at 4).[2]  Given the complexity of the issues raised in connection with the parties' discovery disputes, the Court suggested the

---

[2] These alleged deficiencies are set forth in greater detail in Sanofi's May 29, 2013 and June 3, 2013 deficiency letters to plaintiffs' counsel.

appointment of a Special Master (Id.).  On May 29, 2013 (after another status conference), Judge Hammer entered an Order directing the parties to submit any objections to my appointment as Special Master (ECF No. 187).  On June 7, 2013, I was appointed Special Master (ECF No. 191).[3]

### D. UPDATED JOINT STATUS REPORT, JULY 2, 2013 HEARING, AND POST-HEARING BRIEFING

On June 17, 2013, the parties submitted an updated Joint Status Report to me.  It summarizes their respective positions concerning the interrogatory and RFA responses that are in dispute.  On July 2, 2013, I conducted an 8-hour hearing at which the parties were provided an opportunity to expand upon their positions.  Each interrogatory in dispute was addressed individually during the hearing.  Rather than individually address during the hearing the approximately 350 RFAs in dispute, I requested that the parties provide me with their positions with respect to each RFA in writing.  In response, the parties have provided me with more than 2,000 pages of submissions.  The parties, at my request, have also submitted post-hearing briefs on several legal issues.

## IV. GENERAL CONCLUSIONS OF LAW GOVERNING INTERROGATORY DISPUTES

### A. FEDERAL AND LOCAL RULES GOVERNING INTERROGATORIES

Interrogatories are governed by Fed. R. Civ. P. 33.  The Rule provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts" concerning "any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a).  The responding party "must serve its

---

[3] Following the May 28, 2013 status conference, Judge Hammer also extended fact discovery to October 2, 2013

answers and any objections within 30 days after being served" unless otherwise stipulated or ordered, and "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b).  The responding party's objections "must be stated with specificity." Id.

The Local Rules for the District of New Jersey set forth additional requirements governing interrogatories.  Among other provisions, the Local Rules require a responding party who objects on grounds of privilege to "identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked." L.R. Civ. P. 33.1(c).  The responding party objecting on grounds of privilege must also "indicate, as to the information requested, whether (a) any documents exist, or (b) any oral communications took place." Id.

## B.   PURPOSE OF INTERROGATORIES

Interrogatories are intended to "flesh out the major facts supporting [an] opponent's case" and "pin down an opponent's legal theories … as well as the primary facts supporting them." Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 652 (D. Md. 1997).  Interrogatories give parties the opportunity to obtain "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947).

## C.   SCOPE OF INTERROGATORIES

Pursuant to Rule 33(a)(2), the scope of interrogatories is controlled by Rule 26(b)(1), which provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Relevance broadly includes any nonprivileged matter

that is "reasonably calculated to lead to the discovery of admissible evidence." Id.  The scope of federal discovery, therefore, creates "a broad vista for discovery." Takacs v. Union County, 2009 WL 3048471, at *1 (D.N.J. Sept. 23, 2009).

While the scope of discovery is broad, it "is not boundless." Unicasa Mktg. Group, LLC v. Spinelli, 2007 WL 2363158, at *2 (D.N.J. Aug. 15, 2007).  A court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii)   the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

See Fed. R. Civ. P. 26(b)(2).  A balance, therefore, must be struck between the need for the information requested and any burden or prejudice imposed on the responding party. Microtron Corp. v. Minnesota Mining & Mfg. Co., 269 F. Supp. 22, 25 (D.N.J. 1967).  In striking the proper balance, courts have broad discretion. Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995); In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

### D.     PROPOUNDING PARTY'S OBLIGATIONS

Parties who propound interrogatories are generally afforded considerable latitude in framing their interrogatories. See Dockery v. Beard, 2011 WL 3793520, at *1 (W.D. Pa. Aug. 25, 2011).  Nonetheless, interrogatories must be clear, concise, and "give[] the other party a reasonably clear indication of the information to be included in its answer." Babcock Swine, Inc.

v. Shelbco, Inc., 126 F.R.D. 43, 45 (S.D. Ohio 1989); see also Capacchione v. Charlotte-Mecklenburg Bd. of Educ., 182 F.R.D. 486, 491 (W.D.N.C. 1998) ("[I]nterrogatories must be sufficiently definite, clear, and concise, and they must adequately advise the interrogated party of the information requested.").

### E.   RESPONDING PARTY'S OBLIGATIONS

A party served with interrogatories must either answer or object to each interrogatory. Fed. R. Civ. P. 33(b).  Pursuant to Rule 33(b)(3), answers must be stated "separately and fully in writing under oath." Id.   The ground for objecting to any interrogatory must, under Rule 33(b)(4), "be stated with specificity".

#### 1.   Responding Party's Duty to Provide Available Information

When answering an interrogatory a responding party has a "duty to provide all information available to [it, as well as] information which is controlled by a party [that] is available to [it]." Gerling Int'l Ins. Co. v. Commissioner of Internal Revenue, 839 F.2d 131, 138 (3d Cir. 1988) (quoting Trane Co. v. Klutznick, 87 F.R.D. 473, 476 (W.D. Wisc. 1980)). "[E]vasive or incomplete" responses are improper under the Rules, and are treated as "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4); see Andrews v. Holloway, 386 B.R. 136, 141 (D.N.J. 2009).

Orders compelling more specific answers or for sanctions are appropriate where "a party fails to answer an interrogatory submitted under Rule 33" or provides an "evasive or incomplete" response.  Fed. R. Civ. P. 37(a)(3)(B)(iii).  Sanctions – such as the suppression of pleadings, the deeming of facts and issues as uncontroverted, and the preclusion of evidence at trial – are available in cases of serious discovery violations. Fed. R. Civ. P. 37(b)(2)(A) (enumerating

available sanctions for violation of court discovery orders); Fautek v. Montgomery Ward & Co., Inc., 96 F.R.D. 141, 154 n.5 (N.D. Ill. 1982) (untruthful responses to written interrogatories warrant sanctions including suppression of pleadings, exclusion of evidence, etc.).

> 2.    Form and Content of Responding Party's Objections

Objections to interrogatories must be "stated with specificity." Fed. R. Civ. P. 33(b)(4). This means objections need to be "supported by detailed explanation of why the interrogatories are objectionable." Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996).   Conclusory recitations of boilerplate objections are insufficient. Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) ("Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice") (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).   "The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper," Thomas v. Lawler, 2013 WL 949483, at *2 (M.D. Pa. Mar. 11, 2013), and provide the propounding party (and the court) with adequate notice of the impropriety so that the issue may be corrected, see Wachtel v. Guardian Life Ins. Co.. 239 F.R.D. 376, 387 (D.N.J. 2006) (imposing sanctions where party's discovery objections were "evasive" and failed to provide "adequate notice" of the specific reasons why full responses could not be provided).

## F.    PROPOUNDING PARTY'S BURDEN OF PERSUASION

The propounding party has the burden of demonstrating the relevance of the information sought by the interrogatories. Barton v. RCI, LLC, 2013 WL 1338235, at *3 (D.N.J. Apr. 1, 2013) ("The party seeking discovery has the burden of showing that the information sought is

2097416_5

relevant to the subject matter of the action and may lead to admissible evidence."). The propounding party also has the burden of demonstrating that the responding party's answers are deficient.  Haney v. Woods, 2013 WL 870665, at *1 (E.D. Cal. Mar. 7, 2013) ("The party seeking the motion to compel discovery has the burden of informing the court why … the defendants' responses are deficient"); Bridges v. Hubbard, 2012 WL 1901301, at *2 (E.D. Cal. May 24, 2012) ("It was plaintiffs' burden to describe why the defendants' particular responses were inadequate.").

### G.     RESPONDING PARTY'S BURDEN OF PERSUASION

The responding party "has the burden of clarifying and explaining its objections and to provide support therefor". Tele-Radio Systems, Ltd. v. De Forest Electronics, Inc., 92 F.R.D. 371, 375 (D.N.J. 1981); see also Gulf Oil Corp. v. Schlesinger, 465 F. Supp. 913, 916-17 (E.D. Pa. 1979).

## V.     RULING ON PLAINTIFFS' GENERAL OBJECTIONS TO SANOFI'S INTERROGATORIES

Plaintiffs have, in 29 paragraphs, asserted "General Objections" that they say apply to each of their responses to every one of Sanofi's interrogatories.  The "General Objections" include virtually every conceivable objection imaginable, ranging from standard objections (i.e. the interrogatories are too numerous, irrelevant, vague, ambiguous, overly burdensome, or protected by some privilege) to more creative objections ("Plaintiffs do not adopt, embrace or accept any term or definition employed by Defendant" and "Plaintiffs' Constitutional right of privacy").  Plaintiffs state that they expressly "incorporate" each of their "General Objections" into every one of Sanofi's 33 interrogatories, "whether or not separately set forth therein".

Plaintiffs also state that they do not waive any "rights or objections" nor admit or concede that any interrogatory is relevant or material, or that any response is admissible in evidence.

Plaintiffs' "General Objections" are plainly improper.  The "General Objections" fail to explain with specificity how or why every one of Sanofi's interrogatories is subject to every one of plaintiffs' "General Objections".  General objections that are not directed towards a particular interrogatory and which provide no basis upon which to determine why or how a particular interrogatory is objectionable are improper.  Wolf v. United Air Lines, 9 F.R.D. 271, 273 (M.D. Pa. 1949) ("[O]bjections to interrogatories should be sufficiently specific so that the Court may, in considering such objections with the interrogatories propounded, ascertain therefrom their claimed objectionable character. General objections to interrogatories are improper and without merit.").

There is no way I can determine how or why every one of plaintiffs' "General Objections" may or may not apply to each of the interrogatories propounded by Sanofi.  One example illustrates the point.  Plaintiffs have made no attempt to explain why or how their "Constitutional right to privacy" could conceivably justify their refusal to disclose to Sanofi the specific provisions in Sanofi's agreements that plaintiffs allege are anticompetitive. See Sanofi Rog No. 1.

In addressing plaintiffs' objections, I will consider only those objections that are set forth specifically in response to a specific Sanofi interrogatory.  To the extent one or more of plaintiffs' "General Objections" is not specifically asserted in response to a specific interrogatory, I will deem the non-specifically asserted "General Objection" to be waived insofar as it pertains to plaintiffs' response to that interrogatory. See Roesberg v. Johns-Manville Corp.,

85 F.R.D. 292, 297 (E.D. Pa. 1980) ("General objections without specific support may result in waiver of the objections.").

## VI.   CONCLUSIONS OF LAW GOVERNING PLAINTIFFS' SPECIFIC OBJECTIONS TO SPECIFIC SANOFI INTERROGATORIES

Below are the legal principles that govern each of the specific objections asserted by plaintiffs to Sanofi's interrogatories.

### A.   PLAINTIFFS' RELEVANCE OBJECTION

To overcome plaintiffs' relevance objection, Sanofi need only show that there is some "possibility that the information sought may be relevant to the general subject matter of the action." Wiggins v. City of Trenton, 2013 WL 1145483, at *2 (D.N.J. Mar. 18, 2013) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  Discovery may be had into "any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case." Kopacz v. Del. River and Bay Auth., 225 F.R.D. 494, 497 (D.N.J. 2004).

### B.   PLAINTIFFS' VAGUENESS OBJECTION

Plaintiffs have specifically objected to many of Sanofi's interrogatories because they were said to be vague, unintelligible, or incapable of being answered in the format provided. Courts will generally not sustain a vagueness objection unless it is "incomprehensible" to the responding party. Barton, 2013 WL 1338235, at *11; see also Tsangarakis v. Panama S. S. Co., 41 F.R.D. 219, 220 (E.D. Pa. 1966) (objections sustained on the ground that the interrogatories were "so garbled as to be undecipherable").  Where the interrogatory "is clear, intelligible and does not call for speculation," courts generally overrule any vagueness objection. See Leksi, Inc. v. Fed. Ins. Co., 129 F.R.D. 99, 108 (D.N.J. 1989).

