# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW
PARK 80 WEST - PLAZA ONE - 250 PEHLE AVENUE, SUITE 401 - SADDLE BROOK, N.J. 07663
201-845-9600 - FAX 201-845-9423

General E-mail: clphk@njlawfirm.com
Internet Address: www.njlawfirm.com

Peter S. Pearlman, Esq.
psp@njlawfirm.com
Direct Dial: 551-497-7131
Cell: 201-709-0597

December 30, 2013

***VIA ECF***
The Honorable Michael A. Hammer
United States Magistrate Judge
United States District Court for the District of New Jersey
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, NJ 07102

Re:    ***Adriana M. Castro, M.D., P.A., et al. v. Sanofi Pasteur Inc.***
       **No. 11-cv-07178-JLL (D.N.J.)**

Dear Judge Hammer:

The parties submit the following joint status report regarding the case schedule, pursuant to the Court's December 20, 2013 Order (Doc. No. 273). Attached hereto as Exhibit 1 is the Plaintiffs' proposed amended case scheduling order.

*          *          *

## I.    PLAINTIFFS' POSITION

Plaintiffs request a 60-day extension of the schedule (Doc. No. 222).[1] Plaintiffs have diligently conducted discovery by, *inter alia*, reviewing huge document and data productions, including large recent productions; negotiating productions with numerous third parties; taking and defending 24 depositions (13 since September); challenging Sanofi's deficient privilege logs (resulting in productions of inappropriately withheld documents); briefing (totaling well over a

---

[1] Sanofi says it sought assurances that a prior extension would be the last one. Plaintiffs intended that it would be, but unanticipated events including Sanofi's huge belated productions and refusal to produce five critical witnesses (and a Rule 30(b)(6) designee on a central issue) for deposition, among other things, has made that impossible.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 30, 2013
Page 2

thousand pages) before the Special Master; answering dozens of interrogatories and hundreds of requests for admission; and extensive meeting-and-conferring. Fact discovery closes on January 10, 2014; opening class certification expert reports are due January 17, 2014. Plaintiffs' efforts to meet deadlines have been impeded by the pace of ongoing document and data productions, Sanofi's unjustified refusal to produce critical witnesses for deposition, and the need for resolution of certain discovery disputes.[2] A 60-day extension is appropriate.

*First*, in the last three months, Sanofi has produced more than 73,000 documents totaling nearly 400,000 pages (and many of these individuals "pages" are huge data files requiring extensive work to be rendered useable).[3] Sanofi only produced last week the files from a sales-and-marketing database that the Special Master found is "likely to contain unique documentary evidence that has not otherwise been produced by Sanofi in this case," and "is likely to lead to relevant evidence concerning Plaintiffs' allegation that Sanofi unlawfully pressured its customers to remain loyal to its allegedly unlawful bundling contracts." Doc. No. 239, at 13. Finally, both Sanofi and Novartis recently produced large caches of data, which require extensive processing and analysis to render the data useable.[4] This data is critical to class certification reports.

---

[2] Certain disputes have been briefed to the Court. *E.g.*, Doc. No. 249 (joint letter re: additional time for one Sanofi witness). Other disputes are ripe for adjudication, but Plaintiffs hoped to raise these before the Court at an in-person status conference to avoid further unnecessary briefing. *See* Doc. No. 253 (letter requesting status conference and noting there are additional discovery issues for which Plaintiffs seek the Court's guidance).

[3] In the last two weeks alone, Sanofi produced more than 50,000 pages of documents. Many of these documents were among those that Plaintiffs had requested in February 2013, and which Sanofi declined to produce until ordered to do so by the Special Master in September 2013. These were documents that the Special Master described as "relat[ing] not to some ancillary topic, but to one of their main allegations in this lawsuit." Special Master's September 30 Report (Doc. No. 239), at 12.

[4] With each of Sanofi's data productions, there has been extensive back-and-forth between the parties necessary to understand the data. By agreement, the parties have conducted that process informally via letters, as opposed to through more formal discovery procedures. Sanofi has produced answers to Plaintiffs' questions on a rolling basis, including producing the most recent set of answers *this week*.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 30, 2013
Page 3

Plaintiffs need more time to review, catalog, and analyze these documents and data before completion of fact discovery and the issuance of expert reports.

