UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ADRIANA CASTRO, M.D., P.A., on behalf of itself and all others similarly situated, **et al.**, | : : : : : | |
| Plaintiffs, | : : | Civil Action No. 11-7178 (MCA) |
| v. | : : | |
| SANOFI PASTEUR INC., | : : | ORDER |
| Defendant. | : : | |

This matter having come before the Court by way of the parties' joint motion[1] to seal [D.E. 308] portions of Plaintiffs' motion for class certification [D.E. 309], and certain exhibits contained in that motion;[2]

---

[1] The Court construes the application as a joint motion. Although Plaintiffs filed the motion to seal, the information that Plaintiffs seek to seal belongs to Defendant Sanofi Pasteur Inc. ("Sanofi" or "Defendant"). Accordingly, Defendant filed a supplemental submission in support of Plaintiffs' motion to specify the limited portions of Plaintiffs' motion for class certification that it seeks to seal. See Certification of Wanda L. Ellert, Esq. in Supp. of Pls.' Mot to Seal ("Ellert Cert."), Dec. 29, 2014, D.E. 320. In addition, non-party Novartis Vaccines & Diagnostics, Inc. ("Novartis") also supplemented Plaintiffs' motion to identify portions of Plaintiffs' motion for class certification that it seeks to seal. See Declaration of Rebekah R. Conroy, Esq. in Supp. of Pls.' Mot. to Seal ("Conroy Decl."), Dec. 29, 2014, D.E. 319. Thus, the Court will construe Plaintiffs' motion to seal as a joint motion.

[2] Plaintiffs seek to seal thirty-two exhibits attached to the Declaration of Peter S. Pearlman, Esq. that Plaintiffs submitted in support of their motion for class certification. See Declaration of Peter S. Pearlman, Esq. in Supp. of Pls.' Mot. for Class Cert. ("Pearlman Decl."), Dec. 15, 2014, D.E. 309-2. Specifically, Plaintiffs seek to seal Exhibits 1-6, 8-15, 17-26, and 28-35. See id. Plaintiffs contend that these exhibits warrant sealing in their entirety because they refer to information that Defendant has deemed confidential, and "the necessary redactions are so extensive as to make the filing of a redacted document impractical." See Joint Mot., at 2, Dec. 15, 2015, D.E. 308-1.

Defendant, however, seeks to seal only limited portions of Plaintiffs' motion for class certification, and certain exhibits attached to the Mr. Pearlman's Declaration. See Ellert Cert., at

and the Court having considered the parties' submissions, the record, and the applicable law;

and the Third Circuit recognizing that the First Amendment as well as common law guarantee the right of public access to judicial proceedings and judicial records, Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984) (holding "the public and the press possess a First Amendment and a common law right of access to civil proceedings; indeed, there is a presumption that these proceedings will be open");

and the Third Circuit further recognizing that the common law "right to inspect and copy, sometimes termed the right to access, antedates the Constitution" and has been justified by the public's right to public documents and to open courts, "which has particular applicability to

---

¶ 2, Dec. 29, 2014, D.E. 320.  Specifically, Defendant seeks to seal the following excerpts: Plaintiffs' Mot. for Class Cert., at 9, Dec. 15, 2014, D.E. 309-1; Exh. 1 at SP 00116691-92, 00116695-97, 00116705; Exh. 2 (Elhauge 3/17/14 Report) at ¶¶ 6, 103-105, 107, 109, 115, 118, 123, 128, 131, 133, 135, 138, 140, 141, 159, 162, 163, 165, 166, 168, 201, 226, 235, 258, 278, Table 4 (pg. 74); Exh. 3 (Elhauge 7/16/14 Rebuttal Report) at ¶¶ 98, 100, 117, 124, 127, 162, 284, 316, Table 3 (pg. 124); Exh. 4 (Elhauge 10/31/14 Elhauge Supplemental Report) at ¶¶ 52, 53, 56, 65, 67, 75, 199; Figure 2 (pg. 19); Exh. 5 (Leitzinger Report) at ¶ 33; Diagram 1 (pg. 27); Exh. 6 (Leitzinger Rebuttal Report) at ¶ 17; Exh. 10 (Laurie McDonald Declaration), at § 11.1 of Exh. A and § 1.4 of Exh. B; Exh. 11 at SP 01906016, 01906022-23; Exh. 12 at SP 00423520; Exh. 20 at SP 00042809; Exh. 21 at SP 00684859; Exh. 23 at SP 01388862-63; Exh. 24 at SP 00501071, 00501074, 00501086; Exh. 25 at SP 01690197; Exh. 26 at SP 00023196-98; Exh. 28 at SP 00945383-84, 00945388-89, 00945393; Exh. 34 at SP 00388913 (collectively, the "Sanofi Material").  See id.; see also Declaration of Erik Grau in Supp. of Pls.' Mot. to Seal ("Grau Decl."), Dec. 29, 2014, D.E. 320-29.  Defendant further provides that Exhs. 8-9, 13-15, 22, 31-33, and 35 to Mr. Pearlman's Declaration, see Pearlman Decl., Dec. 15, 2014, D.E. 309-2, do not require redactions.  See Ellert Cert., at ¶ 5, Dec. 29, 2014, D.E. 320.

