

# COHN LIFLAND PEARLMAN
# HERRMANN & KNOPF LLP

COUNSELLORS AT LAW



PARK 80 WEST - PLAZA ONE, 250 PEHLE AVE., SUITE 401, SADDLE BROOK, NJ 07663
201-845-9600 • FAX 201-845-9423 • clphk@njlawfirm.com • www.njlawfirm.com

PETER S. PEARLMAN, ESQ.  Email: psp@njlawfirm.com
Direct Dial: 551-497-7131/Cell Phone: 201-709-0597

September 3, 2015

**VIA ECF**
The Honorable Madeline Cox Arleo, USDJ
United States District Court for the
M.L. King, Jr. Federal Building
 & Courthouse
50 Walnut Street
Newark, NJ 07102

Re: *Castro v. Sanofi Pasteur Inc.*, No. 11-cv-07178-MCA-MAH (D.N.J.)

Dear Judge Arleo:

I write on behalf of Plaintiffs in the above-referenced matter to invite the Court's attention to the recent Third Circuit's opinion in *Reyes v. Netdeposit, LLC*, No. 14-1228 (3d Cir. Sept. 2, 2015) as supplemental authority addressing the standards for determining class certification. For the Court's convenience a copy of the opinion is attached as Exhibit A.

Plaintiffs respectfully suggest that the following holdings in the *Reyes* opinion are relevant to the Court's determination of the pending class certification motion (ECF 309 & 310):

- "While a district court must consider how the evidence will be used at trial, [] the plaintiff's burden is not proof beyond 'any doubt' as the District Court required, but whether the claims are supported by a preponderance of the evidence." (p. 22) (citations omitted);

- "'the Rules and our case law have consistently made clear that plaintiffs need not actually establish the validity of claims at the certification stage.'" (p. 22) (citations omitted);

- "it is important for the District Court to remember that an inability to calculate damages on a classwide basis will not, on its own, bar certification." (p. 23);

- The commonality element is established where proving defendant's scheme "will resolve an issue that is central to the validity of each one of the claims in one stroke" (p. 25; *see also* general discussion of commonality element at pp. 24-27);

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

September 3, 2015
Page 2

- "class actions have the practical effect of allowing plaintiffs who have suffered relatively *de minimis* loss to nevertheless function as private attorneys general and thereby deter fraud in the marketplace." (p. 33);

- "The law does not permit a district court to only consider and analyze the 'most significant evidence[.]' [] Rather, the trial court must consider '*all* relevant evidence and arguments, including relevant expert testimony of the parties [unless there is a reason to reject certain testimony].'" (p. 34) (citations omitted); and

- Courts must consider all the evidence and not treat fact witnesses as expert witnesses (p. 40)

Plaintiffs respectfully request to supplement the authorities submitted in support of their motion for class certification with this subsequently decided opinion.

Respectfully submitted,

| | |
|---|---|
| **Cohn Lifland Pearlman Herrmann & Knopf LLP** | **Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.** |
| By: */s/ Peter S. Pearlman* | By: */s/ James E. Cecchi* |
| Peter S. Pearlman | James E. Cecchi |
| Park 80 West – Plaza One | 5 Becker Farm Road |
| 250 Pehle Avenue, Suite 401 | Roseland, NJ 07068 |
| Saddle Brook, NJ 07663 | (973) 994-1700 |
| (201) 845-9600 | jcecchi@carellabyrne.com |
| psp@njlawfirm.com | |

*Liaison Counsel for Plaintiffs and the Proposed Class*