# COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

COUNSELLORS AT LAW



PARK 80 WEST - PLAZA ONE, 250 PEHLE AVE., SUITE 401, SADDLE BROOK, NJ 07663
201-845-9600 • FAX 201-845-9423 • clphk@njlawfirm.com • www.njlawfirm.com

PETER S. PEARLMAN, ESQ.  Email: psp@njlawfirm.com
Direct Dial: 551-497-7131/Cell Phone: 201-709-0597

September 3, 2015

**VIA ECF**
The Honorable Madeline Cox Arleo, USDJ
United States District Court for the
M.L. King, Jr. Federal Building
  & Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   *Castro v. Sanofi Pasteur Inc.*, No. 11-cv-07178-MCA-MAH (D.N.J.)

Dear Judge Arleo:

We write on behalf of Plaintiffs in the above-referenced matter in response to Sanofi's letter of yesterday (ECF No. 402), objecting to a number of Plaintiffs' exhibits for the *Daubert* hearing scheduled to begin on September 9, 2015. Sanofi's objections are improper, premature, and invalid. While we will not address each of the objections separately—as we do not wish to further impose unnecessarily on the Court—Plaintiffs note that, time permitting, we plan on using all of our disclosed exhibits to address issues raised by Sanofi's *Daubert* motion.

Significantly, Sanofi's motion challenges Prof. Einer Elhauge's findings that Sanofi's bundling divided the meningitis vaccine market, which impaired competition between Sanofi and Novartis, and thereby artificially inflated vaccine prices to the entire proposed Class. Sanofi has asked the Court not to admit the vast bulk of Prof. Elhauge's testimony for purposes of the pending class certification motion. Sanofi's motion puts squarely at issue Sanofi's bundling and its adverse effects on competition in the relevant market. The objected-to documents describe the bundle at issue, show how the bundle operated and was enforced, and thereby help explain Prof. Elhauge's opinions about the bundle's adverse effects on competition. The documents include, for instance, internal contemporaneous Sanofi and Novartis business records, reflecting each company's executives' recognition that Sanofi's bundle divided the market, harmed competition, and inflated prices to both sides of the market *just as Prof. Elhauge has found*. In other words, these and other documents confirm much of the foundation of the very opinions Sanofi challenges in its motion. They are the types of documents that economists typically rely upon, and relate directly to the reliability of Prof. Elhauge's opinions. They demonstrate that, contrary to Sanofi's repeated assertions, Prof. Elhauge's opinions are grounded in real world evidence from the very market at issue in the case. They are therefore highly relevant to the upcoming hearing. Sanofi's desire not to have to confront this evidence is not a good reason to exclude it. Sanofi's motion is also perplexing because Sanofi's own exhibits include many of the exact same types of documents.

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

September 3, 2015
Page 2

      On a related issue, as the Court is aware, Plaintiffs have a pending motion to strike a number of the materials that Sanofi relies on in support of its *Daubert* motion (ECF No. 344), and which Sanofi has identified in its list of exhibits for the hearing. Plaintiffs intend to raise these objections, unless the Court wishes to handle the matter prior to the upcoming hearing or in some other fashion.

      Finally, Plaintiffs object to the following Sanofi exhibits because each is either a portion of a Sanofi or Novartis document or a compilation of multiple partial Sanofi or Novartis documents pasted together (Sanofi refers to these as "composite" documents). For example, some of Sanofi's composite documents contain pages from dozens of individual documents (*see*, *e.g.*, DX 25 (twenty two documents); DX 27 (seventy documents); DX 48 (twelve documents). All of these proposed Sanofi exhibits are taken out of context of the entire document or documents. Each should be produced and made a part of the record in its entirety as a matter of fairness to the witnesses, Plaintiffs, and the Court. These documents include: DX 1, 2, 7, 9, 10, 24, 25, 27, 40, 43, 44, 45, 46, 48, and 138.

Respectfully submitted,

| | |
|---|---|
| **Cohn Lifland Pearlman Herrmann & Knopf LLP** | **Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.** |
| By: */s/ Peter S. Pearlman* | By: */s/ James E. Cecchi* |
| Peter S. Pearlman | James E. Cecchi |
| Park 80 West – Plaza One | 5 Becker Farm Road |
| 250 Pehle Avenue, Suite 401 | Roseland, NJ 07068 |
| Saddle Brook, NJ 07663 | (973) 994-1700 |
| (201) 845-9600 | jcecchi@carellabyrne.com |
| psp@njlawfirm.com | |

*Liaison Counsel for Plaintiffs and the Proposed Class*