# BROWN MOSKOWITZ & KALLEN
A PROFESSIONAL CORPORATION

180 River Road • Summit, NJ  07901
(973) 376-0909 • fax: (973) 376-0903

711 Third Avenue, Suite 1803 • New York, New York 10017
(646) 487-9630

www.bmk-law.com

*Rebekah R. Conroy*　　　　　　　　　　　　　　　　　　　　　　　　E-mail: rconroy@bmk-law.com
*Partner*

September 4, 2015

**Via ECF**
Honorable Madeline Cox Arleo, U.S.D.J.
Martin Luther King, Jr. Federal Building & U.S. Courthouse
U.S. District Court for the District of New Jersey
50 Walnut Street, Courtroom 3C
Newark, New Jersey 07101

　　　Re:　Castro v. Sanofi Pasteur Inc.
　　　　　　Action No. 2:11-cv-07178 (MCA) (MAH)

Dear Judge Arleo:

We represent third party Novartis Vaccines & Diagnostics, Inc. ("Novartis") in the above-captioned matter, and write on behalf of Novartis and third party GlaxoSmithKline LLC ("GSK") (collectively the "Third Parties").[1]  As the Court is aware, a *Daubert* hearing is scheduled in this matter for September 9-11, 2015.  Dkt. No. 380.  Based on the information provided by the parties and our conversations with the parties' counsel, it appears that confidential Third Party information may be discussed at this hearing, including information which Magistrate Judge Hammer has previously sealed.  *See, e.g.*, Amended Omnibus Order Sealing a Portion of the Record (July 22, 2015), Dkt. No. 383.  We write to inform the Court that one or more of the Third Parties may therefore need to move to seal some portion of the proceedings in order to protect the confidentiality of certain highly-sensitive documents.[2]

---

[1] Earlier this year GSK acquired certain of Novartis's vaccine assets, not including Novartis's flu vaccine line of business which has now been acquired by a separate third party.

[2] Courts do not hesitate to close courtrooms temporarily during hearings to preserve the confidentiality of sensitive business information.  *See Warner Chilcott Co., LLC v. Mylan Inc.*, 2015 WL 918635, at *1 (D.N.J. Mar. 3, 2015) ("Court granted multiple requests by the parties to close the courtroom to the public when certain [confidential] information was discussed" at trial); *Pfizer, Inc. v. Teva Pharm. USA, Inc*., 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) (parties should request courtroom be sealed prior to hearing rather than seek to redact information from transcript after the fact); *Standard & Poor's Corp. v. Commodity Exchange, Inc*., 541 F. Supp. 1273, 1278 (S.D.N.Y. 1982) (courtroom properly closed to the public temporarily during testimony regarding confidential business procedures).

Honorable Madeline Cox Arleo, U.S.D.J
September 4, 2015
Page 2

In making any request for sealing here, the Third Parties recognize that the sensitivity of much of the information produced in this matter has been reduced, though not eliminated, by the passage of time. For that reason, the Third Parties do not plan to request the sealing of otherwise-confidential information regarding general pricing, marketing, sales, or other competitive strategies, or, indeed, most other topics that are likely to make up the majority of the parties' presentations. Instead, the Third Parties seek only to protect a small amount of highly-sensitive information obtained by subpoena in this matter, the disclosure of which would cause concrete and significant competitive injury to one or more of the Third Parties.[3] At present we see two such categories of information, representing portions of approximately 22 exhibits, out of the hundreds of exhibits identified by the parties, and approximately 23 pages of Plaintiffs' and Sanofi's expert reports:

- ***Detailed Cost Information.*** The Third Parties would suffer significant competitive injury through the disclosure of production costs and costs of goods sold in the United States and abroad regarding Menveo.[4] If a competitor were privy to this cost information, it could design a pricing strategy to undercut the Third Parties in connection with their respective ongoing businesses. Customers likewise could use such data to gain an advantage over the Third Parties in any negotiations. Courts have recognized the harm associated with publicly disclosing this type of information. *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, 2007 WL 2085350, at *5-6, *8 (D.N.J. July 18, 2007) (sealing costs of goods and profits information); *Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*, 2015 WL 1279721, at *17 (N.D. Ind. Mar. 20, 2015) (sealing non-public financial and business information); *Reassure Am. Life. Ins. Co. v. Isermann*, 2008 WL 168666, at *1 (E.D. Wisc. Jan. 17, 2008) (same).

