UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A.; SUGARTOWN PEDIATRICS, LLC; and MARQUEZ and BENGOCHEA, M.D., P.A., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI PASTEUR INC.,<br><br>Defendant. | Civil Action No. 11-7178(JMV)(MAH)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT, APPROVAL OF THE PROPOSED MANNER AND FORM OF NOTICE, AND APPOINTMENT OF ESCROW AGENT AND SETTLEMENT ADMINISTRATOR** |

WHEREAS, this matter having come before the Court by way of Plaintiffs' Motion for Preliminary Approval of the Proposed Settlement, Approval of the Proposed Manner and Form of Notice, and Appointment of Escrow Agent and Settlement Administrator;

WHEREAS, on or about September 30, 2015, the Court certified the following "Class":

All persons or entities in the United States and its territories that purchase Menactra directly from defendant Sanofi Pasteur Inc. ("Sanofi") or any of its divisions, subsidiaries, predecessors or affiliates, such as VaxServe, Inc., during the period from March 1, 2010 through such time as the effects of Sanofi's illegal conduct have ceased ("Class Period"), and excluding all governmental entities, Sanofi, Sanofi's divisions, subsidiaries, predecessors, and affiliates Kaiser Permanente and the Kaiser Foundation (collectively "Kaiser"), and any purchases by entities buying Menactra pursuant to a publicly-negotiated price (*i.e.*, governmental purchasers).

WHEREAS, on October 11, 2016, this Court amended the Class definition to close the Class Period on December 31, 2014. ECF No. 415 at 2.

WHEREAS, on December 27, 2016, Plaintiffs and Defendant Sanofi Pasteur Inc. ("Sanofi") entered into a Settlement Agreement, which, if finally approved by the Court, will result in a settlement of all claims in the above-captioned action (the "Action");

WHEREAS, in full and final settlement of the claims asserted against it in this Action, Sanofi has agreed to pay $61,500,000 (the "Settlement Fund");

WHEREAS, Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the settlement of the Action and the Action's dismissal;

WHEREAS, Plaintiffs have further moved for this Court's approval of the manner and form of settlement notice to the certified Class, appointment of Huntington National Bank as Escrow Agent, appointment of Rust Consulting, Inc. as Settlement Administrator, a briefing schedule for (1) Final Settlement Approval and Proposed Plan of Distribution, and (2) Class Counsel's Application for Attorneys' Fees, Expenses, and Class Representative Service Awards, and for the establishment of a schedule for final settlement approval and Fairness Hearing;

WHEREAS, the Plaintiffs and Sanofi have agreed to the entry of this Order (the "Order");

WHEREAS, the Court has considered the Settlement Agreement and the other documents submitted by the parties in connection with Plaintiffs' motion, and good cause appearing therefor;

IT IS THIS 24th day of April [~~February~~], 2017

ORDERED as follows:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

I.  **PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT AND APPOINTMENTS OF HUNTINGTON NATIONAL BANK AS ESCROW AGENT AND RUST CONSULTING, INC. AS SETTLEMENT ADMINISTRATOR ARE GRANTED.**

2. Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. Therefore, the Settlement Agreement is hereby PRELIMINARILY APPROVED, subject to further consideration thereof at the Fairness Hearing as described below. The Court preliminarily finds that the settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that it satisfies the requirements under Rule 23 of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should issue as provided in this Order.

3. The Court GRANTS the appointment of Huntington National Bank as Escrow Agent.

4. The Court GRANTS the appointment of Rust Consulting, Inc. as Settlement Administrator.

5. At or after the Fairness Hearing, the Court shall determine whether the Settlement Agreement, any application for a service award, and any application for attorneys' fees and/or expenses by Class Counsel warrant final approval.

II. **THE MANNER AND FORM OF SETTLEMENT NOTICE TO THE CLASS IS APPROVED.**

6. The Court finds the proposed form of Notice to Class Members of the proposed Settlement ("Settlement Notice"), the proposed summary form of notice ("Summary Notice"), and the proposed methods of dissemination thereof (direct first class mail of the Settlement Notice to Class members, publication once of the Summary Notice in *Pediatrics*, a medical journal, and posting of the Notice and Summary Notice on the litigation-specific website

established by the Settlement Administrator) satisfy the requirements under Rule 23 of the Federal Rules of Civil Procedure and due process, and therefore are APPROVED.

7. The Settlement Administrator shall cause the long form notice* to be disseminated no later than [30] days following the date of this Order via first class mail to the last known address of each person or entity in the Class.

8. The Settlement Administrator shall cause the short form notice to be published once in the medical journal *Pediatrics* no later than [30] days following the date of this Order.

9. The Settlement Administrator shall post the Notice and Summary Notice on a litigation-specific website and establish a litigation-specific toll-free telephone number.

