UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A.; SUGARTOWN PEDIATRICS, LLC; and MARQUEZ and BENGOCHEA, M.D., P.A., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SANOFI PASTEUR INC., <br><br> Defendant. | Civil Action No. 2:11-cv-07178-JMV-MAH |

## [~~PROPOSED~~] ORDER
### FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENT OF SERVICE AWARDS TO THE CLASS REPRESENTATIVES

WHEREAS, this matter comes before the Court on Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Service Awards to the Class Representatives;

WHEREAS, the Court, having considered: (a) the Settlement Agreement, dated December 27, 2016; (b) the Court's April 24, 2017 Preliminary Approval Order (ECF 512); (c) Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Service Awards to the Class Representatives and supporting documents; (d) Plaintiffs' Memorandum of Law in Support of its Motion for Final Approval of the Settlement and supporting documents; and (e) the Declaration of Co-Lead Counsel Eric L. Cramer, Esq. in Support of (1) Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Service Awards to the Class Representatives, and (2) Motion for Final Approval of Settlement, and related exhibits;

1

WHEREAS, the Court held a Fairness Hearing on October 3, 2017;

WHEREAS, the Court having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed,* and good cause appearing therefore;

IT IS HEREBY ORDERED AS FOLLOWS:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

2. The Court has entered a separate order finally approving the Settlement Agreement, finding, among other things, that the Settlement was the result of extensive *bona fide* arm's-length good faith negotiations, is in all respects fair, reasonable, and adequate, is in the best interest of the certified Class, is within a range that responsible and experienced attorneys could accept considering all relevant risks and factors, and is in full compliance with all applicable requirement of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

3. Class Counsel have moved for an award of attorneys' fees plus accrued interest, reimbursement of litigation expenses, and payment of service awards from the Aggregate Settlement Fund ($61,500,000). Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) and *In re Prudential Ins. Co. of Am. Sales Prac. Litig.*, 148 F.3d 283, 340 (3d Cir. 1998), this Court makes the following findings of fact and conclusions of law:

* AND for the Reasons set forth in the accompanying OPINION.

2

a) the Settlement confers an immediate monetary benefit to the Class of $61,500,000 that is substantial, both in absolute terms, and when assessed in light of the risks of establishing liability and damages in this case;

b) the Settlement also contains valuable relief in the form of release of Sanofi's Counterclaim against the Class Representatives and members of the certified Class;

c) the Settlement achieves for the Class a value higher than the most closely analogous healthcare related antitrust bundling cases;

d) Class members were advised of Class Counsel's intention to seek attorneys' fees of one-third of the cash value of the Settlement Fund, reimbursement of litigation expenses, and service awards of up to $100,000 for each of the Class Representatives (Adriana M. Castro, M.D., P.A., Sugartown Pediatrics, LLC, and Marquez and Bengochea, M.D., P.A.) in the Long Form Notice, approved by this Court and mailed by the Settlement Administrator to Class members on May 17, 2017. Additionally, Class members were informed about the fee, costs, and service award requests through the Court-approved Publication Notice, which was published in an issue of AAP News, published by the American Academy of Pediatrics, and which publication directed Class members to the settlement website (www.MenactraAntitrustLitigationSettlement.com) established by the Settlement Administrator. The settlement website contains copies of, *inter alia*, the Settlement Agreement and the Long Form Notice, both of which notify Class members of the fee, costs and service award requests.

e) Class Counsel filed a motion for an award of attorneys' fees in the amount of one third of the Aggregate Settlement Fund (*i.e.*, an award of $20,500,000) plus interest earned on that amount since the Aggregate Settlement Fund was created, reimbursement of reasonable costs and expenses incurred in the prosecution of this action of $7,199,310.00, and payment of

3

service awards totaling $300,000 ($100,000 to each of three Class Representatives). Plaintiffs' motion papers have been publicly available since June 23, 2017 on the docket of this action and on the settlement website;

 f) no objections were received to the Settlement, to the requested fee award, or to the requested reimbursement of expenses, and less than 0.1% of Class members have opted out of the Settlement;

 g) Three large sophisticated Class members (the "National Wholesalers"), who collectively constitute approximately 30% of Class sales, have each submitted letters to the Court explicitly supporting the Settlement, Class Counsel's fee and expense request, and the sought service awards for the Class Representatives;

 h) the letters from the National Wholesalers, who are sophisticated Fortune 100 companies, are an indication that the fee sought in this matter is akin to what would have been privately negotiated outside the context of Rule 23;

 i) Class Counsel have effectively and efficiently prosecuted this difficult and complex action, which was vigorously litigated by both sides, on behalf of the members of the Class for more than five and a half years, with no guarantee they would be compensated for their time or reimbursed for their out-of-pocket costs;

 j) Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

 k) Class Counsel have reasonably spent more than 43,200 hours prosecuting this complex, contingent antitrust litigation over the past five and a half years, resulting in a total lodestar of $22,086,998.45 (using historical rates), and reasonably incurred $7,199,310.00 in out-

of-pocket expenses (including substantial expert expenses), in prosecuting this action, with no guarantee of recovery;

l) the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy, development of an innovative theory of liability, and vigorous prosecution of this action;

m) the Settlement was reached following five years of litigation, and extensive negotiations held in good-faith and in the absence of collusion;

n) the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions in this Circuit (*see, e.g.*, *In re Rite Aid Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005));

o) fee awards of one-third of the settlement amount are commonly awarded in this Circuit in analogous cases;

p) as detailed in Class Counsel's declarations, a fee of one-third of the Aggregate Settlement Fund would be less than Class Counsel's total lodestar (at historic rates) and thus result in a multiplier of less than 1, and therefore provide no risk premium whatsoever;

q) in light of the factors and findings described above, the fee award is within the applicable range of reasonable percentage of the fund awards; and

r) the requested fee award is consistent with fee awards in comparable antitrust class action cases.

