UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIANA M. CASTRO, M.D., P.A.; SUGARTOWN PEDIATRICS, LLC; and MARQUEZ and BENGOCHEA, M.D., P.A., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SANOFI PASTEUR INC.,<br><br>Defendant. | Civil Action No. 11-7178(JMV)(MAH)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING PLAN OF DISTRIBUTION AND FINAL JUDGMENT AND ORDER OF DISMISSAL** |

WHEREAS, the Court, having considered the Joint Motion for Final Approval of Class Action Settlement, Final Judgment, and Order of Dismissal, and supporting materials including the Plan of Distribution of the Net Settlement Fund ("Plan of Distribution"), the Settlement Agreement, dated December 27, 2016 between and among the Parties (the "Settlement"), the July 24, 2017 Notice Concerning Exclusions and Notice Program, the Court's April 24, 2017 Order granting Preliminary Approval of the Proposed Settlement, Approval of the Proposed Manner and Form of Notice, and Appointment of Escrow Agent and Settlement Administrator (the "Preliminary Approval Order"), having held a Fairness Hearing on the 3rd day of October 2017, and having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed,* and good cause appearing therefore;

IT IS THIS 20th day of October, 2017

ORDERED AS FOLLOWS:

1.    This Order incorporates herein and makes a part hereof, the Settlement Agreement and its exhibits, and the Preliminary Approval Order. Unless otherwise provided

\* and for the reasons set forth in the accompanying Opinion.

herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and its accompanying Final Judgment.

2. The Court has jurisdiction over this action and all parties thereto, including, but not limited to, all Class members, for all matters relating to this action, the counterclaim, and the Settlement, including, without limitation, the administration, interpretation, effectuation, or enforcement of the Settlement and this Order.

## I. THE CLASS

3. On September 30, 2015, this Court entered an Opinion and Order, ECF 415 & 416, certifying a Class, appointing Berger & Montague, P.C. and Nussbaum Law Group, P.C. as Co-Lead Counsel, and appointing named plaintiffs Adriana M. Castro, M.D., P.A., Sugartown Pediatrics, LLC, and Marquez and Bengochea, M.D., P.A. as the Class Representatives. As amended by the Court's October 11, 2016 Opinion, ECF 475, the Class is defined as:

> All persons or entities in the United States and its territories that purchase Menactra directly from defendant Sanofi Pasteur Inc. ("Sanofi") or any of its divisions, subsidiaries, predecessors or affiliates, such as VaxServe, Inc., during the period from March 1, 2010 through and including December 31, 2014 ("Class Period") and excluding all governmental entities, Sanofi, Sanofi's divisions, subsidiaries, predecessors, and affiliates Kaiser Permanente and the Kaiser Foundation (collectively, "Kaiser"), and any purchases by entities buying Menactra pursuant to a publicly-negotiated price (*i.e.* governmental purchasers).

*See* Preliminary Approval Order at 1.

## II. CLASS NOTICE

4. The record shows, and the Court finds, that notice has been given to the Class in substantially the manner approved by the Court in its Preliminary Approval Order. The Court finds that such notice constitutes: (i) the best notice practicable to the Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the

Class of the pendency of the action and the terms of the Settlement, their right to exclude themselves from the Settlement or to object to any part thereof, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders, the Final Order, and the Final Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law.

5. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to Class members to participate in the Fairness Hearing, it is hereby determined that all Class members, except those opt-outs identified by Co-Lead Counsel, *see* ECF 514-1 at Ex. D, are bound by the terms of this Order.

6. The Court further finds that defendant Sanofi Pasteur Inc. ("Sanofi") provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715, and the requisite 90-day time period for said officials to comment on or object to the Settlement has passed.

### III. FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

7. The Court finds that the Settlement resulted from extensive *bona fide* arm's-length good faith negotiations between the Parties, through experienced counsel, and with the assistance of two separate mediators and the Court.

8. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby finally approves in all respects the Settlement and finds that it benefits the Class members. The Court further finds that the Plan of Distribution and all other parts of the Settlement and its administration, are in all respects, fair, reasonable, and adequate, and in the best interest of the

Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with its terms and provisions.