2097416_5

### C.     PLAINTIFFS' BURDENSOMENESS OBJECTION

In asserting a burdensomeness objection, "the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate….On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) (internal quotation omitted).  For plaintiffs to prevail on their burdensomeness objection they must offer evidence revealing the nature of the burden and demonstrating why it precludes a response. Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 297 (E.D. Pa. 1980) ("To voice a successful objection to an interrogatory, [a party] cannot simply intone th[e] familiar litany. Rather, [the party] must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive … by submitting affidavits or offering evidence revealing the nature of the burden") (internal citations omitted). Once that has been done the court must then balance the requesting party's need for the information against the undue hardship demonstrated by the responding party.  See Fed. R. Civ. P. 26(b)(2)(C)(iii).

### D.     PLAINTIFFS' RIPENESS OBJECTIONS

Plaintiffs' "ripeness" objection to Sanofi's interrogatories raises the question of not whether an interrogatory needs to be answered, but when.  Plaintiffs' "ripeness" objection appears in two forms.  First, plaintiffs object to several interrogatories on the basis that they seek expert analysis and opinions prior to the October 2, 2013 deadline for the submission of expert reports on class issues, and the April 8, 2014 deadline for the submission of expert reports on

merits issues. Second, plaintiffs object to several interrogatories on the basis that they seek to establish plaintiffs' contentions at a very preliminary stage of discovery, i.e. before plaintiffs have had a full opportunity to develop their contentions.[4]

Rule 33(a)(2) governs both of plaintiffs' "ripeness" objections. The Rule provides that an interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. . . ." Fed. R. Civ. P. 33(a)(2). The Rule further states that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Id. This Rule serves the purpose of allowing courts to manage the timing of certain discovery, in particular those questions that are best answered at the end of discovery after the responding party has had a full opportunity to develop an appropriate answer.

Rule 33(a)(2) governs whether interrogatory answers should be deferred until expert opinions have been provided. See, e.g., Haggarty v. Wells Fargo Bank, N.A., 2012 WL 4113341, at *3 (N.D. Cal. Sept. 18, 2012) (citing Rule 33(a)(2) as a basis to permit responding party to decline to answer interrogatories until expert disclosures had been made); cf. Gorrell v. Sneath, 2013 WL 1402363, at *3 (E.D. Cal. Apr. 5, 2013) (no citation to Rule 33(a)(2) but

---

[4] Sanofi maintains that during a February 19 status conference, Judge Hammer "rejected plaintiffs' argument that Sanofi's requests constitute premature 'contention discovery,'" thereby "negating" plaintiffs' premature contention interrogatory objection (June 17, 2013 Joint Status Report, at 5). There is no Order to this effect on the ECF Docket, and I have not been provided with any transcript memorializing this ruling (apparently, the February 19 status conference was not transcribed). I have spoken with Judge Hammer. He advised me that he did not expressly rule on this issue. Therefore, I do not consider plaintiffs' premature contention interrogatory objection to be "negated."

nevertheless holding that "[b]ecause Plaintiff prematurely seeks disclosure of expert opinions, his request for further responses to Special Interrogatory No. 2 is denied").[5]

Rule 33(a)(2) also governs whether answers to contention interrogatories should be deferred until a later point in the case.  Some courts have held that contention interrogatories need only be answered after much or all discovery is completed.  Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 110 (D.N.J. 1990).  The reason for deferring answers to contention interrogatories is that the "interests of judicial economy and efficiency for the litigants" dictate that a party should not be required to set forth its preliminary contentions, but rather it is better to wait until "a substantial amount of discovery has been conducted" for a party to disclose its legal theories to its adversary. Fischer and Porter Co. v. Tolson, 143 F.R.D. 93, 95 (E.D. Pa. 1992).

Courts, however, may require answers to contention interrogatories even though general discovery remains ongoing.  As the court in Fischer explained:

> A party filing contention interrogatories early in the pretrial period, before substantial documentary or testimonial discovery has been completed, has the burden of justification. It must present specific, plausible grounds for believing that securing early answers to their contention questions will materially advance the goals of the Federal Rules of Civil Procedure. The burden cannot be met by vague or speculative statements about what might happen if the interrogatories were answered. To meet the burden … a party must show that there is good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussion, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56. Moreover, …

---

[5] Rule 26(b)(4) limits the scope of discovery directed towards experts and draws a distinction between testifying experts and experts not intended to be called as witnesses.  The Rule provides that a party may not "discover facts known or opinions held by an expert who … is not expected to be called as a witness at trial" absent exceptional circumstances.  It is my understanding, for purposes of the issues before me, that plaintiffs' objection based on the need to obtain expert opinions is based upon testifying experts only.

16

special vigilance in the evaluation of the proffered justification is required when a complaint is not facially infirm and when defendants appear to have control over or adequate access to much of the evidence to their alleged misconduct. However, interrogatories seeking the identity of witnesses and interrogatories seeking the location of documents or other tangible evidence may be sought while discovery is still in its infancy.

Id. at 96.  See also Pouncil v. Branch Law Firm, 277 F.R.D. 642, 650 (D. Kan. 2011); Anaya v. CBS Broadcasting, Inc., 2007 WL 2219458 (D.N.M. May 16, 2007); Titre v. S.W. Bach & Co., 2005 WL 1692508 (S.D. Fla. Jul. 20, 2005); In re One Bancorp Secs. Litig., 134 F.R.D. 4 (D. Me. 1991); Auto Meter Products, Inc. v. Maxima Technologies & Systems, LLC, 2006 WL 3253636 (N.D. Ill. Nov. 6, 2006); Rusty Jones, Inc. v. Beatrice Co., 1990 WL 139145 (N.D. Ill. Sept. 14, 1990); Johnson v. Kraft Foods North America, Inc., 236 F.R.D. 535 (D. Kan. 2006); Strauss v. Credit Lyonnais, S.A., 242 F.R.D. 199 (E.D.N.Y. 2007).

## E. PLAINTIFFS' OBJECTION BASED ON THE NUMBER OF INTERROGATORIES

Rule 33(a)(1) permits 25 interrogatories per side, although the court may expand that number on request by the parties.[6]  This limit on the number of interrogatories "includ[es] all discrete subparts." Fed. R. Civ. P. 33(a)(1).  Parties cannot evade the numerical limitation "through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Fed. R. Civ. P. 33, advisory committee's note, 1993 Amend. Plaintiffs argue that Sanofi has exceeded the numerical limit on interrogatories by joining as subparts questions that seek discrete information.

In determining what constitutes a "discrete subpart," courts "use rules of reasonability and fairness." Nyfield v. Virgin Islands Tel. Corp., 200 F.R.D. 246, 247 (D.V.I. 2001).

---

[6] Here, the Court has allowed 35 interrogatories per side (Joint Discovery Plan, Docket No. 101, at p. 17; Pretrial Scheduling Order, Docket No. 104, at p.1).

"Probably the best test of whether questions with a single interrogatory are subsumed or related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine sub-parts should not be counted as separate interrogatories notwithstanding that they are joined by a conjunctive word and may be related." Id. (quoting Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685–86 (D. Nev. 1997)).   "[O]nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005).

## F.   PLAINTIFFS' OBJECTION BASED ON ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGE

In responding to interrogatories, parties are not obligated to disclose privileged information. Fed. R. Civ. P. 26(b)(1).  While privilege is a valid objection to interrogatories, "the mere claim of the privilege does not justify a refusal to identify properly the information and documents requested by plaintiff." Roesberg, 85 F.R.D. at 302.   "Rather, the existence of privilege depends on the nature of the claim and the circumstances in which it is made."  Id. Thus, "[t]he party invoking the privilege defense must show that what it seeks to protect falls therein." Id.  This is specifically required by Local Court Rule 33.1(c).

Plaintiffs have invoked both the attorney-client and work product privilege.

### 1.   Attorney-Client Privilege

The attorney-client privilege protects from disclosure communications between attorneys and clients.  The privilege applies to "(1) a communication (2) made between privileged persons

(3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client."

Teleglobe USA Inc. v. BCE Inc., 493 F.3d 345, 359 (3d Cir. 2007).  The privilege "is founded

upon the necessity, in the interest and administration of justice, of the aid of persons having

knowledge of the law and skilled in its practice, which assistance can only be safely and readily

availed of when free from the consequences or the apprehension of disclosure." Hunt v.

Blackburn, 128 U.S. 464, 470 (1888).  The privilege does not apply simply because a statement

was made by or to an attorney or "because a statement conveys advice that is legal in nature."

HPD Laboratories, Inc. v. Clorox Company, 202 F.R.D. 410, 414 (D.N.J. 2001).  Rather, it only

protects communications between client and lawyer that were made for the purpose of "obtaining

legal advice" and "might not have been made absent the privilege." Fisher v. United States, 425

U.S. 391, 403 (1976).  "Because the attorney-client privilege obstructs the truth-finding process,

it is construed narrowly." Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414,

1423 (3d Cir. 1991).

        2.    Work Product Privilege

The work product doctrine is set forth in Fed. R. Civ. P. 26(b)(3).  The Rule provides:

> Ordinarily, a party may not discover documents and tangible things that are
> prepared in anticipation of litigation or for trial by or for another party or its
> representative (including the other party's attorney, consultant, surety, indemnitor,
> insurer, or agent). But, subject to Rule 26(b)(4), those materials may be
> discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> >
> > (ii) the party shows that it has substantial need for the materials to prepare
> > its case and cannot, without undue hardship, obtain their substantial
> > equivalent by other means.

The work product doctrine protects the "confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation." Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1428 (3d Cir. 1991).  It was created to "shelter[] the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238 (1975).  The doctrine recognizes the need for a "lawyer [to] work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Hickman v. Taylor, 329 U.S. 495, 510 (1947).

### G.   PLAINTIFFS' OBJECTION BASED ON THE CLAIM THAT A RESPONSE CALLS FOR A LEGAL CONCLUSION

General Objection No. 11 states that Sanofi's interrogatories are objectionable because they require plaintiffs to "draw a legal conclusion".  But, Rule 33(a)(2) provides that "an interrogatory is not objectionable merely because the answer asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2).  Generally, "the fact that an interrogatory calls for a legal conclusion is not grounds for an objection." Thomas v. Cate, 715 F. Supp. 2d 1012, 1029 (E.D. Cal. 2010); see also S.S. White Burs, Inc. v. Neo-Flo, Inc., 56 Fed. R. Serv. 3d 965 (E.D. Pa. 2003) ("a party may demand that its opponent state exactly what its claims are, even asking for legal conclusion or opinions"); Sonnino v. Univ. of Kan. Hosp. Auth., 220 F.R.D. 633, 648 (D. Kan. 2004) ("that a discovery request 'calls for a legal conclusion' is not valid objection"); WhitServe LLC v. Computer Patent Annuities N. America, 2006 WL 1273740, at *2 (D. Conn. May 9, 2006) (party may "demand that its opponent state exactly what its claims are, even asking for legal conclusions or opinions"); Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 688 (S.D. Fla. 2007)

("Defendants objection that the subject interrogatories ... call for a legal conclusion is unavailing").

"The only kind of interrogatory that is objectionable on the basis that it calls for a legal conclusion is one that extends to legal issues unrelated to the facts of the case." Holland v. GMAC Mortg., 2005 WL 1285678, at *3 (D. Kan. May 27, 2005).  An interrogatory calling for a pure legal conclusion having no application to or connection with facts is objectionable.  U.S. v. Boyce, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) ("contention interrogatories … directed to issues of 'pure law' [may] infringe on the attorney-work product doctrine as codified in Rule 26(b)(3)"), aff'd, 36 Fed. Appx. 612 (9th Cir. 2002).

### H.    PLAINTIFFS' OBJECTION BASED ON ABSENT CLASS MEMBERS

As a general rule, discovery from absent class members is not permitted unless there is a showing of particularized need and leave of court is obtained. See In re Lucent Techs. Sec. Litig., 2002 WL 32815233, at *2 (D.N.J. Jul. 16, 2002) ("non-representative plaintiffs should be treated as passive class members and thus not subject to discovery"); Sessions v. Owens-Illinois, Inc., 2011 WL 2415387, at *2 (M.D. Pa. June 13, 2011) ("When faced with the question of whether discovery may be taken from absent class members, courts generally disfavor or limit such discovery."); Kline v. First W. Gov't Sec., Inc., 1996 WL 122717, at *2 (E.D. Pa. Mar. 11, 1996) ("[I]t is safe to state that discovery of absent class members is disfavored . . . if discovery from absent members of the class is permissible at all, it should be sharply limited and allowed only on strong showing of justification.").  "Particularized need"  "requires a demonstration that the discovery is addressed to common issues (as opposed to individual issues), that it is not designed to force class members to opt out, and that it would not impose an undue burden or

require the deponent to seek legal or technical assistance to respond." <u>Groth v. Robert Bosch Corp.</u>, 2008 WL 2704709, at *1 (W.D. Mich. July 9, 2008).  Plaintiffs contend Sanofi has not made a sufficient showing allowing Sanofi to get discovery from absent class members.