*Second,* Sanofi refuses to produce certain critical fact and Rule 30(b)(6) witnesses for deposition absent an order from the Court.[5]   All five fact witnesses are central to this case; indeed, four of the witnesses are individuals Sanofi used as custodians for document collection. Plaintiffs wish to depose these witnesses—including Sanofi's head of account management and head of pricing, both of whom were intimately involved in designing the anticompetitive contractual scheme—before the end of fact discovery and before issuing opening class certification expert reports.[6]   Moreover, Sanofi recently informed Plaintiffs they are now representing Sanofi's former head of pricing, who was scheduled to testify before the end of fact discovery pursuant to Plaintiffs' subpoena.  This witness is apparently now unavailable until late January, meaning Plaintiffs will be unable to use this deposition in opening expert reports absent an extension.  In short, Plaintiffs need time to take these depositions (presuming the Court orders Sanofi to produce the witnesses) before discovery closes and expert reports are due.

---

[5] Sanofi asserts that their refusal is based on Plaintiffs having turned down dates for each witness. Sanofi omits that they unilaterally cancelled confirmed dates for some of these witnesses, and only offered a single unworkable date for one witness. Moreover, Sanofi gives misleading figures on the number of depositions; Plaintiffs have taken or defended *thirteen* depositions since September. There would have been more depositions earlier in the case but for Sanofi's unilateral cancellations. But the merits of this dispute will be presented to the Court in a separate setting. This is about a schedule, and Plaintiffs need to depose these witnesses before serving expert reports.

[6] Recently, Sanofi offered three more days of deposition, provided Plaintiffs agree to drop the remaining deposition days. Sanofi's refusal to produce the witnesses is unjustified, and Plaintiffs need these critical depositions. In any event, Sanofi refuses to extend the schedule, meaning that Plaintiffs would not be able to take these additional depositions before serving their opening expert reports, which prejudices Plaintiffs.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 30, 2013
Page 4

## II.    SANOFI'S POSITION

The current schedule should remain in place.  The parties have been in heavy discovery for 18 months, long even for an antitrust case.  With over 50 lawyers on plaintiffs' roster, the record on every important issue has been fully developed.  By now, plaintiffs have discovered all relevant facts concerning Sanofi's decision to add Menactra to its contracts, and its methods for implementing that contracting strategy.  Nonetheless, taking the Court's recent order to heart, Sanofi offered up to three deposition days out-of-time, inclusive of Ms. Tillman (a *recently-noticed* former employee).  This proposal does not require a global extension, as plaintiffs can incorporate "new" learning into their expert reply brief.  Plaintiffs rejected this without counter.

A *third* extension is unnecessary given Sanofi's extraordinary – and exemplary – discovery efforts.  Plaintiffs initially implored the Court to set an aggressive schedule.  Sanofi concurred and, to keep the schedule, produced documents on an expedited basis and proposed a global deposition schedule.   Last March, plaintiffs abandoned their desire for expedition, requesting an unlimited fact discovery period.  In May, the Court rejected this (and plaintiffs' six month fallback), and extended the schedule by four months.  In August plaintiffs sought another three months.  There was no need, but Sanofi consented, premised on plaintiffs' agreement that *"this will be the last extension of the general discovery deadline."*  Plaintiffs accepted.  Yet they now seek another extension, on three meritless grounds:  depositions, documents, and disputes.

**Depositions**.  Plaintiffs say they need two more months to take five depositions.  We disagree.  *First*, plaintiffs have deposed 14 Sanofi employees, at every level, and 24 individuals overall:  no more are necessary.  *Second*, it does not take two months to depose five witnesses. *Third*, plaintiffs repeatedly refused the opportunity to depose these same witnesses.  Causing

4

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 30, 2013
Page 5

great frustration to Sanofi's employees (who had to clear and re-clear their calendars), plaintiffs rejected the *six days* proffered for Mr. Grau; the three days proffered for *each* of Messrs. Grass, Messina, and Perdue (*nine days total*); and the day proffered for Ms. Garcia-Diaz. Sanofi did not "refuse" to produce these witnesses; all would have been deposed but for plaintiffs' so-called "wave" strategy, where they refused to depose earlier custodians (whose documents they had for over a year) until after they had deposed later-added ones. This tactic resulted in only *one* Sanofi deposition in July, *zero* in August, *one* in September, three in October, *one* in November, and three in December. Sanofi should not bear the brunt of Plaintiffs' games.[7]