Moreover, Novartis seeks to seal the following portions of Plaintiffs' motion for class certification:  (1) page 2, lines 3-4; (2) page 9, fn. 11; (3) the bottom two lines of page 28 and the first line of page 29; (4) page 29, line 13 through page 30, line 1 and fn. 40; (5) page 31, lines 2-3; (6) page 38, fn. 57, line 1; (7) page 38, lines 23-26; and (8) page 43, lines 16-17 (collectively, the "Novartis Material").  See Conroy Decl., at ¶ 2, Dec. 29, 2014, D.E. 319; see also Prop. Order, at ¶ b, Dec. 29, 2014, D.E. 319-2.

2

judicial records," United States. v. Criden, 648 F.2d 814, 819 (3d Cir. 1981) (citations omitted);

and the Third Circuit applying the First Amendment guarantee to access to civil trials because civil litigation "plays a particularly significant role in the functioning of the judicial process and the government as a whole," Publicker, 733 F.2d at 1070 (quoting Globe Newspaper Co. v. Sup. Ct. of Norfolk Cnty., 457 U.S. 596, 606 (1982));

and public access to civil trials ensuring the integrity of the fact-finding process, fostering an appearance of fairness, and heightening public respect for the judicial process by allowing the public to serve as a check upon the judicial process, id.;

and the filing of materials with the Court creating a "presumption that such materials, regardless of a discovery designation by the parties, are part of the public record and subject to public access," Darkins v. Continental Airlines, Inc., No. 10-6165, 2013 WL 3285049, at *2 (D.N.J. June 27, 2013); see also Cmt. to L. Civ. R. 5.3(c)(2); Bank of Am. Nat'l Trust and Savs. Ass'n v. Hotal Rittenhouse Assoc., 800 F.2d 339, 346 (3d Cir. 1988) (holding confidential settlement agreement submitted to the court to resolve dispute related thereto became part of the public record);

and Local Civ. Rule 5.3(a)(4) codifying this presumption and providing that "[s]ubject to this rule and to statute or other law, all materials and judicial proceedings are matters of public record and shall not be sealed";

and the Court noting that the presumption of open access may be rebutted because "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 1988) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978));

and in determining whether the parties have met their burden of overcoming the presumption of open access "[a] trial court must satisfy certain procedural and substantive requirements . . . ." Publicker, 733 F.2d at 1071;

and the Third Circuit setting forth these requirements as follows:

> [p]rocedurally, a trial court in closing a proceeding must both articulate the countervailing interest it seeks to protect and make findings specific enough that a reviewing court can determine whether the closure order was properly entered. Substantively, the record before the trial court must demonstrate an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.

Id., at 1071 (citations and internal quotation marks omitted); see also In re Cendent Corp., 260 F.3d 183, 194 (3d Cir. 2001) (deciding that the "party seeking closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure") (citations and internal quotation marks omitted);

and the party seeking to seal court materials being required to show that the interest in secrecy outweighs the presumption of access, id. (citing Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993));

and the party seeking to seal materials or proceedings being required to articulate a specific injury that public access will inflict, and to demonstrate why the interest in preventing said injury outweighs the "strong common law presumption of access . . . ." In re Cendent, 260 F.3d at 194; Zurich Am. Ins., Co. v. Rite Aid Corp., 345 F. Supp. 2d 497, 503 (E.D. Pa. 2004);

and if the Court finds that sealing the record is appropriate, then the "court should . . . articulate[] the compelling countervailing interests to be protected, [make] specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested . . . parties to be heard," id. (quoting Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994));

4

and Local Civil Rule 5.3(c) codifying these requirements and requiring that a party seeking an order sealing or otherwise restricting public access to Court proceedings or materials filed with the Court must file a motion that describes:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(2);

and Local Civil Rule 5.3 further requiring that once the movant identifies the legitimate or compelling interest, the Court must weigh that interest against the strong presumption of public access, see Leucadia, 998 F.2d at 167 (vacating the district court's order sealing judicial materials, in part, because the court failed to articulate a particularized weighing of interests with respect to each document for which a sealing order was sought);

and if a sealing order is warranted, the Court must then inquire whether or not a "less restrictive alternative to the relief sought is appropriate," L. Civ. R. 5.3(c)(2);

and the Court having considered the materials at issue under this standard;

and the Court finding that the limited portions of Plaintiffs' motion for class certification, and certain attached exhibits that Defendant and Novartis seek to seal: (1) constitute highly sensitive and confidential information relating to Defendant and Novartis's business practices; (2) disclosing this information may harm Defendant and Novartis's business and result in serious competitive injury; and (3) no less restrictive alternative is available;[3]

---

[3] The Court is satisfied that Defendant and Novartis have met their burden of establishing that the referenced materials warrant sealing.