- ***Specific Customer Strategies and Relationships.*** The Third Parties would also suffer a significant competitive injury through the disclosure of a handful of documents regarding specific customer relationships and negotiation strategies with such customers.[5] The disclosure of this specific information would offer competitors a substantial competitive advantage in any future competition with any of the Third Parties for those customers. Each of the Third Parties would moreover be substantially disadvantaged if the customers themselves learned the negotiating strategies at issue. Moreover, customers themselves may suffer injury from the disclosure of information provided to the Third Parties in confidence.

---

[3] If necessary, the Third Parties will prepare and submit declarations regarding the injury that they would suffer as a result of the disclosure of this confidential information.

[4] This information appears in at least the following exhibits previously sealed by Magistrate Judge Hammer: Decl. of Wanda L. Ellert (Feb. 13, 2015), Dkt. No. 333 ("Ellert Decl."), Exs. 25, 27, 61-62, 65, 74, 116; Exp. Rep. of Einer Elhauge at 158 (Mar. 17, 2014), Dkt. No. 392-1, -2; Reb. Exp. Rep. of Einer Elhauge at 150-51 (July 16, 2014), Dkt. No. 392-3, -4; Supp. Exp. Rep. of Einer Elhauge at 16-26 (Oct. 31, 2014), Dkt. No. 392-5; Exp. Rep. of David Kaplan at 106 (May 27, 2014), Dkt. No. 392-7; Reb. Rep. of David Kaplan at 3-5, 8 (Sept. 30, 2014), Dkt. No. 392-8; Sur-Reply Rep. of David Kaplan at 3-4, 8-9 (Dec. 22, 2014), Dkt. No. 392-9.

[5] This information appears in at least the following exhibits previously sealed by Magistrate Judge Hammer: Ellert Decl. Exs. 11, 13, 15, 17-21, 23, 25, 27, 30, 33, 35, and 73-74. Additionally Sanofi has indicated that it may rely on the following Third Party documents containing such information, which it has subsequently identified as exhibits: NVD-0410731, NVD-0960508, NVD-1029490, NVD-1082616.

Honorable Madeline Cox Arleo, U.S.D.J
September 4, 2015
Page 3

Courts have recognized the harms associated with publicly disclosing this type of information. *Bracco Diagnostics*, 2007 WL 2085350, at *6 (sealing information related to specific customers); *Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, 2013 WL 2452703, at *1-2 (E.D. Wisc. June 5, 2013) (sealing information regarding customer relationships, purchase history, sales and pricing, and marketing and competitive strategies).

We therefore anticipate that one or more of the Third Parties will request sealing of any portion of the hearing that discusses the above information. We are not aware of any current procedure in this matter for addressing such confidentiality concerns at hearings. *See* Discovery Confidentiality Order at IV.E, August 10, 2012, Dkt. No. 109 (procedure for addressing confidential information at hearings "will be determined at a later date by the Court, in consultation with the parties if necessary"). The Third Parties therefore stand ready to follow any procedure the Court may adopt. Additionally, given the confidentiality concerns present here, Novartis and GSK counsel plan to attend the hearing for the sole purpose of protecting the confidentiality of this information, and would be glad to discuss any procedure at that time. Alternatively, if a call to discuss such procedures in advance of the hearing would be useful to the Court, the Third Parties would welcome the opportunity to discuss these issues at the Court's convenience.[6]

                                            Respectfully submitted,

                                            _____/s/_____
                                            Rebekah R. Conroy

cc:     All counsel (via ECF)
        Leslie E. John, Esq. (via email)

---

[6] Sanofi has taken the position that sealing Third Party information is unnecessary, and therefore has indicated that it will oppose any such request. This is apparently in part because Sanofi no longer seeks confidentiality protection over its own information. While waiving its own confidentiality is of course Sanofi's choice to make in light of its own commercial risks and the content of its own production, the Third Parties should not be forced to suffer the concrete competitive injury described above – particularly in a case to which they are not parties – simply because Sanofi believes that its own information can be disclosed.