10. The Settlement Administrator shall establish a post office box where Class members can send objections to the settlement or requests for exclusion or other correspondence relating to the Class Notice.

### III. THE SCHEDULE AND PROCEDURE FOR EXCLUSIONS AND OBJECTIONS ARE APPROVED

11. The deadline for seeking exclusion from the Class or objecting shall be [75] days from the date of this Order.

12. To request exclusion, a Class member shall mail a written letter to the following address: Menactra Antitrust Litigation Settlement, c/o Rust Consulting, Inc. 5203, P.O. Box 2563, Faribault, MN 55021-9563. The written letter shall state that the Class member wants to be excluded from the class in *Castro, et al. v. Sanofi Pasteur Inc.,* No. 11-7178 (D.N.J.), and include the Class member's name, address, telephone number and authorized signature.

13. The Settlement Administrator shall keep track of any and all requests for exclusion.

\* The Court approves the revised long form notice that was submitted 4/21/2017 at D.E. 511-1.

14. On or before [90] days following date of this Order, Co-Lead Class Counsel shall file a Notice with the Court: (a) identifying those persons or entities requesting exclusion from the Class, if any; and (b) informing the Court about the status and execution of the notice program as Ordered herein.

15. Class members who wish to object or otherwise be heard with respect to the proposed Settlement, and to appear in person at the Fairness Hearing, must first send a Notice of Intention to Appear with the case caption, *Castro, et al. v. Sanofi Pasteur Inc.*, No. 11-7178 (D.N.J.), proof of membership in the Class, and the specific grounds for the objection and any reasons why such person desires to appear and be heard, as well as all such documents or writings that such person desires the Court to consider. Such written objection shall be filed with the Court and mailed to Co-Lead Class Counsel Eric L. Cramer, Berger & Montague, P.C., 1622 Locust Street Philadelphia, PA 19103 and Sanofi's Counsel Colin R. Kass, Proskauer Rose, 1001 Pennsylvania Ave., N.W. Washington D.C. 20004 within [75] days of entry of this Order.

## IV. THE FINAL APPROVAL SCHEDULE AND FAIRNESS HEARING DATE

16. All briefs and materials in support of the fee and expense petition by Co-Lead Class Counsel, and any application for service awards for the named Plaintiffs, shall be filed with the Court no later than [60] days of entry of this Order. The petition and application described in this paragraph shall promptly be posted on the litigation-specific website established by the Settlement Administrator, and shall be considered as separate and apart from consideration of fairness, reasonableness, and adequacy of the Settlement.

17. All briefs and materials in support of final settlement approval shall be filed with the Court no later than [100] days of entry of this Order, including any responses to any Class member objections by Plaintiffs or Sanofi.

18.  A hearing on final approval of the Settlement (the "Fairness Hearing") shall be held before this Court on __October 3__, 2017 at __10:00 a.m.__, in the courtroom assigned to the Honorable John Michael Vazquez, U.S.D.J., at the United States District Court for the District of New Jersey, United States Post Office and Courthouse Building, Newark, NJ 07101. At the Fairness Hearing, the Court will, among other things, consider:

   a. the fairness, reasonableness and adequacy of the settlement and whether the settlement should be finally approved and consummated according to its terms;

   b. whether the Court should approve the proposed plan of allocation for distribution of the Net Settlement Fund (i.e., net of any Court awarded fees, expenses, service awards, and administrative costs) to Class members;

   c. whether the Notice constitutes due, adequate, and sufficient notice of the Settlement meeting the requirements of due process and the Federal Rules of Civil Procedure;

   d. whether the Action shall be dismissed with prejudice as to Sanofi without costs;

   e. whether the Releases of any and all Released Claims with respect to the Released Parties shall be deemed effective as of the Effective Date;

   f. whether the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party;

   g. whether rulings, orders, and judgments in this Action shall have any res judicata, collateral, or offensive collateral, estoppel effect with respect to any non-released claim;

   h. whether the Court retains exclusive jurisdiction over the Settlement, including its administration and consummation;

    i. whether, under Federal Rule 54(b), there is any just reason for delay and whether an order of dismissal as to Sanofi shall be final and entered forthwith.

19. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting conspicuous notice on the litigation-specific website established by the Settlement Administrator.

20. All other proceedings in the Action shall be stayed pending the Fairness Hearing.

21. In the event that Settlement does not become final, then, subject to approval of the Court, litigation of the Action will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

22. If the Court does not grant final approval of the Settlement or the Settlement is terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.

23. Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of, or, an admission or concession by Sanofi as to the validity of any claim that has been or could have been asserted against Sanofi or as to any liability by Sanofi as to any matter set forth in this Order, nor shall the Settlement Agreement be used or referred to in any subsequent motion for class certification made by any party to this Action.

_____
Hon. John Michael Vazquez
UNITED STATES DISTRICT JUDGE