4. Accordingly, Class Counsel are hereby awarded attorneys' fees to be paid from the Aggregate Settlement Fund in the amount of $20,500,000 plus interest in an amount equal to the interest earned on $20,500,000 since the Aggregate Settlement Fund was created. The Court finds this award to be fair and reasonable.

5. Further, Class Counsel are hereby awarded an additional $7,199,310.00 out of the Aggregate Settlement Fund to reimburse them for the expenses they incurred in the prosecution of this complex lawsuit, which expenses the Court finds to be fairly and reasonably incurred to achieve the benefits to the Class obtained in the Settlement.

6. The awarded fees and expenses shall be paid to Class Counsel from the Aggregate Settlement Fund in accordance with the terms of the Settlement Agreement.

7. Plaintiffs' Co-Lead Counsel[1] shall allocate the fees and expenses among all of Class Counsel in a manner that Plaintiffs' Co-Lead Counsel in good faith believes reflects the contributions of each firm working for Plaintiffs and the Class in the prosecution and settlement of the claims against Defendant in this action.

8. Plaintiffs have requested that the Court approve Class Representatives receiving service awards from the Aggregate Settlement Fund of $100,000 for Adriana M. Castro, M.D., P.A., $100,000 for Sugartown Pediatrics, LLC; and $100,000 for Marquez and Bengochea, M.D., P.A. This Court makes the following findings of fact and conclusions of law regarding each of the Class Representatives' service to the Class in this litigation:

a) <u>Adriana M. Castro, M.D., P.A.</u>: (a) through its owner, Dr. Adriana M. Castro, was one of the driving forces behind this lawsuit being filed and prosecuted; (b) submitted Dr. Castro to deposition requiring many hours of preparation and travel time; (c) dedicated hundreds of hours, mostly by Dr. Castro, to (i) assisting Class Counsel in the investigation and development of an initial complaint and the amended complaint, (ii) overseeing Class Counsel's prosecution of this litigation and settlement negotiations, (iii) responding to numerous documents requests, interrogatories, and requests for admission, and (iv) producing documents;

---

[1] Plaintiffs' Co-Lead Counsel are Berger & Montague, P.C. and Nussbaum Law Group, P.C.

      b) <u>Sugartown Pediatrics, LLC</u>: (a) through its owner, Dr. Louis Giangiulio, was one of the driving forces behind this lawsuit being prosecuted; (b) submitted Dr. Giangiulio to deposition requiring many hours of preparation and travel time; (c) dedicated hundreds of hours, mostly by Dr. Giangiulio to (i) investigation and development of the amended complaint; (ii) overseeing Class Counsel's prosecution of this litigation and settlement negotiations, (iii) responding to numerous documents requests, interrogatories, and requests for admission, and (iv) producing documents;

      c) <u>Marquez and Bengochea, M.D., P.A.</u>: (a) through its owners, Dr. Eysa Marquez-Brito and Dr. Jose Bengochea, was one of the driving forces behind this lawsuit being prosecuted; (b) submitted Dr. Marquez-Brito and Dr. Bengochea to deposition requiring many hours of preparation and travel time; (c) dedicated hundreds of hours, mostly by Dr. Marquez-Brito and Dr. Bengochea to (i) overseeing Class Counsel's prosecution of this litigation and settlement negotiations, (ii) responding to numerous documents requests, interrogatories, and requests for admission, and (iii) producing documents;

      d) in this Circuit, service awards may be paid to class representatives to reward efforts that benefit a class; and

      e) no objections were filed concerning the requested service awards and, in addition, large National Wholesaler Class members support the requested service awards.

9. In recognition of the above facts regarding the service of the Class Representatives to the Class, the Class Representatives are hereby awarded service awards in the following amounts as requested by Class Counsel: $100,000 for Adriana M. Castro, M.D., P.A., $100,000 for Sugartown Pediatrics, LLC; and $100,000 for Marquez and Bengochea, M.D., P.A. The Court finds these awards to be fair and reasonable. These awards are in addition to whatever

monetary amounts the Class Representatives may be receiving from the Aggregate Settlement Fund pursuant to the plan of distribution.

10. Without affecting the finality of this Order in any respect, this Court reserves jurisdiction over any matters related to or ancillary to this Order.

**IT IS HEREBY ORDERED.**

Dated: 10/10/2017

_____
The Honorable John Michael Vazquez
United States District Court Judge