9.  The Court finds that the Settlement is fair, reasonable, and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and the additional factors set forth in *In re Prudential Ins. Co. of Mer. Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998), based on the following factors, among other things:

   a.  This case was highly complex, expensive, and time consuming and would have continued to be so through trial if the case had not settled;

   b.  There were no objections to the Settlement, and only limited opt-out requests comprising less than one tenth of one percent of Class members representing a miniscule amount of Class sales. Each of the Class Representatives and three of the largest, most sophisticated Class members, Cardinal Health, AmerisourceBergen, and McKesson, all expressed affirmative support for the Settlement;

   c.  Because the case settled after the close of fact and expert discovery, after the parties had briefed discovery, class certification, *Daubert* motions, and summary judgment motions, Class Counsel has had a full appreciation of the strengths and weaknesses of Plaintiffs' case while negotiating the Settlement;

   d.  The Class faced numerous and substantial risks in establishing liability and damages if, rather than settling, the litigation continued; and

    e.  The Settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the Parties faced if the case continued to verdicts as to both liability and damages.

## IV. THE PLAN OF DISTRIBUTION IS APPROVED

  10.  The Court approves the Plan of Distribution proposed by Co-Lead Counsel. The Plan of Distribution, consistent with the descriptions provided in the long form notice mailed first class directly to Class members and posted on a Settlement-specific website, proposes to distribute the Net Settlement Fund *pro rata*, based on the total Menactra purchase volume during the Class Period of each Class member who files a valid Claim Form ("Claimants") relative to the total Menactra purchases of all other Claimants who submit timely, valid Claim Forms. The proposed Plan of Distribution is fair, efficient, and often used, and is approved.

  11.  The Court directs Rust Consulting, Inc., the firm appointed Settlement Administrator in the Preliminary Approval Order, working with the economic consulting firm, Econ One, Inc., and Co-Lead Counsel, to administer the Settlement, determine the distribution amounts to Claimants, and distribute the Net Settlement Fund proceeds in the manner provided in the Plan of Distribution.

  12.  Rust, working in conjunction with Econ One and Co-Lead Counsel, shall distribute an individualized Claim Form to each Class member by first class mail within 45 days of the date of this Order granting final approval of the Settlement and Plan of Distribution (or if the 45th day lands on a weekend or holiday, the first business day thereafter). The submission of the Claim Form to the Settlement Administrator (with any necessary supporting documentation if the Claimant does not agree with information contained in its Claim Form) will be deemed timely if it is received by the Claims Administrator or postmarked within 90 days from the date of this Order (or if the 90th day lands on a weekend or holiday, the first business day thereafter).

At Co-Lead Counsel's discretion, this deadline may be extended another 30 days. Co-Lead Counsel may also seek further extensions of the deadline by order of the Court after any initial extension. Untimely Claims Forms may be subject to disallowance.

## V.  FINAL JUDGMENT AND ORDER OF DISMISSAL OF CLAIMS

IT IS HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 AS FOLLOWS:

13. Having found the Settlement to be fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23 as to Class members, and that due, adequate, and sufficient notice has been provided to all persons or entities entitled to receive notice satisfying the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law, the Settlement shall be consummated in accordance with its terms as set forth in the Settlement Agreement, incorporated herein by reference.

14. This Action is hereby dismissed with prejudice and without costs as to Plaintiffs, Class members, and Sanofi.

15. Plaintiffs' Released Claims[1] with respect to Sanofi Released Parties are hereby released, such release being effective as of the Effective Date.

16. Plaintiffs' Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Plaintiffs' Released Claims against any Sanofi Released Parties.

17. Sanofi's Released Claims with respect to the Plaintiffs' Released Parties are hereby released, such release being effective as of the Effective Date;

---

[1] Certain terms used herein are defined in the Settlement Agreement.

18. Sanofi Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Sanofi's Released Claims against any Plaintiffs' Released Parties;

19. With respect to any non-released claim, all rulings, orders, and judgments in this Action, including but not limited to the Court's orders with respect to Sanofi's counterclaim, shall not have any *res judicata*, collateral estoppel, or offensive collateral estoppel effect;

20. This Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement including its administration and consummation;

21. There being no just reason for delay, the Court directs Federal Rule of Civil Procedure 54(b) judgment of dismissal as to Plaintiffs, Class members, and Sanofi be final and entered forthwith.

JOHN MICHAEL VAZQUEZ, U.S.D.J.