The rule against absent class member discovery does not mean that a party can refuse to provide information and documentation in its possession, custody or control, or which is available to it upon reasonably inquiry, merely because it "pertain[s] to absent class members." <u>Facciola v. Greenberg Traurig LLP</u>, 2011 WL 5244945, at *1 (D. Ariz. 2011).  Litigants are at all times required "to respond to interrogatories by supplying information which is in its possession or which is available to it upon reasonable inquiry." <u>Gerling Intern. Ins. Co.</u>, 839 F.2d at 137-38.  The rule against absent class member discovery simply means that discovery requests cannot obligate a responding party to engage in formal or informal fact gathering directed to absent class members. <u>Facciola</u>, 2011 WL 5244945, at *1.

## I.   PLAINTIFFS' OBJECTION THAT THE REQUESTED INFORMATION IS EQUALLY AVAILABLE TO SANOFI

The fact that information requested in an interrogatory is known to the propounding party is not a valid objection. <u>See</u> <u>Petruska v. Johns-Manville</u>, 83 F.R.D. 32, 35 (E.D. Pa. 1979) ("it is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record") (quoting 8 Wright and Miller, <u>Federal Practice and Procedure</u>, Civil § 2014 at 111)); <u>see also</u> <u>Bibbs v. New River Cmty. & Technical Coll.</u>, 285 F.R.D. 382, 394 (S.D. W.Va. 2012) ("Plaintiff's argument that he is not required to provide information that is already known or equally available to Defendants is incorrect."); <u>St. Paul Reinsurance Co. v. Commer. Fin. Corp.</u>, 198 F.R.D. 508, 514 (N.D. Iowa 2000) ("The plaintiffs' fifth objection to CFC's request is based on the ground that it seeks information and documents equally available

to the propounding parties from their own records or from records which are equally available to the propounding parties. However, with respect to this objection, courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.").

## VII.   RULINGS ON SUFFICIENCY OF PLAINTIFFS' RESPONSES TO SANOFI'S INTERROGATORIES

Sanofi asserts that plaintiffs' responses to Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 are deficient. Plaintiffs respond that their answers are sufficient and/or that the interrogatories are objectionable.  Below are my rulings, based upon the legal principles set forth <u>supra</u>, with respect to plaintiffs' interrogatory answers and objections.

<u>Interrogatory No. 1</u>

### 1.   Interrogatory

Identify the specific provision(s) of every agreement (including any PBG agreement, GPO agreement, healthcare provider agreement, distributor agreement, wholesaler agreement, joint venture agreement, or agreement with any vaccine supplier) that You contend is either independently unlawful or constitutes an overt act in furtherance of an unlawful exclusionary or anticompetitive scheme or conspiracy, and for each such agreement, identify the parties to the agreement and the date the parties entered into the agreement.

### 2.   Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is a 7-page narrative which describes, in detail, their legal theories in the case.  They set forth the alleged manner in which Sanofi contractually bundles | Sanofi contends that plaintiffs' answer is deficient because it does not fully answer the question asked.  Specifically, Sanofi claims that "plaintiffs present a multi-page narrative | Plaintiffs' answer is deficient. Plaintiffs allege in this lawsuit that Sanofi engaged in anticompetitive practices as a result of, <u>inter</u> <u>alia</u>, provisions contained in its contracts with |

| | | |
|---|---|---|
| its vaccines to encourage loyalty purchasing, punishes purchasers that buy competitor vaccines, and otherwise discourages competition. They further outline the alleged manner in which Sanofi's contracts and conduct increase its monopoly power and defeat less powerful rivals, thereby allowing Sanofi to charge artificially inflated prices.  Plaintiffs identify in their response three provisions from three contracts which they allege are anticompetitive.  They do not state whether these are the only three alleged anticompetitive provisions and agreements they are aware of at this time. | that vaguely (and inaccurately) *characterizes* Sanofi's contracting or pricing practices, but does ***not*** identify the specific contracts alleged to be anticompetitive, or the dates of, parties to, or alleged anticompetitive provisions contained in such contracts." (Def. June 3, 2013 letter, at 1). | PBGs, GPOs, integrated health networks and health systems (see, e.g., Compl. ¶ 103-116).  Sanofi is entitled to know which contracts, and what provisions from those contracts, are at issue. Plaintiffs' answer to Interrogatory No. 1 identifies three such provisions and contracts, but does not state whether these are the only three provisions and agreements of which they are aware at this time. |

### 3.      Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled.  Even though plaintiffs' legal theory may not rely upon the existence of individual anticompetitive provisions, that does not render such provisions irrelevant or unlikely to lead to the discovery of admissible evidence. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 1 is a contention interrogatory, it is not premature. Discovery is not in its infancy.  It has been more than 19 months since the case began, nearly 10 months since Sanofi's initial written discovery requests were served, and approximately 5 months since Sanofi's revised written discovery requests were served. Sanofi has produced over a million pages of documents to plaintiffs according to the Joint Status Report.  There have been approximately |

| | |
|---|---|
| | a dozen depositions. Under the Court's most recent amended scheduling order, fact discovery is scheduled to close in October 2013. I find that answering Sanofi's contention interrogatories now, rather than later, will help to clarify all of the issues in the case (including class certification questions), will narrow the scope of the dispute, and could facilitate possible summary judgment motions or cross-motions. There has been no valid reason given by plaintiffs as to why plaintiffs cannot provide Sanofi with the basis for their contentions at this time. If plaintiffs' answer needs to be supplemented at a later time, they may, in accordance with the usual practice, do so. See Fed. R. Civ. P. 26(e)(1)(A).[7] |
| Ripeness (premature expert question) | Overruled. Although plaintiffs may intend to discuss the issues raised by Interrogatory No. 1 with their experts, they have not explained why Interrogatory No. 1 precludes a non-expert response at this time. On its face, Interrogatory No. 1 does not require expert testimony. Further, plaintiffs can supplement their answer at a later time pursuant to Fed. R. Civ. P. 26(e)(1)(A). |
| Multiple Interrogatories | Overruled. Interrogatory No. 1 is not multiple interrogatories, but rather a single interrogatory related to a single topic |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

---

[7] It is also worth noting that because this is a class action, discovery for Sanofi is a bit different. Whereas in an ordinary case depositions would be a critical component (if not the most critical component) of defendant's discovery, representative plaintiffs may not have personal knowledge regarding key aspects of their case. For example, the named plaintiffs almost certainly cannot provide testimony concerning the manner in which Sanofi's alleged illegal practices affected the company's (and other pharmaceutical companies') market share and economies of scale. Thus, written discovery, and in particular the development and narrowing of plaintiffs' contentions through interrogatories and requests for admissions, will be far more valuable.

4.       **Information to be Provided**

Plaintiffs are ordered to provide more specific information in response to Interrogatory No. 1.   Specifically, within 10 days of the date hereof, plaintiffs must state whether the provisions and contracts identified in response to Interrogatory No. 1 are the only provisions plaintiffs intend to rely upon at trial. If not, plaintiffs are to identify, as requested in Interrogatory No. 1, all other anticompetitive provisions in contracts currently in their possession, custody and control which they currently intend to rely upon at trial.   I will entertain a request by plaintiffs for additional time to identify anticompetitive provisions in contracts that may have been recently produced by Sanofi.

Interrogatory No. 2

1.       **Interrogatory**

If You contend that any act by Sanofi other than an agreement identified in response to Interrogatory No. 1 is either independently unlawful or constitutes an overt act in furtherance of an unlawful exclusionary or anticompetitive scheme or conspiracy, state the basis for your contention, identify with particularity the specific act and the date(s) on which such acts occurred, and state the reason why such acts are anticompetitive.

2.       **Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs state, in very broad terms, that "these interrogatory responses, the Complaint, and other documents filed in this litigation all provide details regarding Sanofi's anticompetitive bundling scheme." They also state, | Sanofi asserts that plaintiffs' response is deficient because it does not identify with specificity the acts which plaintiffs contend are anticompetitive or otherwise unlawful (Def. June 3, 2013 letter, at 2). | Plaintiffs' answer is deficient. In addition to accusing Sanofi of anticompetitive practices based upon its contracts with PBGs, GPOs, integrated health networks and health systems, plaintiffs also allege that Sanofi engaged in a variety of anticompetitive acts |

| | | |
|---|---|---|
| more specifically, that "Sanofi's decision to change its contracting strategy in advance of Menveo's entry into the market … might fairly be characterized as either an anticompetitive 'agreement' or 'act,' or both," that "Sanofi's regular and multitudinous communications with PBGs and PBG members in further of Sanofi's bundling contract 'compliance' effort are 'acts' in furtherance of the anticompetitive scheme," and that "Sanofi's surveillance of its customers (whether through site visits by sales personnel or the use of tracking data such as IMS data) are acts in furtherance of Sanofi's anticompetitive scheme," but qualify those statements by indicating that "isolating each instance of such acts is both impracticable and beyond what Plaintiffs are legally required to do." | | (see, e.g., Comp. ¶¶ 117-123). Sanofi is entitled to know what these acts are.  Although plaintiffs' response to Interrogatory No. 2 does identify some anticompetitive acts, it does not provide nearly the specificity required by the request or indicate whether these are the only anticompetitive acts plaintiffs are aware of at this time. |

### 3.   Plaintiffs' Objections

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled.  Even though plaintiffs' legal theory may not depend upon the existence of individual anticompetitive acts, that does not render these acts irrelevant or unlikely to lead to the discovery of admissible evidence. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 2 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 2 is premature at this time. |
| Ripeness (premature expert question) | Overruled. Although plaintiffs may intend to |

2097416_5

|  | discuss the issues raised by Interrogatory No. 2 with their experts, they have not explained why Interrogatory No. 2 precludes a non-expert response at this time.  On its face, Interrogatory No. 2 does not require expert analysis.  Further, plaintiffs can supplement their answer at a later time pursuant to Fed. R. Civ. P. 26(e)(1)(A). |
|---|---|
| Multiple Interrogatories | Overruled.  Interrogatory No. 2 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Equally Available to Sanofi | Overruled.  Not a valid objection. |

### 4.     Information to be Provided

Plaintiffs are ordered to provide more specific information in response to Interrogatory No. 2.  Specifically, within 10 days within the date hereof, plaintiffs must identify, as requested in Interrogatory No. 2, all specific acts that they contend are either independently unlawful or constitute an overt act in furtherance of an unlawful or anticompetitive scheme or conspiracy.

<u>Interrogatory No. 3</u>

### 1.     Interrogatory

If You contend that any of the agreements or acts identified in response to Interrogatory Nos. 1 and 2 proximately caused antitrust injury to some or all putative class members, separately for each agreement or act, describe the causal mechanism between the act or agreement and the alleged injury and identify the putative class members injured by such act, if less than all class members.

2.      **Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory No. 1. | Sanofi asserts that plaintiffs' answer is deficient because plaintiffs do not "identify any specific agreement causing any injury to any specific direct purchaser of Menactra," nor do plaintiffs "explain how market share maintenance might … have led to higher purchase prices" (Def. June 3, 2013 letter, at 3-4). | Plaintiffs' answer is sufficient. Plaintiffs described in some detail the manner in which they claim Sanofi's agreements and actions caused injury to purchasers of its vaccines.  While Sanofi may dispute that its contracts and alleged acts convey a market share advantage, or that its market share advantage necessarily allows it to charge inflated prices for its products, or argue that plaintiffs are required to demonstrate a causal link between each individual contract and purchaser, those are legal arguments better reserved for summary judgment or trial rather than as a basis for alleging an insufficient interrogatory response. |

3.      **Plaintiffs' Objections and Rulings**

I make no ruling on any of plaintiffs' objections to Interrogatory No. 3 as their answer is sufficient.  Plaintiffs' objections are preserved in the event plaintiffs wish to assert any of their objections to this interrogatory either in connection with a summary judgment motion, at trial, or otherwise.  At that time, after a record has been developed, a decision-maker will be in a better position to rule upon plaintiffs' objections should that be necessary.