**Documents**. Plaintiffs claim they need more time because Sanofi supplemented its document production over the course of discovery. But most documents were produced over a year ago. Of those more recently produced, 75% were from supplemental custodians. But plaintiffs have reviewed these documents, *and deposed all currently-employed supplemental custodians*. Most of the rest were additional contracts caught in a technical glitch. Plaintiffs have not identified a single unique provision in them. As to the Focus Notes database, plaintiffs have had most of it for over a year: the most recent production was just an update of it.

**Disputes**. Plaintiffs seek more time to address various discovery disputes. As to the discrete issues before the Court, compliance can be addressed with any merits ruling. As to any new issues (*e.g.*, the privilege log, which plaintiffs sat on for six months), plaintiffs should have brought them "to the Court's attention … prior to the close of discovery" via the joint letter writing process, rather than seek to sandbag Sanofi at this late stage. *See* Dkt. No. 104.

---

[7] The "cancellations" plaintiffs invoke are: *their own* cancellation of Mr. Messina's deposition due to a conflicting hearing; a rescheduling, with a month's notice, of the Messina deposition to make way for Novartis's depositions; and the rescheduling, with notice, of Mr. Grass's deposition due to a family surgery (with a new date provided).

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

December 30, 2013
Page 6

Respectfully submitted

_/s/ Peter S. Pearlman_
Peter S. Pearlman

PSP:glv
cc:  All Counsel of Record (via ECF)

EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

ADRIANA M. CASTRO, M.D., P.A.;
SUGARTOWN PEDIATRICS, LLC; and
MARQUEZ and BENGOCHEA, M.D., P.A.,
on behalf of themselves and all others similarly
situated,

       Plaintiffs,

v.

SANOFI PASTEUR INC.,

       Defendant.

**CIVIL ACTION NO. 11-cv-07178-JLL**

**CLASS ACTION**

**THIRD AMENDED SCHEDULING
ORDER**

WHEREAS, it appearing to the Court that certain discovery deadlines contained in this Court's Second Amended Scheduling Order entered on August 26, 2013 (Doc. No. 222) (the "Second Amended Scheduling Order") should be extended;

WHEREAS, the parties have been diligently conducting discovery;

WHEREAS, there remains substantial discovery to be conducted, including certain third-party discovery;

WHEREAS, there are still outstanding discovery issues that remain to be adjudicated; and

WHEREAS, good cause appearing,

IT IS HEREBY ORDERED that the Second Amended Scheduling Order is further amended to provide the following revised dates for the following events:

| Event | Deadline Under Second Amended Scheduling Order | New Deadline |
|---|---|---|
| Fact discovery closes | January 10, 2014 | March 10, 2014 |
| Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area to be completed | January 10, 2014 | March 10, 2014 |
| Plaintiffs' class certification expert reports due | January 17, 2014 | March 17, 2014 |
| Defendant's class certification expert reports due | March 18, 2014 | May 16, 2014 |
| Plaintiffs' rebuttal class certification expert reports due | April 29, 2014 | June 27, 2014 |
| Class certification expert discovery closes | May 21, 2014 | July 21, 2014 |
| Class certification motion due | May 30, 2014 | July 30, 2014 |
| Opposition to class certification due | July 14, 2014 | September 12, 2014 |
| Reply to opposition to class certification due | August 13, 2014 | October 10, 2014 |
| Plaintiffs' merits expert reports due | September 3, 2014 | November 3, 2014 |
| Defendant's merits expert reports due | November 3, 2014 | January 5, 2015 |
| Rebuttal merits expert reports due | December 15, 2014 | February 13, 2015 |
| Merits expert discovery closes | January 15, 2015 | March 13, 2015 |
| Summary judgment motions due | February 5, 2015 | April 3, 2015 |
| Oppositions to summary judgment due | March 12, 2015 | May 8, 2015 |
| Reply to opposition to summary judgment due | April 13, 2015 | June 12, 2015 |
| Final pretrial conference | TBD | TBD |

_____

Hon. Michael A. Hammer, U.S.M.J.