Defendant represents that the Sanofi Material fall into two categories: (1) material relating to contract terms and pricing programs offered to its customers to be eligible to earn administrative fees, rebates, or discounts; and (2) Defendant's current and high-ranking

employees' individual contact information, including e-mail address and phone numbers. See Grau Decl., Dec. 29, 2014, D.E. 320-29. Defendant argues that because of the highly confidential nature of the material, public disclosure of the material would place Defendant at a competitive disadvantage, particularly for certain pediatric vaccines. See id. at ¶¶ 2, 4. For example, Defendant contends that should the information regarding its contract terms and pricing structures become publicly available to others, including its competitors, such as GlaxoSmithKline ("GSK"), it could allow its competitors to modify their offers in a way that causes competitive injury to Defendant. See id. In addition, Defendant asserts that if its employees' e-mail addresses and phone numbers become public, "anti-vaccine and animal rights activists" who have previously "harassed [Defendant's] employees" may "improper[ly] use . . . this information [and] impede [Defendant's] business operations." See id. at ¶ 5.

Given the highly sensitive nature of the material, Defendant has a legitimate interest in sealing the material. Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 166 (3d Cir. 1993) (recognizing that documents containing trade secrets or other confidential business information may be protected from public disclosure). The documents at issue contain proprietary information concerning Defendant's business costs and competitive positions. Permitting public access to these materials compromises Defendant's business by allowing its competitors to access this confidential business information. Such a risk outweighs the public's right to access. See Republic of Phil. v. Westinghouse Elec. Corp., 949 F.2d 653, 663 (3d Cir. 1991) (recognizing that the potential effects of disclosing confidential business information that may harm a party's competitive standing can justify sealing). Sealing this material would thus protect Defendant against the harm that could result from public disclosure.

The Court also finds that redacting limited portions of Plaintiffs' motion for class certification, and certain exhibits attached to Mr. Pearlman's Declaration, is the least restrictive alternative available. Plaintiffs argue that because the "necessary redactions are so extensive," filing such a redacted document "would be unintelligible" and thus, the exhibits should be "sealed in its entirety." See Joint Mot., at 2, Dec. 15, 2015, D.E. 308-1. However, Defendant is in the best position to determine what, if any, redactions would appropriately protect its confidential information. Because Defendant has determined that redactions are feasible here, the Court concludes that redacting the allegedly sensitive information would not make the documents "unintelligible"; rather, redacting is the least restrictive option available. Accordingly, the Court is satisfied that sealing portions of Plaintiffs' motion for class certification, and certain exhibits that contain Defendant's confidential information is warranted.

Similarly, Novartis represents that the Novartis Material falls into the following categories: (1) Novartis's internal pricing strategies and plans; (2) Novartis's internal cost information; and (3) the contents of confidential Novartis documents regarding this and similar topics. See Conroy Decl., at ¶ 5, Dec. 29, 2014, D.E. 319. Novartis argues that should the Novartis Material become available to the public and/or its competitors, it will be placed at a "significant competitive disadvantage". See id. at ¶ 4. Novartis further contends that the Court has previously found that it would suffer significant competitive injury from the disclosure of this type of information. See Order, Oct. 29, 2013, D.E. 258; see also Order, Dec. 30, 2013, D.E. 274.

and for good cause shown;

**IT IS on this 2nd day of July, 2015,**

**ORDERED** that the parties' joint motion to seal [D.E. 308] is **GRANTED** in part as follows:

1. The specific portions of confidential information referenced in Paragraph 2 of Wanda L. Ellert, Esq.'s Certification [D.E. 320] in support of the joint motion to seal, and Paragraph 2 of Rebekah R. Conroy, Esq.'s Declaration [D.E. 319] in support of the joint motion to seal shall be sealed.

2. The Sanofi Material and the Novartis Material shall remain under seal.

3. Plaintiffs shall file an unsealed and public version of the Sanofi Material and Novartis Material, redacted consistent with this Order.

4. Plaintiffs shall file a publicly available version of Exhibits 8-9, 13-15, 22, 31-33, and 35 [D.E. 310] to the Declaration of Peter S. Pearlman, Esq. in support of Plaintiffs' motion for class certification [D.E. 309], on or before **July 14, 2015**.

*s/ Michael A. Hammer*_____
**UNITED STATES MAGISTRATE JUDGE**

---

The Court finds that Novartis has a legitimate interest in sealing the material because it is highly sensitive. See Leucadia, 998 F.2d at 166. Specifically, the Novartis Material contains proprietary information concerning Novartis's competitive positions. Thus, allowing public access to such material would compromise Novartis's business. Because such a risk outweighs the public's right to access, sealing this material would appropriately protect Novartis against the harm that could result from public disclosure. In addition, the Court finds that redacting portions of Plaintiffs' motion for class certification that contain confidential Novartis information, is the least restrictive alternative available. Accordingly, the Court is satisfied that sealing the Novartis Material is warranted.