2097416_5

4.      **Information to be Provided**

Because plaintiffs' answer to Interrogatory No. 3 is sufficient, no further response is required at this time.

Interrogatory No. 4

Plaintiffs have agreed to amend their response to Interrogatory No. 4.

Interrogatory No. 5

1.      **Interrogatory**

State the basis for Your contention that "[a]s a result of Sanofi's conduct and more aggressive enforcement of [Sanofi's PBG contractual] terms, Menactra's market share climbed back above 93% by 2011," and identify each instance of "more aggressive enforcement of [Sanofi's PBG contractual] terms."

2.      **Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1 and 3. | Sanofi asserts that plaintiffs' response is deficient because it does not "identify any instance of 'more aggressive' enforcement of Sanofi's contracting practices" and, further, plaintiffs cite "no evidence attributing any shift in Sanofi's market share to alleged enforcement of Sanofi's contracts" (Def. June 3, 2013 letter, at 4). | Plaintiffs' answer is sufficient. Their answer sets forth the alleged manner in which Sanofi contractually bundles its vaccines to encourage loyalty purchasing, punishes purchasers that also buy competitor vaccines, and otherwise discourages competition.  It also identifies several instances of Sanofi enforcing its contracts in a manner which allegedly allowed the company to "maintain and enhance its monopoly power, and, as a result, to artificially inflate the vaccine prices, including the price of Sanofi's Menactra |

2097416_5

| | | vaccine, paid by all direct purchasers." Plaintiffs cited documents to support these assertions.  While Sanofi may be correct that none of the information disclosed in plaintiffs' answer demonstrates any "shift" in Sanofi's policies or constitutes evidence of a "more aggressive" enforcement scheme, it is apparently plaintiffs' position that it does.  The merits of this dispute can be resolved on summary judgment or at trial. |
|---|---|---|

### 3.    Plaintiffs' Objections and Rulings

I make no ruling on any of plaintiffs' objections to Interrogatory No. 5 as their answer is sufficient.  Plaintiffs' objections are preserved in the event plaintiffs wish to assert any of their objections to this interrogatory either in connection with a summary judgment motion, at trial, or otherwise.  At that time, after a record has been developed, a decision-maker will be in a better position to rule upon plaintiffs' objections should that be necessary.

### 4.    Information to be Provided.

Because plaintiffs' answer to Interrogatory No. 5 is sufficient, no further response is required at this time.

<u>Interrogatory No. 6</u>

### 1.    Interrogatory

If You contend that Sanofi's alleged unlawful "conduct and more aggressive enforcement of [Sanofi's PBG contractual terms]" was the sole reason why Menactra's market share allegedly "climbed back above 93% by 2011," see Cmplt. ¶ 130, state the basis for Your contention.

### 2.     Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, and 5. | Sanofi asserts that plaintiffs' response is deficient because it does not indicate whether plaintiffs are, in fact, contending that Sanofi's alleged unlawful conduct was the sole cause of its market share increase (Def. June 3, 2013 letter, at 5). | Plaintiffs' answer is deficient. Sanofi asked a very precise question which plaintiffs did not answer.  Although plaintiffs' answer to Interrogatory No. 6 is lengthy, it does not indicate whether plaintiffs are contending that Sanofi's alleged unlawful conduct was the sole reason why Menactra's market share allegedly climbed above 93% by 2011, or state the basis for any such contention.[8] |

### 3.     Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 6 is a contention interrogatory, for the reasons set forth *supra* in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 6 is premature at this time. |
| Ripeness (premature expert question) | Sustained. Plaintiffs objected to Interrogatory No. 6 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 6 seeks premature expert discovery as true and, |

---

[8] I note that plaintiffs have used the same narrative in several of their responses to Sanofi's interrogatories.  While this is not necessarily improper (for example, where the narrative contains information that is responsive to the underlying request), plaintiffs have used the narrative to answer a number of interrogatories − such as Interrogatory No. 6 − which request information that is not contained in the narrative.

| | |
|---|---|
| | therefore, sustain plaintiffs' objection, subject to the following caveat: In the event plaintiffs fail to provide expert discovery, as they have represented they would, with respect to the subject matter of this interrogatory within the time required by this ruling, then, upon application by Sanofi, plaintiffs may be sanctioned for giving an incomplete, evasive and/or untrue answer. In the event, upon reconsideration, plaintiffs wish to withdraw their ripeness objection based on the need for expert discovery, then they may do so within 10 days of the date hereof and provide a sufficient answer to this interrogatory within that time frame by curing the deficiency in their answer as I have herein described said deficiency. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

### 4.  Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 6 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 6, plaintiffs are to provide a more specific answer to Interrogatory No. 6 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 6, plaintiffs are to provide a more specific answer to Interrogatory No. 6 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 6, plaintiffs are to state whether they are

contending that Sanofi's alleged unlawful conduct was the sole cause of its market share increase.  If they are making this allegation, plaintiffs must set forth the basis for the contention.

Interrogatory No. 7

**1.    Interrogatory**

If You contend that Sanofi's alleged unlawful "conduct and more aggressive enforcement" of Sanofi's PBG contractual terms was not the sole cause, but was a substantial or contributing cause, of Sanofi's alleged increase in market share, identify all such other causes and explain what portion of the alleged increase in market share was attributable to Sanofi's alleged unlawful conduct and more aggressive enforcement of Sanofi's PBG contractual terms.

**2.    Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, and 6. | Sanofi asserts that plaintiffs' response is deficient because it does not indicate whether plaintiffs are contending that there are other causes for the shift in Sanofi's market share, or identify such other causes, or explain what portion of the alleged increase in market share was attributable to Sanofi's alleged unlawful conduct (Def. June 3, 2013 letter, at 5-6). | Plaintiffs' answer is deficient. Sanofi asked a very precise question which plaintiffs did not answer.  Although plaintiffs' answer to Interrogatory No. 7 is lengthy it does not indicate anywhere whether plaintiffs are contending that there are other causes for the shift in Sanofi's market share, or identify any such other causes, or explain what portion of the alleged increase in market share was attributable to Sanofi's alleged unlawful conduct. Nor do plaintiffs state in their answer that they are unable to provide this information. |

### 3.    Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 7 is a contention interrogatory, for the reasons set forth <u>supra</u> in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 7 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 7 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 7 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth <u>supra</u> in connection with Interrogatory No. 6 |
| Multiple Interrogatories | Overruled.  Interrogatory No. 7 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

### 4.    Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 7 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 7 plaintiffs are to provide a more specific answer to Interrogatory No. 7 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 7 plaintiffs are to provide a more specific answer to Interrogatory No. 7 within 10 days following the currently applicable Court ordered

2097416_5

deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 7, plaintiffs are to state whether they are contending that there are other causes for the shift in Sanofi's market share.  If they are making this allegation, they are to identify the other causes and explain what portion of the alleged increase in market share was attributable to Sanofi's alleged unlawful conduct and more aggressive enforcement of Sanofi's PBG contractual terms. If plaintiffs cannot provide this information, they must say so.

Interrogatory No. 9

1. **Interrogatory**

> If You contend that it is anticompetitive for Sanofi to pay an administrative fee to a PBG based on whether the PBG's members meet specified volume or market share thresholds on a vaccine-by-vaccine basis (i.e., non-bundled basis), state the basis for your contention.

2. **Sufficiency of Plaintiffs' Answer**

Plaintiffs did not answer Interrogatory No. 9.

3. **Plaintiffs' Objections and Rulings**

| OBJECTION | RULING |
|---|---|
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 9 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 9 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 9 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 9 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection |

| | with Interrogatory No. 6 |
|---|---|
| Calls for Legal Conclusion | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

### 4.      Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 9 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 9, plaintiffs are to provide a more specific answer to Interrogatory No. 9 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 9, plaintiffs are to provide a more specific answer to Interrogatory No. 9 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 9, plaintiffs are to state whether they are contending that it is anticompetitive for Sanofi to pay an administrative fee to a PBG based on whether the PBG's members meet specified volume or market share thresholds on a vaccine-by-vaccine basis (i.e., non-bundled basis).  If plaintiffs are making this allegation, they are to state the basis for the contention.

<u>Interrogatory No. 10</u>

### 1.      Interrogatory

If You contend that Novartis was substantially foreclosed from competing for any purchases by a governmental entity as a result of Sanofi's alleged

unlawful conduct, state the basis for Your contention and identify each agreement or act by Sanofi that allegedly foreclosed Novartis from this segment of the market.

**2.      Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer states that Sanofi's anticompetitive conduct, including its "web of anticompetitive agreements" "adversely affected Novartis's economies of scale and scope, and thus, foreclosed Novartis from competing on the merits for sales to all meningococcal vaccine purchasers." The response further states that Sanofi's anticompetitive conduct "foreclosed Novartis from competing on the merits for purchases in the public sales channel for many reasons, including because healthcare providers who see both public and private patients often only prefer to stock and provide one type of vaccine for the combined patient population, and thus, exclusionary conduct affecting private purchasers 'spills over' to governmental channels." Plaintiffs cited documents to support these claims. | Sanofi asserts that plaintiffs' response is deficient because it does not "identify any CDC, state, or federal contract that Novartis would have won but for Sanofi's alleged unlawful conduct" (Def. June 3, 2013 letter, at 6-7). | Plaintiffs' answer is sufficient. Although Sanofi is correct that plaintiffs' response does not identify any specific government contract that Novartis would have won but for Sanofi's alleged unlawful conduct, Interrogatory No. 10 does not ask for that information. It asks for the basis of plaintiffs' contention that Novartis was foreclosed from purchases by a governmental entity and the agreements and acts of Sanofi which caused such alleged foreclosures. Plaintiffs explained in their answer the basis for their contention (i.e. that Sanofi's conduct adversely affected Novartis's economies of scale and scope which, in turn, foreclosed Novartis from competing for sales to *all* meningococcal purchasers which, in turn, "spilled over" into the public market because healthcare providers who see both public and private patients often only prefer to stock and provide one type of vaccine) and identified the alleged unlawful conduct which resulted in Novartis's foreclosure (i.e. |

2097416_5

| | | Sanofi's "web of anticompetitive agreements"). Plaintiffs' answer further states that their "analysis of Sanofi's effect on Novartis's market share, which requires expert analysis, will be further disclosed in Plaintiffs' expert reports, which will be served in accordance with the Court's schedule." |
|---|---|---|

### 3. Plaintiffs' Objections and Rulings

I make no ruling on any of plaintiffs' objections to Interrogatory No. 10 as their answer is sufficient. Plaintiffs' objections are preserved in the event plaintiffs wish to assert any of their objections to this interrogatory either in connection with a summary judgment motion, at trial, or otherwise. At that time, after a record has been developed, a decision-maker will be in a better position to rule upon plaintiffs' objections should that be necessary.

### 4. Information to be Provided

Because plaintiffs' answer to Interrogatory No. 10 is sufficient, no further response is required at this time.

<u>Interrogatory No. 11</u>

### 1. Interrogatory

If You contend that Novartis was substantially foreclosed from competing for private purchases by any non-PBG-member healthcare provider as a result of Sanofi's alleged unlawful conduct, state the basis for Your contention and identify such purchasers and each agreement or act by Sanofi that allegedly foreclosed Novartis from competing for such purchasers.

2097416_5

### 2.      Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer states that Sanofi's anticompetitive conduct, including its "web of anticompetitive agreements" "adversely affected Novartis's economies of scale and scope, and thus, foreclosed Novartis from competing on the merits for sales to all meningococcal vaccine purchasers." Plaintiffs' answer further states that their "analysis of Sanofi's effect on Novartis's ability to compete in the meningococcal vaccine market, which requires expert analysis, will be further disclosed in plaintiffs' expert reports, which will be served in accordance with the Court's schedule." | Sanofi asserts that plaintiffs' response is deficient because it does not identify any non-PBG-member contracts that Novartis would have won but for Sanofi's alleged unlawful conduct (Def. June 3, 2013 letter, at 7).  Sanofi also asserts that plaintiffs' failure to cite any non-PBG-member contracts is inconsistent with their denial of RFA No. 267 (June 17, 2013 Joint Status Report, at 15). | Plaintiffs' answer is sufficient. Although Sanofi is correct that plaintiffs' answer does not identify any specific contract that Novartis would have won but for Sanofi's alleged unlawful conduct, plaintiffs' response does state that Novartis was foreclosed from competing for sales to *all* meningococcal purchasers, and explains the basis for that contention, specifically, that Sanofi's "web of anticompetitive agreements" "adversely affected Novartis's economies of scale and scope." |

### 3.      Plaintiffs' Objections and Rulings

I make no ruling on any of plaintiffs' objections to Interrogatory No. 11 as their answer is sufficient.  Plaintiffs' objections are preserved in the event plaintiffs wish to assert any of their objections to this interrogatory either in connection with a summary judgment motion, at trial, or otherwise.  At that time, after a record has been developed, a decision-maker will be in a better position to rule upon plaintiffs' objections should that be necessary.

### 4.      Information to be Provided

Because plaintiffs' answer to Interrogatory No. 11 is sufficient, no further response is required at this time.

2097416_5

<u>Interrogatory No. 12</u>

**1.      Interrogatory**

If You contend that Novartis was substantially foreclosed from competing for any private purchases by any GSK-affiliated PBG-member healthcare provider as a result of Sanofi's alleged unlawful conduct, state the basis for Your contention and identify such purchasers and each agreement or act by Sanofi that allegedly foreclosed Novartis from competing for such purchasers.

**2.      Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs answer states that Sanofi's anticompetitive conduct, including its "web of anticompetitive agreements" "adversely affected Novartis's economies of scale and scope, and thus, foreclosed Novartis from competing on the merits for sales to all meningococcal vaccine purchasers." Plaintiffs' answer further states that their "analysis of Sanofi's effect on Novartis's ability to compete in the meningococcal vaccine market, which requires expert analysis, will be further disclosed in Plaintiffs' expert reports, which will be served in accordance with the Court's schedule." | Sanofi asserts that plaintiffs' response is deficient because it does not identify any specific contracts that Novartis would have won but for Sanofi's alleged unlawful conduct (Def. June 3, 2013 letter, at 7-8). | Plaintiffs' answer is sufficient. Although Sanofi is correct that plaintiffs' answer does not identify any specific contract that Novartis would have won but for Sanofi's alleged unlawful conduct, plaintiffs' response does state that Novartis was foreclosed from competing for sales to all meningococcal purchasers, and explains the basis for that contention, specifically, that Sanofi's "web of anticompetitive agreements" "adversely affected Novartis's economies of scale and scope." |

**3.      Plaintiffs' Objections and Rulings**

I make no ruling on any of plaintiffs' objections to Interrogatory No. 12 as their answer is

sufficient.  Plaintiffs' objections are preserved in the event plaintiffs wish to assert any of their

2097416_5

objections to this interrogatory either in connection with a summary judgment motion, at trial, or otherwise.  At that time, after a record has been developed, a decision-maker will be in a better position to rule upon plaintiffs' objections should that be necessary.

### 4.      Information to be Provided

Because plaintiffs' answer to Interrogatory No. 12 is sufficient, no further response is required at this time.

<u>Interrogatory 13</u>

### 1.      Interrogatory

If You contend that Sanofi's alleged unlawful conduct reduced Novartis' production capacity (i.e., the quantity of meningococcal vaccines that it was capable of producing for sale in the United States), state the basis for Your contention and identify the amount of additional production capacity that Novartis would have had on a monthly basis.

### 2.      Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer states that Sanofi's anticompetitive conduct, including its "web of anticompetitive agreements" "adversely affected Novartis's economies of scale and scope, and thus, foreclosed Novartis from competing on the merits for sales to all meningococcal vaccine purchasers." Plaintiffs' answer further states that their "analysis of Sanofi's effect on Novartis's ability to compete in the meningococcal vaccine market, which requires expert | Sanofi asserts that plaintiffs' response is deficient because it does not indicate whether plaintiffs are contending that Sanofi's unlawful conduct reduced Novartis's production capacity and, if they are, it does not set forth the basis for that contention (Def. June 3, 2013 letter, at 8). | Plaintiffs' answer is deficient. Plaintiffs do not answer the question asked, but rather provide essentially the same narrative response to Interrogatory No. 13 that they provided in response to Interrogatory Nos. 10-12. That narrative does not in any way indicate whether plaintiffs are contending that Sanofi's unlawful conduct reduced Novartis's production capacity, or set forth the basis for any such contention, or identify the amount of |

2097416_5

| analysis, will be further disclosed in Plaintiffs' expert reports, which will be served in accordance with the Court's schedule." | | additional production capacity that Novartis would have had on a monthly basis. Nor do plaintiffs state in their answer that they are unable to provide this information. |

### 3. Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled. Although Interrogatory No. 13 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 13 is premature at this time. |
| Ripeness (premature expert question) | Sustained. Plaintiffs objected to Interrogatory No. 13 on the basis that it seeks premature expert discovery. I accept plaintiffs' representation that Interrogatory No. 13 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |
| Multiple Interrogatories | Overruled. Interrogatory No. 13 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |

### 4. Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 13 in accordance with the following schedule: If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 13, plaintiffs are to provide a more specific answer to Interrogatory No. 13 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class

2097416_5

certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 13, plaintiffs are to provide a more specific answer to Interrogatory No. 13 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 13, plaintiffs must state whether they are contending that Sanofi's unlawful conduct reduced Novartis's production capacity.  If they are making this allegation, plaintiffs must set forth the basis for the contention and identify the amount of additional production capacity that Novartis would have had on a monthly basis.  If plaintiffs cannot provide this information, they must say so.

<u>Interrogatory No. 14</u>

1. **Interrogatory**

> If You contend that Sanofi's alleged unlawful conduct raised Novartis's costs in the alleged meningococcal vaccine market, state the basis for Your contention and identify with particularity each element of Novartis' cost that was raised, the amount by which such costs were raised, whether such costs are variable, fixed, or marginal, and the causal mechanism between Sanofi's alleged conduct and the alleged increase in cost.

2. **Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer states that Sanofi's anticompetitive conduct, including its "web of anticompetitive agreements" "adversely affected Novartis's economies of scale and scope, and thus, foreclosed Novartis from competing on the merits for sales to all meningococcal | Sanofi asserts that plaintiffs' response is deficient because it does not indicate whether plaintiffs are contending that Sanofi's conduct raised Novartis's costs in the alleged meningococcal vaccine market, nor does it identify any fixed or variable cost that | Plaintiffs' answer is deficient. Plaintiffs do not answer the question asked, but rather provide essentially the same narrative response to Interrogatory No. 14 that they provided in response to Interrogatory Nos. 10-13. That narrative does not in any |

| | | |
|---|---|---|
| vaccine purchasers." Plaintiffs' answer further states that their "analysis of Sanofi's effect on Novartis's ability to compete in the meningococcal vaccine market, which requires expert analysis, will be further disclosed in Plaintiffs' expert reports, which will be served in accordance with the Court's schedule." | Novartis incurred that it would not have in the absence of Sanofi's conduct, nor does it cite any evidence supporting the argument that Sanofi's conduct raised Novartis's costs or "adversely affected Novartis' economies of scale or scope." (Def. June 3, 2013 letter, at 8). | way indicate whether plaintiffs are contending that Sanofi's alleged unlawful conduct raised Novartis's costs in the alleged meningococcal vaccine market, set forth the basis for any such contention, or identify with particularity each element of Novartis's cost that was raised, the amount by which such costs were raised, whether such costs are variable, fixed, or marginal, and the causal mechanism between Sanofi's alleged conduct and the alleged increase in cost. Nor did plaintiffs state in their answer that they are unable to provide this information. |

### 3. Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled. Although Interrogatory No. 14 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 14 is premature at this time. |
| Ripeness (premature expert question) | Sustained. Plaintiffs objected to Interrogatory No. 14 on the basis that it seeks premature expert discovery. I accept plaintiffs' representation that Interrogatory No. 14 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |
| Multiple Interrogatories | Overruled. Interrogatory No. 14 is not |

| | multiple interrogatories, but rather a single interrogatory related to a single topic. |
|---|---|

### 4.      Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 14 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 14, plaintiffs are to provide a more specific answer to Interrogatory No. 14 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 14, plaintiffs are to provide a more specific answer to Interrogatory No. 14 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 14, plaintiffs must state whether they are contending that Sanofi's alleged unlawful conduct raised Novartis's costs in the alleged meningococcal vaccine market.  If they are making this contention, plaintiffs must set forth the basis for the contention and identify with particularity each element of Novartis' costs that were raised, the amount by which such costs were raised, whether such costs are variable, fixed, or marginal, and the causal mechanism between Sanofi's alleged conduct and the alleged increase in cost.  If plaintiffs cannot provide this information, they must say so.

<u>Interrogatory No. 15</u>

### 1.      Interrogatory

If You contend that any Sanofi-affiliated PBG member (other than a terminated member following its termination), actually paid any alleged "penalty" for purchasing Menveo, state the basis for Your

contention and identify such purchaser and the amount of the "penalty" paid on a monthly basis.

2.    **Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer states that "any customer who has paid 'list price' has likely paid a penalty." They cite an article in support of this contention. | Sanofi asserts that plaintiffs' response is deficient because plaintiffs did not actually answer the question, but instead offered a "host of frivolous objections" (Def. June 3, 2013 letter, at 8-9). | Plaintiffs' answer is deficient. While plaintiffs do state that "any customer who has paid 'list price' has likely paid a penalty," they styled this statement as an objection, not an answer to the question asked.  While this does not necessarily make their answer deficient, plaintiffs also state at the end of their answer that they "cannot answer this interrogatory without further clarification by Sanofi," which makes it even less clear whether they intended their answer to be that "any customer who has paid 'list price' has likely paid a penalty."  In any event, plaintiffs did not set forth the "amount of the 'penalty' paid on a monthly basis," or state that they cannot provide this information. |

3.    **Plaintiffs' Objections and Rulings**

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 15 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory |

| | No. 1, I do not agree that requiring a response to Interrogatory No. 15 is premature at this time. |
|---|---|
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 15 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 15 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |
| Multiple Interrogatories | Overruled.  Interrogatory No. 15 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Equally Available to Sanofi | Overruled. Not a valid objection. |
| Absent Class Members | Sustained insofar as Interrogatory No. 15 seeks discovery directly from absent class members such as by deposing, interviewing, or otherwise contacting or communicating with any of the absent class members.  This is not to rule that plaintiffs are excused from answering Interrogatory No. 15 on the basis of information in their possession, custody or control that pertains to absent class members. |

**4.    Information to be Provided**

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 15 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 15, plaintiffs are to provide a more specific answer to Interrogatory No. 15 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 15, plaintiffs are to provide a more

2097416_5

specific answer to Interrogatory No. 15 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 15, plaintiffs must state whether they are contending that any Sanofi-affiliated PBG member (other than a terminated member following its termination), actually paid any alleged "penalty" for purchasing Menveo.  If they are making this allegation, plaintiffs must state the basis for the contention and identify such purchaser and the amount of the "penalty" paid on a monthly basis. If plaintiffs cannot provide this information, they must say so.

Interrogatory No. 16

### 1.      Interrogatory

If You contend that any non-Sanofi-affiliated PBG member actually paid any alleged "penalty" for purchasing Menveo, state the basis for Your contention and identify such purchaser and the amount of the "penalty" paid on a monthly basis.

### 2.      Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer states that "any customer who has paid 'list price' has likely paid a penalty." They cite an article in support of this contention. | Sanofi asserts that plaintiffs' response is deficient because plaintiffs did not actually answer the question, but instead offered a "host of frivolous objections" (Def. June 3, 2013 letter, at 8-9). | Plaintiffs' answer is deficient. While plaintiffs do state that "any customer who has paid 'list price' has likely paid a penalty," they styled this statement as an objection, not an answer to the question asked.  While this does not necessarily make their answer deficient, plaintiffs also did not set forth the "amount of the 'penalty' paid on a monthly basis," as requested, or state that they cannot do so. |

### 3.     Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 16 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 16 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 16 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 16 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |
| Multiple Interrogatories | Overruled.  Interrogatory No. 16 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Equally Available to Sanofi | Overruled.  Not a valid objection. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Absent Class Members | Sustained for the reasons set forth in my ruling on plaintiffs' objections to Interrogatory No. 15. |

### 4.     Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 16 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 16, plaintiffs are to

provide a more specific answer to Interrogatory No. 16 within 10 days following the currently

applicable Court ordered deadline, or any extension thereof, for the production of such class

certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case

contain information that is responsive to Interrogatory No. 16, plaintiffs are to provide a more

specific answer to Interrogatory No. 16 within 10 days following the currently applicable Court

ordered deadline, or any extension thereof, for the production of such merits expert reports.  In

providing a more specific answer to Interrogatory No. 16, plaintiffs must state whether they are

contending that any non-Sanofi-affiliated PBG member actually paid any alleged "penalty" for

purchasing Menveo.  If they are making this allegation, they must state the basis for the

contention and identify such purchaser and the amount of the "penalty" paid on a monthly basis.

If plaintiffs cannot provide this information, they must say so.

<u>Interrogatory No. 17</u>

**1.      Interrogatory**

If You contend that any healthcare provider actually paid any
alleged "penalty" for purchasing Menveo after such provider was
terminated from a Sanofi affiliated PBG for its previous purchase
of Menveo, state the basis for Your contention and identify such
purchaser, the PBG from which it was terminated, the date of the
termination, and the amount of the "penalty" paid on a monthly
basis.

**2.      Sufficiency of Plaintiffs' Answer**

Plaintiffs did not answer Interrogatory No. 17.

**3.      Plaintiffs' Objections and Rulings**

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the |

2097416_5

| | basis for their objection. |
|---|---|
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 17 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 17 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 17 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 17 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |
| Multiple Interrogatories | Overruled.  Interrogatory No. 17 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Absent Class Members | Sustained for the reasons set forth in my ruling on plaintiffs' objections to Interrogatory No. 15. |

## 4.    Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 17 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 17, plaintiffs are to provide a more specific answer to Interrogatory No. 17 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 17, plaintiffs are to provide a more specific answer to Interrogatory No. 17 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In

providing a more specific answer to Interrogatory No. 17, plaintiffs must state whether they are contending that any healthcare provider actually paid any alleged "penalty" for purchasing Menveo after such provider was terminated from a Sanofi affiliated PBG for its previous purchase of Menveo.  If they are making this contention, plaintiffs must state the basis for the contention and identify such purchaser, the PBG from which it was terminated, the date of the termination, and the amount of the "penalty" paid on a monthly basis.  If plaintiffs cannot provide this information, they must say so.

Interrogatory No. 18

**1.     Interrogatory**

> For each Menactra purchaser for whom "the aggregate penalty that a purchaser pays[, or would pay,] for buying Menveo is so large that if the purchaser subtracts that penalty [from] the price of Menactra, the resulting price would be below Sanofi's average variable costs of making Menactra," see Cmplt. ¶ 129, state the identity of the purchaser, the quantity and price of relevant vaccines bought by such purchaser on a monthly basis, the "penalty" (both in aggregate and by vaccine) such purchaser paid or would have paid (on a monthly basis) for purchasing Menveo, and the quantity and price of Menactra bought by such purchaser on a monthly basis.

**2.     Sufficiency of Plaintiffs' Answer**

Plaintiffs did not answer Interrogatory No. 18.

**3.     Plaintiffs' Objections and Rulings**

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 18 is a contention interrogatory, for the reasons set forth _supra_ in connection with Interrogatory |

| | |
|---|---|
| | No. 1, I do not agree that requiring a response to Interrogatory No. 18 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 18 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 18 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6. |
| Multiple Interrogatories | Overruled.  Interrogatory No. 18 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Absent Class Members | Sustained for the reasons set forth in my ruling on plaintiffs' objections to Interrogatory No. 15. |

### 4.      Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 18 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 18, plaintiffs are to provide a more specific answer to Interrogatory No. 18 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 18, plaintiffs are to provide a more specific answer to Interrogatory No. 18 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 18, plaintiffs must provide for each Menactra purchaser for whom the aggregate penalty that a purchaser pays, or would pay, for buying Menveo is so large that if the purchaser subtracts that penalty from the price of Menactra,

the resulting price would be below Sanofi's average variable costs of making Menactra, the identity of the purchaser, the quantity and price of relevant vaccines bought by such purchaser on a monthly basis, the penalty (both in aggregate and by vaccine) such purchaser paid or would have paid (on a monthly basis) for purchasing Menveo, and the quantity and price of Menactra bought by such purchaser on a monthly basis.  If plaintiffs cannot provide this information, they must say so

Interrogatory No. 20

1.      **Interrogatory**

If You contend that any purchaser identified in Interrogatory Nos. 15-18 would have bought Menveo in lieu of Menactra (or additional doses of Menveo in lieu of a comparable number of doses of Menactra) but for Sanofi's alleged unlawful conduct, state the basis for Your contention and the quantity (or additional quantity) and price of Menveo that such purchaser would have bought (on a monthly basis) but for Sanofi's alleged unlawful conduct.

2.      **Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs answer states that they "cannot identify any purchasers in response to this interrogatory."  They then repeat, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, and 7. | Sanofi asserts that plaintiffs' response is deficient because it does not identify any purchasers that would have bought Menveo (or additional doses of Menveo) but for Sanofi's alleged unlawful conduct (Def. June 3, 2013 letter, at 9-10). | Plaintiffs' answer to Interrogatory No. 20 is sufficient.  Although styled as an objection, plaintiffs do state that they "cannot identify any purchasers in response to this interrogatory." |

### 3.      Plaintiffs' Objections and Rulings

I make no ruling on any of plaintiffs' objections to Interrogatory No. 20 as their answer is sufficient.  Plaintiffs' objections are preserved in the event plaintiffs wish to assert any of their objections to this interrogatory either in connection with a summary judgment motion, at trial, or otherwise.  At that time, after a record has been developed, a decision-maker will be in a better position to rule upon plaintiffs' objections should that be necessary.

### 4.      Information to be Provided

Because plaintiffs' answer to Interrogatory No. 20 is sufficient, no further response is required at this time.

<u>Interrogatory No. 21</u>

### 1.      Interrogatory

If You contend that, since the launch of Menveo, any healthcare provider needed to purchase Sanofi Vaccines (as opposed to competitive vaccines) in order meet its patients' healthcare needs for Relevant Vaccines, state by month the total amount of Relevant Vaccines such purchaser purchased, the maximum amount of Relevant Vaccines such purchaser could have purchased from one or more of Sanofi's competitors in order to meet such purchaser's needs, and the minimum amount of Relevant Vaccines that such purchaser had to purchase from Sanofi in order to meet such purchaser's needs.

### 2.      Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, and 20. | Sanofi asserts that plaintiffs' response is deficient because it is unclear from the response whether plaintiffs are contending that healthcare providers needed to purchase | Plaintiffs' answer is deficient. Although their answer is lengthy, it does not indicate whether plaintiffs are contending that, since the launch of Menveo, any |

| | Sanofi Vaccines in order to meet patients' healthcare needs for Relevant Vaccines (Def. June 3, 2013 letter, at 10). | healthcare provider needed to purchase Sanofi Vaccines (as opposed to competitive vaccines) in order to meet its patients' healthcare needs, or state by month the total amount of Relevant Vaccines such purchaser purchased, the maximum amount of Relevant Vaccines such purchaser could have purchased from one or more of Sanofi's competitors in order to meet such purchaser's needs, and the minimum amount of Relevant Vaccines that such purchaser had to purchase from Sanofi in order to meet such purchaser's needs.  Also, unlike in their answer to Interrogatory No. 20, plaintiffs do not state that they cannot provide this information. |

### 3.     Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 21 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 21 is premature at this time. |
| Multiple Interrogatories | Overruled.  Interrogatory No. 21 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their |

| | burden of explaining with sufficient detail the basis for their objection. |
|---|---|

### 4.      Information to be Provided

Plaintiffs are ordered to provide more specific information in response to Interrogatory No. 21.  Specifically, within 10 days of the date hereof, plaintiffs must state whether they are contending that, since the launch of Menveo, any healthcare provider needed to purchase Sanofi Vaccines (as opposed to competitive vaccines) in order meet its patients' healthcare needs.  If they are making this allegation, plaintiffs must state by month the total amount of Relevant Vaccines such purchaser purchased, the maximum amount of Relevant Vaccines such purchaser could have purchased from one or more of Sanofi's competitors in order to meet such purchaser's needs, and the minimum amount of Relevant Vaccines that such purchaser had to purchase from Sanofi in order to meet such purchaser's needs. If plaintiffs cannot provide this information, they must say so.

<u>Interrogatory No. 22</u>

### 1.      Interrogatory

> For "any member of a physician practice [that] fail[ed] to comply with the [alleged] exclusivity requirements" in any agreement such that "the entire practice pa[id] penalty prices on all Sanofi vaccines in the bundle," see Cmplt. ¶ 106, identify the member of a physician practice that failed to comply with alleged exclusivity requirements; the date of such failure; the physician practice; the penalty prices the entire practice paid, by product; the date penalty prices were paid; and identify the agreement, by Bates Number, containing the alleged "exclusivity requirement" the member and/or practice was subject to. If there were no such members or physician practices, state that fact expressly.

**2.      Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, and 21. | Sanofi asserts that plaintiffs' response is deficient because it does not identify any physician practice that was exposed to a penalty as a result of its failure to comply with the alleged exclusivity requirements of Sanofi's agreements (Def. June 3, 2013 letter, at 9-10). | Plaintiffs' answer is deficient. Although their answer is lengthy, it does not identify any physician practice that was exposed to a penalty as a result of its failure to comply with the alleged exclusivity requirements of Sanofi's agreements, or provide any of the other information requested by Sanofi in Interrogatory No. 22.  Also, unlike in their answer to Interrogatory No. 20, plaintiffs do not state that they cannot provide this information. |

**3.      Plaintiffs' Objections and Rulings**

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Multiple Interrogatories | Overruled.  Interrogatory No. 22 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Absent Class Members | Sustained for the reasons set forth in my ruling on plaintiffs' objections to Interrogatory No. 15. |

### 4.     Information to be Provided

Plaintiffs are ordered to provide more specific information in response to Interrogatory No. 22. Specifically, within 10 days of the date hereof, plaintiffs must provide, for any member of a physician practice that failed to comply with the alleged exclusivity requirements in any agreement such that the entire practice paid penalty prices on all Sanofi vaccines in the bundle, the identity of the member of a physician practice that failed to comply with alleged exclusivity requirements; the date of such failure; the physician practice; the penalty prices the entire practice paid, by product; the date penalty prices were paid. Plaintiffs also must identify the agreement, by Bates Number, containing the alleged "exclusivity requirement" the member and/or practice was subject to. If plaintiffs cannot provide this information, they must say so.

<u>Interrogatory No. 23</u>

### 1.     Interrogatory

> If You contend that any Menactra purchaser (including any class representative or putative class member) has been threatened with removal from its PBG contract if it were to purchase, or because it did purchase, Menveo, identify the PBG member threatened; the PBG to which such member belonged; the date of the threat; the person or entity who communicated the threat to the PBG member; the words (if known) or substance of the threat itself; and whether the threat was made to the PBG's membership as a whole or was directed to a specific member who purchased or was considering purchasing Menveo.

### 2.     Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer identifies two PBG members that were allegedly threatened: Plaintiff Castro and Plaintiff | Sanofi claims that plaintiffs' answer is deficient because it fails to identify any threat made *by Sanofi* to the effect | Plaintiffs' answer is sufficient. Although Sanofi may dispute whether the threats identified by plaintiffs were actually |

| | | |
|---|---|---|
| Sugartown.  Plaintiffs also cited to documents which purportedly identify some of these alleged threats. | that such member would be removed from its PBG contract (Def. June 3, 2013 letter, at 10-11). | made by Sanofi, or argue the significance of plaintiffs' failure to identify any more than two purchasers who experienced threats, that does not render plaintiffs' answer deficient. |

### 3.      Plaintiffs' Objections and Rulings

I make no ruling on any of plaintiffs' objections to Interrogatory No. 23 as their answer is sufficient.  Plaintiffs' objections are preserved in the event plaintiffs wish to assert any of their objections to this interrogatory either in connection with a summary judgment motion, at trial, or otherwise.  At that time, after a record has been developed, a decision-maker will be in a better position to rule upon plaintiffs' objections should that be necessary.

### 4.      Information to be Provided

Because plaintiffs' answer to Interrogatory No. 23 is sufficient, no further response is required at this time.

<u>Interrogatory No. 24</u>

### 1.      Interrogatory

If You contend that any Menactra purchaser (including any class representative or putative class member) has been threatened with removal from its PBG contract if it were to purchase, or because it did purchase, Menveo, identify the members, or portion of such PBG's membership, that would have purchased Menveo but for the alleged threat, and the basis for Your identification.

### 2.      Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative | Sanofi claims that plaintiffs' answer is deficient because it | Plaintiffs' answer is deficient. It does not indicate whether |

| they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, 21, and 22. | fails to identify any PBG member who would have bought additional doses of Menveo but for the alleged threat of removal (Def. June 3, 2013 letter, at 11). | they contend that any Menactra purchaser (including any class representative or putative class member) has been threatened with removal from its PBG contract if it were to purchase, or because it did purchase, Menveo, or state the basis for any such contention, or identify the members, or portion of such PBG's membership, that would have purchased Menveo but for the alleged threat. Nor do plaintiffs state that they cannot provide this information. |

### 3.    Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 24 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 24 is premature at this time. |
| Multiple Interrogatories | Overruled.  Interrogatory No. 24 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Absent Class Members | Sustained for the reasons set forth in my ruling on plaintiffs' objections to Interrogatory No. 15. |

### 4.      Information to be Provided

Plaintiffs are ordered to provide more specific information in response to Interrogatory No. 24.   Specifically, within 10 days of the date hereof, plaintiffs must state whether they contend that any Menactra purchaser (including any class representative or putative class member) has been threatened with removal from its PBG contract if it were to purchase, or because it did purchase, Menveo.  If they are making this allegation, plaintiffs must identify the members, or portion of such PBG's membership, that would have purchased Menveo but for the alleged threat, and the basis for the identification.  If plaintiffs cannot provide this information, they must say so.

<u>Interrogatory No. 25</u>

### 1.      Interrogatory

If You contend that any Menactra purchaser (including any class representative or putative class member) was forced to purchase a meningococcal vaccine from Sanofi that it either did not want or would have preferred to purchase from Novartis as a result of Sanofi's alleged unlawful conduct, state the basis for the contention and identify the purchaser and the purchaser's membership in a PBG, if any.

### 2.      Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, 21, 22 and 24. | Sanofi claims that plaintiffs' answer is deficient because it fails to identify a single Menactra purchaser that either did not want or would have preferred to purchase from Novartis but for Sanofi's alleged conduct (Def. June 3, 2013 letter, at 12). | Plaintiffs' answer is deficient. Although plaintiffs' answer is lengthy, it does not answer the specific question asked. That is, plaintiffs' answer does not indicate whether plaintiffs are contending that any Menactra purchaser (including any class representative or putative class |

|  |  | member) was forced to purchase a meningococcal vaccine from Sanofi that it either did not want or would have preferred to purchase from Novartis as a result of Sanofi's alleged unlawful conduct, or state the basis for any such contention, or identify any purchaser that either did not want or would have preferred to purchase from Novartis but for Sanofi's alleged conduct.  Nor do plaintiffs state that they cannot provide this information. |

### 3.    Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 25 is a contention interrogatory, for the reasons set forth <u>supra</u> in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 25 is premature at this time. |
| Multiple Interrogatories | Overruled.  Interrogatory No. 25 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Absent Class Members | Sustained for the reasons set forth in my ruling on plaintiffs' objections to Interrogatory No. 15. |

2097416_5

### 4.      Information to be Provided

Plaintiffs are ordered to provide more specific information in response to Interrogatory No. 25.  Specifically, within 10 days of the date hereof, plaintiffs must state, as requested in Interrogatory No. 25, whether they contend that any Menactra purchaser (including any class representative or putative class member) was forced to purchase a meningococcal vaccine from Sanofi that it either did not want or would have preferred to purchase from Novartis as a result of Sanofi's alleged unlawful conduct.  If they are making this allegation, plaintiffs must state the basis for the contention and identify any purchaser that either did not want or would have preferred to purchase from Novartis but for Sanofi's alleged conduct.  If plaintiffs cannot provide this information, they must say so.

Interrogatory No. 26

### 1.      Interrogatory

> If You contend that Menveo is preferred by all or a significant portion of Menactra purchasers or has superior quality, state the basis for Your contention and identify all facts that support Your contention, including identifying any medical studies showing that individuals inoculated with Menveo contract meningitis at a lower rate than individuals inoculated with Menactra; any medical studies showing that individuals inoculated with Menveo suffer fewer side effects than individuals inoculated with Menactra; any FDA-approved or other governmentally-approved statements establishing that Menveo is more effective than Menactra; any FDA-approved or other governmentally-approved statements establishing that Menveo is safer than Menactra; or any survey of licensed healthcare providers expressing a preference for Menveo over Menactra. To the extent You are not relying on any documents falling within these categories to support any contention that Menveo is superior or preferred to Menactra, state that fact expressly.

## 2.     Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, 21, 22, 24, and 25. | Sanofi claims that plaintiffs' answer is deficient because it does not specify whether plaintiffs are contending that healthcare providers prefer Menveo over Menactra or that Menveo has superior qualities to Menactra (Def. June 3, 2013 letter, at 12). | Plaintiffs' answer is deficient. Although plaintiffs' answer is lengthy, it does not answer the specific questions asked. That is, plaintiffs' answer does not indicate whether plaintiffs are contending that Menveo is preferred by all or a significant portion of Menactra purchasers, or state the basis for any such contention.  Plaintiffs' response also does not explain how Menveo is superior in quality to Menactra.  Nor do plaintiffs state that they cannot provide this information. |

## 3.     Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 26 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 26 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 26 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 26 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |

2097416_5

| | |
|---|---|
| Multiple Interrogatories | Sustained. I find that Interrogatory No. 26 is, in fact, two interrogatories pertaining to two discrete topics:  the topic of purchaser preferences and the topic of drug quality. However, given that Sanofi has used only 33 of its allotment of 35 interrogatories, the fact that the objection is sustained does not excuse plaintiffs from answering. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

**4.      Information to be Provided**

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 26 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 26, plaintiffs are to provide a more specific answer to Interrogatory No. 26 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 26, plaintiffs are to provide a more specific answer to Interrogatory No. 26 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 26, plaintiffs must state whether they are contending that Menveo is preferred by all or a significant portion of Menactra purchasers.  If they are making this allegation, plaintiffs must state the basis for the contention, including identifying any medical studies showing that individuals inoculated with Menveo contract meningitis at a lower rate than individuals inoculated with Menactra; any medical studies showing that individuals inoculated with Menveo suffer fewer side effects than individuals

inoculated with Menactra; any FDA-approved or other governmentally-approved statements establishing that Menveo is more effective than Menactra; any FDA-approved or other governmentally-approved statements establishing that Menveo is safer than Menactra; or any survey of licensed healthcare providers expressing a preference for Menveo over Menactra.  To the extent plaintiffs are not relying upon any documents to support any contention that Menveo is superior or preferred to Menactra, they are to state that fact expressly. If plaintiffs cannot provide this information, they must say so.

Interrogatory No. 27

**1.     Interrogatory**

> If You contend that Novartis did not compete on price for one or more Customer Segments, state the basis for your contention and identify each Customer Segment for which Novartis did not compete on price.

**2.     Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, 21, 22, 24, 25, and 26. | Sanofi claims that plaintiffs' answer is deficient because it does not identify any Customer Segment for which Novartis did not compete on price (Def. June 3, 2013 letter, at 1). | Plaintiffs' response is deficient.  Sanofi asked a very precise question which plaintiffs did not answer.  Although plaintiffs' answer is lengthy, it does not indicate whether plaintiffs are contending that Novartis did not compete on price for one or more Customer Segments, or state the basis for any such contention, or identify any Customer Segment for which Novartis did not compete on price. Nor do plaintiffs state that they are unable to provide |

| | | this information. |
|---|---|---|

### 3. Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 27 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 27 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 27 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 27 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Equally Available to Sanofi | Overruled.  Not a valid objection. |

### 4. Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 27 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 27, plaintiffs are to provide a more specific answer to Interrogatory No. 27 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case

contain information that is responsive to Interrogatory No. 27, plaintiffs are to provide a more specific answer to Interrogatory No. 27 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 27, plaintiffs must state whether they are contending that Novartis did not compete on price for one or more Customer Segments.  If they are making this allegation, they must state the basis for the contention and identify the Customer Segments for which Novartis did not compete on price.   If plaintiffs cannot provide this information, they must say so.

<u>Interrogatory No. 28</u>

1.      **Interrogatory**

> If You contend that Novartis' unit sales or market share would have been higher but for Sanofi's alleged unlawful conduct, state, by month, what Novartis' unit sales and market share would have been but for Sanofi's alleged unlawful conduct.

2.      **Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, 21, 22, 24, 25, 26, and 27. | Sanofi claims that plaintiffs' answer is deficient because it does not state whether plaintiffs are contending that Novartis' unit sales or market share would have been higher but for Sanofi's alleged unlawful conduct, or state what Novartis's unit sales and market share would have been but for Sanofi's alleged unlawful conduct (Def. June 3, 2013 letter, at 13). | Plaintiffs' answer to Interrogatory No. 28 is deficient.  Although plaintiffs' answer is lengthy, it does not answer the specific question asked. That is, plaintiffs' answer does not indicate whether plaintiffs are contending that Novartis's unit sales or market share would have been higher but for Sanofi's alleged unlawful conduct, or state what Novartis's unit sales and |

70

|  |  | market share would have been but for Sanofi's alleged unlawful conduct.  Nor do plaintiffs state that they cannot provide this information. |
|--|--|--|

### 3.    Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|-----------|--------|
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 28 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 28 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 28 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 28 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

### 4.    Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 28 in

accordance with the following schedule:  If any of plaintiffs' expert reports relating to class

certification contain information that is responsive to Interrogatory No. 28, plaintiffs are to

provide a more specific answer to Interrogatory No. 28 within 10 days following the currently

applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 28, plaintiffs are to provide a more specific answer to Interrogatory No. 28 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 28, plaintiffs must state whether they are contending Novartis' unit sales or market share would have been higher but for Sanofi's alleged unlawful conduct.  If they are making this allegation, they must state what Novartis' unit sales and market share would have been but for Sanofi's alleged unlawful conduct. If plaintiffs cannot provide this information, they must say so.

Interrogatory No. 29

### 1.      Interrogatory

> If You contend that Novartis' unit sales or market share would have been higher but for Sanofi's alleged unlawful conduct, identify all healthcare providers that would have chosen to purchase Menveo, rather than Menactra, but for Sanofi's alleged unlawful conduct.

### 2.       Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, 21, 22, 24, 25, 26, 27, and 28. | Sanofi claims that plaintiffs' answer is deficient because it does not state whether plaintiffs are contending that Novartis's unit sales or market share would have been higher but for Sanofi's alleged unlawful conduct, or identify all healthcare providers that | Plaintiffs' answer to Interrogatory No. 29 is deficient.  Although plaintiffs' answer is lengthy, it does not answer the specific question asked. That is, plaintiffs' answer does not indicate whether plaintiffs are contending that Novartis's |

|  | would have chosen to purchase Menveo, rather than Menactra, but for Sanofi's alleged unlawful conduct (Def. June 3, 2013 letter, at 13). | unit sales or market share would have been higher but for Sanofi's alleged unlawful conduct, or identify all healthcare providers that would have chosen to purchase Menveo, rather than Menactra, but for Sanofi's alleged unlawful conduct. Nor do plaintiffs state that they cannot provide this information. |
| --- | --- | --- |

### 3.      Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
| --- | --- |
| Relevance | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 29 is a contention interrogatory, for the reasons set forth <u>supra</u> in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 29 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 29 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 29 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth <u>supra</u> in connection with Interrogatory No. 6. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |
| Burdensomeness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

### 4.        Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 29 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 29, plaintiffs are to provide a more specific answer to Interrogatory No. 29 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 29, plaintiffs are to provide a more specific answer to Interrogatory No. 29 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 29, plaintiffs must state whether they are contending that Novartis' unit sales or market share would have been higher but for Sanofi's alleged unlawful conduct.  If they are making this allegation, plaintiffs must identify all healthcare providers that would have chosen to purchase Menveo, rather than Menactra, but for Sanofi's alleged unlawful conduct. If plaintiffs cannot provide this information, they must say so.

<u>Interrogatory No. 30</u>

### 1.        Interrogatory

If You contend that Sanofi's alleged unlawful conduct caused the prices for Menactra to rise above competitive levels (or to have not been reduced to competitive levels) for any purchaser or Customer Segment, state the basis for Your contention and identify with particularity the causal mechanism between the specific conduct identified and the prices raised or not reduced.

### 2.   Sufficiency of Plaintiffs' Answer

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, 21, 22, 24, 25, 26, 27, 28, and 29. | Sanofi claims that plaintiffs' answer is deficient because it does not state whether plaintiffs are contending that Sanofi's alleged unlawful conduct caused the prices for Menactra to rise above competitive levels (or to have not been reduced to competitive levels) for any purchaser or Customer Segment, or state the basis for any such contention (Def. June 3, 2013 letter, at 13-14). | Plaintiffs' answer to Interrogatory No. 30 is deficient.  Although plaintiffs' answer is lengthy, it does not answer the specific question asked. That is, plaintiffs' answer does not indicate whether plaintiffs are contending that Sanofi's alleged unlawful conduct caused the prices for Menactra to rise above competitive levels (or to have not been reduced to competitive levels) for any purchaser or Customer Segment, or state the basis for any such contention, or identify with particularity the causal mechanism between the specific conduct identified and the prices raised or not reduced.  Nor do plaintiffs state that they cannot provide this information. |

### 3.   Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 30 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 30 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 30 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 30 seeks |

| | premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |
|---|---|
| Multiple Interrogatories | Overruled.  Interrogatory No. 30 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

### 4.    Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 30 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 30, plaintiffs are to provide a more specific answer to Interrogatory No. 30 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 30, plaintiffs are to provide a more specific answer to Interrogatory No. 30 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In providing a more specific answer to Interrogatory No. 30, plaintiffs must state whether they are contending that Sanofi's alleged unlawful conduct caused the prices for Menactra to rise above competitive levels (or to have not been reduced to competitive levels) for any purchaser or Customer Segment.  If they are making this allegation, plaintiffs must state the basis for the contention and identify with particularity the causal mechanism between the specific conduct identified and the prices raised or not reduced. If plaintiffs cannot provide this information, they must say so.

2097416_5

<u>Interrogatory No. 31</u>

**1.     Interrogatory**

If You contend that the market-wide capacity of meningococcal vaccine has been reduced because of, or would have expanded but for, Sanofi's alleged unlawful conduct, state the basis for Your contention and identify the specific dates on which additional capacity would have been available and the specific amount of additional capacity that would have been available on each such date.

**2.     Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, 21, 22, 24, 25, 26, 27, 28, 29, and 30. | Sanofi claims that plaintiffs' answer is deficient because it does not state whether plaintiffs are contending that the market-wide capacity of meningococcal vaccine has been reduced because of, or would have expanded but for, Sanofi's alleged unlawful conduct, or identify the dates on which additional capacity would have been available and the specific amount that would have been available on such dates (Def. June 3, 2013 letter, at 14). | Plaintiffs' answer to Interrogatory No. 31 is deficient.  Although plaintiffs' answer is lengthy, it does not answer the specific question asked. That is, plaintiffs' answer does not indicate whether plaintiffs are contending that the market-wide capacity of meningococcal vaccine has been reduced because of, or would have expanded but for, Sanofi's alleged unlawful conduct, or state the basis for any such contention, or identify the specific dates on which additional capacity would have been available and the specific amount of additional capacity that would have been available on each such date.  Nor do plaintiffs state that they cannot provide this information. |

2097416_5

3.      **Plaintiffs' Objections and Rulings**

| OBJECTION | RULING |
|---|---|
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 31 is a contention interrogatory, for the reasons set forth _supra_ in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 31 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 31 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 31 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth _supra_ in connection with Interrogatory No. 6 |
| Multiple Interrogatories | Overruled.  Interrogatory No. 31 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

4.      **Information to be Provided**

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 31 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 31, plaintiffs are to provide a more specific answer to Interrogatory No. 31 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports.  If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 31, plaintiffs are to provide a more specific answer to Interrogatory No. 31 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports.  In

providing a more specific answer to Interrogatory No. 31, plaintiffs must state whether they are contending that the market-wide capacity of meningococcal vaccine has been reduced because of, or would have expanded but for, Sanofi's alleged unlawful conduct.  If they are making this allegation, plaintiffs must state the basis for the contention and identify the specific dates on which additional capacity would have been available and the specific amount of additional capacity that would have been available on each such date. If plaintiffs cannot provide this information, they must say so.

Interrogatory No. 32

**1.     Interrogatory**

> If You contend that the market-wide output of meningococcal vaccine has been reduced because of, or would have expanded but for, Sanofi's alleged unlawful conduct, state the basis for Your contention and identify all purchasers who, in the absence of Sanofi's alleged unlawful conduct, would have bought more doses of meningococcal vaccines (regardless of brand) than they did.

**2.     Sufficiency of Plaintiffs' Answer**

| ANSWER | ALLEGED INSUFFICIENCY OF ANSWER | RULING ON SUFFICIENCY OF ANSWER |
|---|---|---|
| Plaintiffs' answer is, in essence, the same narrative they provided in response to Interrogatory Nos. 1, 3, 5, 6, 7, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, and 31. | Sanofi claims that plaintiffs' answer is deficient because it does not state whether plaintiffs are contending that the market-wide output of meningococcal vaccine has been reduced because of, or would have expanded but for, Sanofi's alleged unlawful conduct, or identify any purchasers who, in the absence of Sanofi's alleged unlawful conduct, would have bought more doses of | Plaintiffs' answer to Interrogatory No. 32 is deficient.  Although plaintiffs' answer is lengthy, it does not answer the specific question asked. That is, plaintiffs' answer does not indicate whether plaintiffs are contending that the market-wide output of meningococcal vaccine has been reduced because of, or would have expanded but for, Sanofi's alleged unlawful conduct, or |

| | meningococcal vaccines than they did (Def. June 3, 2013 letter, at 14). | state the basis for any such contention, or identify purchasers who, in the absence of Sanofi's alleged unlawful conduct, would have bought more doses of meningococcal vaccines (regardless of brand) than they did.  Nor do plaintiffs state that they cannot provide this information. |
|---|---|---|

### 3. Plaintiffs' Objections and Rulings

| OBJECTION | RULING |
|---|---|
| Ripeness (premature contention interrogatory) | Overruled.  Although Interrogatory No. 32 is a contention interrogatory, for the reasons set forth supra in connection with Interrogatory No. 1, I do not agree that requiring a response to Interrogatory No. 32 is premature at this time. |
| Ripeness (premature expert question) | Sustained.  Plaintiffs objected to Interrogatory No. 32 on the basis that it seeks premature expert discovery.  I accept plaintiffs' representation that Interrogatory No. 32 seeks premature expert discovery as true and, therefore, sustain plaintiffs' objection, subject to the same caveat set forth supra in connection with Interrogatory No. 6 |
| Multiple Interrogatories | Overruled.  Interrogatory No. 32 is not multiple interrogatories, but rather a single interrogatory related to a single topic. |
| Vagueness | Overruled. Plaintiffs have failed to carry their burden of explaining with sufficient detail the basis for their objection. |

### 4. Information to be Provided

Plaintiffs are ordered to provide a more specific answer to Interrogatory No. 32 in accordance with the following schedule:  If any of plaintiffs' expert reports relating to class certification contain information that is responsive to Interrogatory No. 32, plaintiffs are to

2097416_5

provide a more specific answer to Interrogatory No. 32 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such class certification expert reports. If any of plaintiffs' expert reports relating to the merits of this case contain information that is responsive to Interrogatory No. 32, plaintiffs are to provide a more specific answer to Interrogatory No. 32 within 10 days following the currently applicable Court ordered deadline, or any extension thereof, for the production of such merits expert reports. In providing a more specific answer to Interrogatory No. 32, plaintiffs must state whether they are contending that the market-wide output of meningococcal vaccine has been reduced because of, or would have expanded but for, Sanofi's alleged unlawful conduct. If they are making this allegation, they must state the basis the contention, and identify any purchasers who, in the absence of Sanofi's alleged unlawful conduct, would have bought more doses of meningococcal vaccines (regardless of brand) than they did. If plaintiffs cannot provide this information, they must say so.

<u>Interrogatory No. 33</u>

**1.      Interrogatory**

> Identify the date, time, place(s), and mode of communication (e.g., telephonic, in person, etc.) of all meetings and communications prior to December 9, 2011 concerning Sanofi, vaccines, or bundling between any person identified as counsel of record for Plaintiffs in this case and any one of the following: Novartis, FTC, Navigant (including Kevin W. Caves, Hal J. Singer, and any individuals working with or for Messrs Caves and Singer), GSK, CREW, AAI, Jim Vicars, Access Vaccines, Bob Chalmers, and Physicians Alliance of America. For each such meeting or communication, identify all participants and describe the substance of the communications

2.      **Plaintiffs' Response**

Plaintiffs did not answer Interrogatory No. 33.  They objected to Interrogatory No. 33 on the following grounds: burdensomeness, relevance, multiple interrogatories, attorney-client privilege, and work product privilege.

3.      **Ruling**

I defer ruling on plaintiffs' objections to Interrogatory No. 33 at this time, as these issues (at least in part) are being addressed in plaintiffs' Motion to Quash that was filed in the United States District Court for the Northern District of Illinois.  Those proceedings involve third-party subpoenas seeking production of documents from Navigant Consulting, Inc. pertaining to its communications with Berger & Montague.   Apparently, Sanofi wants to explore whether Novartis instigated this lawsuit by working with plaintiffs' counsel either directly or through Navigant.  The Northern District of Illinois declined to quash the subpoenas finding, *inter alia*, that the work product privilege does not apply to certain information and documents requested in Sanofi's subpoenas, which information and documents are apparently similar to the information requested in Interrogatory No. 33.

Plaintiffs are seeking appeal of the Northern District of Illinois' ruling.  The appeal is pending in the Seventh Circuit.  Plaintiffs request for a stay pending appeal has been denied. Once the Seventh Circuit decides plaintiffs' appeal I will establish a procedure for deciding the respective claims and defenses concerning this interrogatory, including the preclusive effect (if any) of the proceedings in the Northern District of Illinois, the District of Columbia, or in any other court deciding the same or substantially the same issues that derive from the same nucleus of operative facts as this interrogatory.

It would be imprudent to order disclosure of the information requested in Interrogatory No. 33 before the Seventh Circuit rules.  If the Seventh Circuit were to reverse or modify the Northern District of Illinois' Order, and rule that the information requested in Interrogatory No. 33 is protected from disclosure, that could have some impact on plaintiffs' obligation to answer Interrogatory No. 33.  Further, if I were to issue an order compelling a more specific response to Interrogatory No. 33 prior to the Seventh Circuit's decision, the damage to plaintiffs from a wrongful disclosure could be irreversible.

In addressing discovery motions which raise issues that are under consideration by another federal court in motion to quash proceedings, courts often decline to decide the discovery motions until the motion to quash is resolved. See, e.g., Heartland Surgical Hospital v. Midwest Division, Inc, Case No. 015-cv-2164 (D. Kan. June 6, 2007); Bennett v. Nucor Corp., Case No. 4:06-mc-00046 (S.D. Tex. Feb. 7, 2006).


           /s Ronald J. Riccio
           RONALD J. RICCIO
           Court-Appointed Special Master


Dated: July 26, 2013